PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Abraham.fine@usdoj.gov
    Molly.priedeman@usdoj.gov
    Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 25-CR-0003-YGR |
| Plaintiff, | DECLARATION OF AUSA NOAH STERN IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY FILTER PROCESS |
| v. | |
| SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, AND ANDY HUNG DUONG, | |
| Defendants. | |

I, Noah Stern, declare and state as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Northern District of California. I respectfully submit this Declaration in Support of the United States' Opposition to Defendant's Motion to Modify Filter Process.

2. In approximately August 2024, I was assigned to be the filter AUSA in the above-captioned case, taking over the role from AUSA Sailaja Paidipaty.[1] The prosecution team provided me

---

[1] Prior to my involvement, I understand that the filter team released some materials that had been

a memorandum setting forth a filter protocol for the review of devices, accounts, and records seized by the government through the execution of search warrants. The memorandum provided the filter team a number of search terms to run across the materials subject to the filter review—both general search terms to be run across all materials and specific search terms applicable to particular defendants and document populations. The search terms the filter team was provided are attached as Exhibit A to this declaration.

3.      The filter protocol called for the filter team to run applicable search terms across the materials subject to the filter. The filter team was instructed to release materials that did not hit on the search terms to the prosecution team. For materials that hit on search terms, the filter team was instructed to prioritize certain enumerated conversations, review these communications, redact any communications protected by the attorney-client privilege, and then release the text conversations to the prosecution team.

4.      With respect to the remainder of the materials that hit on search terms, the filter team was instructed to review these materials and pass along any material that was clearly not privileged to the prosecution team, while continuing to hold back any potentially privileged materials.

5.      The filter team protocol also noted that certain hard copy materials had been seized and instructed the filter team to manually review these materials, redact any potentially privileged materials, and release non-privileged hard copy materials to the prosecution team.

6.      The filter protocol also noted that the prosecution team had and would continue to ask the filter team to provide individual message chains that do not have privilege concerns (e.g., communications between Sheng Thao and David Duong) to the prosecution team directly without filter review.

7.      The filter team has executed the filter review in accordance with the filter protocol. Specifically, personnel from the Federal Bureau of Investigation, Internal Revenue Service – Criminal

---

seized during the execution of search warrants to the prosecution team. Specifically, I understand that the filter team provided the prosecution team with a small number of calendar entries. I further understand that the filter team reviewed some priority conversations and released non-privileged materials to the prosecution team. Finally, I understand that the filter team reviewed certain notes and released non-privileged materials to the prosecution team.

1    Investigation, and United States Postal Inspection Service ran the applicable search terms over the

2    electronic materials subject to the filter review.  Records that hit on the search terms were tagged as

3    potentially privileged.  The filter team then reviewed the priority conversations that hit on search terms

4    and redacted any potentially privileged conversations.  The filter team also removed the potentially

5    privileged tag from some records that were observed to be clearly not privileged.  The following

6    materials were then released to the prosecution team: materials that did not hit on the search terms,

7    clearly non-privileged records the filter team untagged, and the redacted (if applicable) priority

8    conversations.  The filter team has completed this stage of review for approximately 91 items of digital

9    evidence[2] subject to the filter review.[3]  Approximately 12 items of digital evidence remain outstanding.[4]

10   The filter team has not yet begun the process of reviewing the remaining records that have been

11   withheld from the prosecution team as potentially privileged.  The filter team plans to provide these

12   materials to defense counsel for their review.

13

14

15

16

17

18   ///

19

20   _____

        [2] An "item" of digital evidence generally consists of a single cell phone, computer, or iCloud
21   account.  In some cases, where multiple hard drives were seized together, these hard drives together are
     categorized as a single item of evidence.

22       [3] In March 2025, defense counsel provided the filter team with the names of additional attorneys
     that it requested the filter team make part of its review.  At the time of these emails, a majority of the
23   document populations in the filter review had already gone through the filter process with documents
     that did not hit on search terms being released to the prosecution team.  After receiving the emails, the
24   prosecution team paused its review of the materials that the filter team had released.  The filter team
     compiled a list of additional search terms and is in the process or running these search terms over the
25   documents that have been released to the prosecution team to determine whether any additional
     documents should be withheld.

26       [4] Of these twelve, initial review had been completed for two additional items with the exception
     that the non-privileged materials had not been released to the prosecution team at the time defense
27   counsel provided additional names as described in footnote three of this declaration.  The filter team
     decided not to release these materials to the prosecution team until additional terms had been developed
28   and run.

8.     The filter team also reviewed hard copy records that were seized during execution of the search warrants.  Where the filter team did not identify any potentially privileged materials in the hard copy records it released those records to the prosecution team.  Hard copy records containing material identified as potentially privileged have been withheld from the prosecution team.  The filter team has completed its initial review of the hard copy records.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed this 3rd day of April 2025, in Garberville, California.


_/s/ Noah Stern_
NOAH STERN, AUSA

Exhibit A
FILED UNDER SEAL