CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    Abraham.fine@usdoj.gov
    Molly.priedeman@usdoj.gov
    Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-0003-YGR |
| Plaintiff, | |
| v. | [PROPOSED] PROTECTIVE ORDER REGARDING GRAND JURY TRANSCRIPTS |
| SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, AND ANDY HUNG DUONG, | |
| Defendants. | |

    The United States, through undersigned counsel, and the defendants in this criminal case, through undersigned counsel, stipulate and agree to the entry of a Protective Order as follows:

    In the above-captioned case, the government intends to seek leave of the Court to provide to counsel for the defendants access to certain transcripts of witnesses who testified before the grand jury investigating this matter. These transcripts may contain information that is relevant to the government's discovery obligations, including Rule 16, *Brady*, *Giglio*, and the Jencks Act, and at the request of

defendants' counsel, the government has agreed to seek leave to provide these materials.

However, the grand jury transcripts contain sensitive information and are protected matters that occurred before the grand jury, and the parties agree that special protective measures are necessary to protect the confidentiality and secrecy of the grand jury proceedings.

For any grand jury witness transcripts provided to any counsel for the defense in this case, the following restrictions apply to the receipt, handling, copying, review, and storage of those transcripts:

1. The transcripts will be provided as electronic files protected by encryption.

2. The transcripts shall be viewed, accessed, and available only to counsel formally engaged to represent a defendant in this matter (i.e., a defendant's counsel of record), and shall not be further distributed or made available for review.

3. The transcripts will be stored by any counsel receiving them in a secure location, either in counsel's offices or in a separate electronic location only accessible to a defendant's counsel of record attorneys and attorney-employed professional staff working on the matter, and other individuals contracted or retained by a defendant's counsel of record. Individuals contracted or retained includes paralegals, law clerks, discovery coordinators, investigators and experts (including mitigation experts) retained by a defendant or counsel of record.

4. The transcripts may not be provided to a defendant, except that a defendant may review the transcripts in the presence of their counsel of record, an attorney or attorney-employed professional staff, and the reviewing defendant may not make or retain copies or photographs of the transcripts or any excerpt or portion of the transcripts.

5. The transcripts will only be used in connection with the representation of a defendant in this criminal matter, and not further disclosed in any manner, including by providing to other parties, witnesses, counsel, third parties or otherwise.

6. The substance of statements made in the grand jury may be used by counsel in connection with representation of defendants and may be discussed with other counsel for any defendant in this matter, and potential witnesses, but only in a manner that does not involve the disclosure of the transcript, in whole or part, to those parties.

7. The transcripts (or any portion) may not be filed in the public docket in this case or any

other related proceeding, and if filed must be submitted under seal and with leave of the Court pursuant to Local Rule 56-1.

8. Counsel signing this protective order, or who have given concurrence for the electronic signatures below, are responsible for compliance with this order by all other attorneys and professional staff working with counsel on the representation of a defendant. Counsel signing must disclose the existence and terms of this Protective Order to any person who has access to or reviews the transcripts, including attorney-employed professional staff and any defendant.

9. Within 60 days after the expiration of any time to appeal or challenge any final judgment or disposition, including any challenge through habeas proceedings, any counsel who received the transcripts must return any paper copies to the U.S. Attorney's Office and delete all electronic copies of the transcripts, and if requested certify such return and destruction to the U.S. Attorney's Office.

DATED:  November 7, 2025

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorney

/s/
JEFFREY TSAI
DARRYL TARVER
*Counsel for Defendant Sheng Thao*

/s/
MARK GOLDROSEN
SHAWN HALBERT
*Counsel for Defendant Andre Jones*

/s/
ED SWANSON
AUGUST GUGELMANN
JEFFREY SCHENK
*Counsel for Defendant David Duong*

                /s/
WINSTON CHAN
DOUGLAS SPRAGUE
ERIK BABCOCK
*Counsel for Defendant Andy Duong*

IT IS SO ORDERED

DATED:

HON. YVONNE GONZALEZ-ROGERS
United States District Judge