Jeffrey Tsai (SBN 226081)
 jeff.tsai@us.dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:  (415) 615-6055

Darryl Louis Tarver (*admitted pro hac vice*)
 darryl.tarver@us.dlapiper.com
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br><br>                    Defendants. | Case No. 4:25-CR-3-YGR<br><br>**DEFENDANT SHENG THAO'S NOTICE OF MOTION AND MOTION FOR AN ORDER EXCLUDING EVIDENCE AT TRIAL PURSUANT TO RULE 404(B) AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**REDACTED**<br><br>Date:        August 14, 2026<br>Time:       9:00 a.m.<br>Judge:      The Hon. Yvonne Gonzalez Rogers |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 14, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 1 of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, Defendant Sheng Thao, by and through her attorneys of record, will and hereby does respectfully move this Court for an order excluding certain evidence at trial pursuant to Federal Rule of Evidence 404(b). Specifically, Ms. Thao respectfully (1) requests that the Court find inadmissible the evidence that Ms. Thao and Defendant Andy Duong discussed Oakland City Council developments and California Waste Solutions during a 2019 phone call; and (2) joins Defendant Andre Jones's motion seeking an order excluding certain evidence disclosed in the government's Rule 404(b) notice to defendants.

This Motion and Joinder is based upon this Notice of Motion and Motion and Joinder, the accompanying Memorandum of Points and Authorities, all papers and pleadings filed in this action, and any other evidence and argument as may be properly before the Court at any hearing on the Motion and Joinder.

Dated:  July 10, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ *Darryl Louis Tarver*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND RELEVANT BACKGROUND ................................................. 1

  A.    Overview of Arguments ......................................................... 1

  B.    Charges and Factual Background ................................................ 1

  C.    The Government's Rule 404(b) Notice ........................................... 2

      1.    Alleged Communications Involving ██████████████████ ............ 2

      2.    ███████████████████████████████████ ....................... 3

      3.    The Duongs' ███████████████████████ ....................... 3

II.   LEGAL STANDARD .................................................................. 4

  A.    Admission of Evidence Under Rule 404(b) ....................................... 4

  B.    The "Inextricably Intertwined" Doctrine ....................................... 4

  C.    Rule 403 ........................................................................ 5

III.  ARGUMENT ........................................................................ 5

  A.    The ███████████████████ Evidence Should Be Excluded Because It Bears No Similarity to the Charged Offenses and Invites Only an Improper Character Inference ..................................................... 5

  B.    Evidence of ████████████████████████████████████ Is Too Remote, Too Dissimilar, and Too Marginally Probative ....................... 8

  C.    Evidence That the ███████████████████████████ ███████ Is Not Inextricably Intertwined With the Charged Conduct ............. 10

IV.   CONCLUSION .................................................................. 10

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

United States v. Anderson,
741 F.3d 938 (9th Cir. 2013)...........................................................................................4, 5

United States v. Andrade,
No. 20-CR-00249-RS-1, 2025 WL 267355 (N.D. Cal. Jan. 22, 2025).....................................9

United States v. Bailey,
696 F.3d 794 (9th Cir. 2012)..................................................................................................5

United States v. Curtin,
489 F.3d 935 (9th Cir. 2007)..................................................................................................5

United States v. DeGeorge,
380 F.3d 1203 (9th Cir. 2004).................................................................................................4

United States v. Haywood,
280 F.3d 715 (6th Cir. 2002)...................................................................................................6

United States v. Hill,
953 F.2d 452 (9th Cir. 1991)............................................................................................6, 7

United States v. Hill,
No. 13-cr-00765-SI-1, 2015 U.S. Dist. LEXIS 30021 (N.D. Cal. Mar. 10,
2015) ......................................................................................................................................9

United States v. Luna,
21 F.3d 874 (9th Cir. 1994)....................................................................................................9

United States v. Martin,
796 F.3d 1101 (9th Cir. 2015)................................................................................................4

United States v. Miller,
874 F.2d 1255 (9th Cir. 1989).................................................................................................4

United States v. Ono,
918 F.2d 1462 (9th Cir. 1990).................................................................................................6

United States v. Romero,
22 F.3d 683 (9th Cir. 2007) (en banc).....................................................................................5

United States v. Sleugh,
No. 14-CR-00168-YGR-2, 2015 WL 3866270 (N.D. Cal. June 22, 2015) ........................9, 10

United States v. Vizcarra-Martinez,
    66 F.3d 1006 (9th Cir. 1995)............................................................................................ 4, 5, 6

**Statutes**

18 U.S.C. § 371 ..................................................................................................................... 2

18 U.S.C. § 666(a)(1)(B)........................................................................................................ 2

18 U.S.C. § 1341 ................................................................................................................... 2

18 U.S.C. § 1343 ................................................................................................................... 2

18 U.S.C. § 1349 ................................................................................................................... 2

**Other Authorities**

Black's Law Dictionary (12th ed. 2024)................................................................................. 6

Fed. R. Evid. 403 .................................................................................................................. 5

Fed. R. Evid. 404 .............................................................................................................. 1, 7

Fed. R. Evid. 404(a) .............................................................................................................. 3

Fed. R. Evid. 404(b).......................................................................................................*passim*

Fed. R. Evid. 404(b)(1) .......................................................................................................... 4

Fed. R. Evid. 404(b)(2) ...................................................................................................... 1, 4

U.S. Dep't of Justice, Justice Manual § 9-23.211 (2018)........................................................ 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND RELEVANT BACKGROUND

#### A.   Overview of Arguments

The government seeks to do what Rule 404 forbids: invite the jury to infer guilt from disconnected, remote, and prejudicial episodes rather than from evidence of the charged bribery scheme. The centerpiece is a 2019 phone call between Ms. Thao and Andy Duong—more than three years before the alleged "corrupt relationship" began. The call contains no alleged bribe, no payment, no promise, and no official act. It is not probative of intent, knowledge, modus operandi, or absence of mistake. It is propensity evidence, and it should be excluded.

The government also seeks to introduce two additional categories of evidence through its Rule 404(b) notice and related inextricably-intertwined theory: a ████████████ ████████████████████████████████ and a ████████████████ ████████████████████████. Neither category is part of the charged conduct or relevant to any fact in issue. Neither is necessary to tell a coherent story of the alleged scheme. And neither is admissible for any non-character purpose under Rule 404(b)(2).

For these reasons and those set forth in Mr. Jones's motion, Ms. Thao respectfully asks the Court to exclude this evidence from trial.

#### B.   Charges and Factual Background

The Indictment alleges that, beginning in late 2022, Ms. Thao engaged in a "corrupt relationship" in which she promised to take official actions as mayor of Oakland in exchange for various benefits promised by Mario Juarez (pseudonymously referred to in the Indictment as "Co-Conspirator 1")[1] and the Duongs to Ms. Thao and Mr. Jones. ECF No. 1 ¶ 1. According to the government, Ms. Thao promised, among other acts, "to commit the City of Oakland to purchase housing units from [the Duongs'] housing company [Evolutionary Homes], to extend the contract for [the Duongs'] recycling company [California Waste Solutions ("CWS")], and to appoint senior city officials selected by [the Duongs] and [Juarez]." Id. The government further alleges

---

[1] The Court unsealed Juarez's identity for reasons discussed on the record during the March 5, 2026 hearing. See ECF No. 193 at 1 n.2.

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR

that, "[i]n furtherance of the corrupt relationship, [the Duongs] spent $75,000 to fund a negative mailer in support of THAO's campaign," and Juarez and the Duongs "paid $95,000 to JONES for the benefit of JONES and THAO, with the promise of additional payments." Id. ¶ 2. The government alleges that Ms. Thao, while serving as mayor of Oakland, "took steps to carry out her end of the corrupt arrangement." Id.

Ms. Thao is specifically charged with the following crimes:

- Conspiracy in violation of 18 U.S.C. § 371 (Count One);
- Bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B) (Count Two);
- Conspiracy to commit honest services mail fraud and honest services wire fraud in violation of 18 U.S.C. § 1349 (Count Four);
- Honest services mail fraud in violation of 18 U.S.C. § 1341 (Count Five); and
- Honest services wire fraud in violation of 18 U.S.C. § 1343 (Count Six and Count Seven).

See ECF No. 1.

### C.      The Government's Rule 404(b) Notice

On or about May 19, 2026, the government served a letter disclosing categories of evidence it may seek to introduce at trial under Rule 404(b). See Ex. 1. The government also identified categories of evidence it contends are "inextricably intertwined with the charged conduct or otherwise not 'evidence of a crime, wrong, or other act' and therefore not subject to Federal Rule of Evidence 404(b)." Id. at 1.

### 1.      Alleged Communications Involving ▮▮▮▮▮▮▮▮▮▮▮▮

The first Rule 404(b) disclosure is labeled "Sheng Thao and Andre Jones defrauded a property management company in October 2021 to obtain a lease by creating a fake job for Jones." Id. at 2. According to the government, ▮▮▮▮▮▮▮▮▮▮▮▮

The government claims that Ms. Thao

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR



The government intends to call ███████████ as a witness to testify about this episode. The government asserts that the evidence is "not character evidence under Rule 404(a)" and is admissible under Rule 404(b) because it supposedly shows "Thao and Jones's modus operandi of ███████████████████████." Id.

**2.** ████████████████████████████████

The third and final Rule 404(b) disclosure is labeled ████████████ ████████████████████████████████████████████████ ██████" Id. at 4. The recorded conversation involved ████████ ███████████████████████████████████████. Id. The government highlights a portion of the conversation in which ██████████████████████████████ ████████████████████████████████████████████████████ Id. The government asserts this evidence is admissible under Rule 404(b) because it "pertains to criminal intent, modus operandi, knowledge of the existence of the charged agreement and conspiracy, and the absence of mistake or accident in regards to the payments made to Jones and Thao, as well as the actions Thao took to benefit Evolutionary Homes and CWS."

**3.        The Duongs'** ██████████████████████████

Although it does not believe such evidence falls within Rule 404(b), the government discloses its intent to introduce evidence of the ████████████████████████ ██████████. Id. at 6. The government characterizes the donation as a "████ ████████████████████████████████████████." Id. The government further contends this evidence shows "████████████████████████████████ ████████████████████████████████████████████████████████." Id. The government takes the position that this evidence is "directly relevant and material to the charged conduct and/or is inextricably intertwined with the charged conduct." Id. at 4.

## II.   LEGAL STANDARD

### A.   Admission of Evidence Under Rule 404(b)

Federal Rule of Evidence 404(b)(1) generally prohibits the use of evidence of another crime, wrong, or act to prove a person's character in order to show that, on a particular occasion, the person acted in accordance and conformity with that character. Rule 404(b)(2) permits such evidence for a non-character purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident."

In the Ninth Circuit, "[e]xtrinsic act evidence is not looked upon with favor." United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013-14 (9th Cir. 1995) (internal citations and quotation marks omitted). "[T]he underlying premise of our criminal system [is] that the defendant must be tried for what he did, not who he is." Id. at 1014. Consistent with this principle, Rule 404(b)(2) evidence must satisfy a four-part test: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." United States v. Martin, 796 F.3d 1101, 1106 (9th Cir. 2015). Similarity is required when prior acts are offered to prove intent, identity, modus operandi, or absence of mistake or accident. See, e.g., United States v. Miller, 874 F.2d 1255, 1269 (9th Cir. 1989).

### B.   The "Inextricably Intertwined" Doctrine

When "other act" evidence is "inextricably intertwined" with a charged offense, it is "exempt from the requirements of Rule 404(b)." United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013). In the Ninth Circuit, inextricably intertwined other acts fall into two categories: (1) evidence which "constitutes part of the transaction that serves as the basis for the criminal charge," and (2) evidence which is necessary for the government to tell a "coherent and comprehensible story regarding the commission of the crime." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004).

For the first category—evidence that constitutes part of the transaction that serves as the basis for the criminal charge—the government must show "a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the

4

evidence from the strictures of Rule 404(b)." Vizcarra-Martinez, 66 F.3d at 1013. Although the government need not indict every possible charge, acts that are "far removed in time from the charged transaction . . . cannot be considered 'a part of' the charged transaction." Anderson, 741 F.3d at 949. And coincidence in time alone is not enough; there still must be "a sufficient contextual or substantive connection between the proffered evidence and the alleged crime." Vizcarra-Martinez, 66 F.3d at 1013.

For the second category, other-act evidence may be admitted only when it is "necessary . . . to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." Id. In Vizcarra-Martinez, the Ninth Circuit identified the underlying felony in a felon-in-possession prosecution as an example of evidence that may fall within this category. Id.

### C.    Rule 403

Rule 403 provides a final hurdle to admissibility. Even if evidence satisfies Rule 404(b) or qualifies as inextricably intertwined with the charged conduct, the Court must still "decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." United States v. Romero, 22 F.3d 683, 688 (9th Cir. 2007) (en banc); accord United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012). "Because evidence of other crimes, wrongs, or acts carries with it the inherent potential to see the defendant simply as a bad person . . . a trial court must take appropriate care to see that this does not happen." United States v. Curtin, 489 F.3d 935, 958 (9th Cir. 2007).

### III.    ARGUMENT

**A.    The ▮▮▮▮▮▮▮▮▮▮ Evidence Should Be Excluded Because It Bears No Similarity to the Charged Offenses and Invites Only an Improper Character Inference**

Ms. Thao joins Mr. Jones's motion (ECF No. 217) and respectfully requests an order excluding evidence of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ms. Thao incorporates Mr. Jones's arguments as though fully set forth herein and adds only the following points for the Court's consideration.

First, the government's claim that it intends to admit this evidence to prove modus operandi rings hollow.[2] The alleged acts lack the distinctive similarity that Rule 404(b) requires. In the prior act, the government alleges that ███████████████████████████ ████████████████████████████████████████████████████. In the charged act, the government alleges that Ms. Thao and Mr. Jones misrepresented Mr. Jones's employment to justify unlawful payments. The underlying purpose of the alleged conduct is dispositive to the analysis.

Indeed, calling those acts a shared modus operandi is like saying that possessing controlled substances for personal use shares a modus operandi with possessing controlled substances for manufacturing or distribution to make a profit—an analogy courts have rejected in the Rule 404(b) context. See, e.g., Vizcarra-Martinez, 66 F.3d at 1013 ("possession of a small amount of methamphetamine for personal use does not tend to prove that [defendant] was aware" of how to manufacture methamphetamine, and the evidence of personal use did not otherwise meet the Rule 404(b) standard for admissibility); United States v. Hill, 953 F.2d 452, 455-56 (9th Cir. 1991) ("It was error to admit the [evidence] of prior drug use with Hill. The government's argument that the prior use of cocaine evidence was direct evidence of the [cocaine distribution] conspiracy charged and therefore not 404(b) evidence is not persuasive."); United States v. Haywood, 280 F.3d 715, 721 (6th Cir. 2002) ("acts related to the personal use of a controlled substance are of a wholly different order than acts involving the distribution of a controlled substance. One activity involves the personal abuse of narcotics, the other the implementation of a commercial activity for profit.") (quoting United States v. Ono, 918 F.2d 1462, 1465 (9th Cir. 1990)). Here, too, ███████████████████████████ lack similarity because they differ fundamentally in intent and effect.

Nor are the audiences similar. In the prior act, ███████████████████████ ████████████████████████████████████████████. In the charged act, the

---

[2] Black's Law Dictionary defines "modus operandi" as a "method of operating or a manner of procedure; esp., a pattern of criminal behavior so distinctive that investigators attribute it to the work of the same person." Black's Law Dictionary (12th ed. 2024) (emphasis added).

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR

persons conferring the alleged benefit—the Duongs and Juarez—were themselves allegedly involved in promoting the misrepresentation to protect their own interests. The purposes also differ: ███████████████████████████████; the charged act allegedly sought to create a pretext for unlawful payments in a bribery scheme. There is no commonality in intent, audience, or purpose, let alone the distinctiveness required to prove modus operandi.

Second, given the lack of similarity between the two acts, the <u>only plausible inference for the jury</u> is that Ms. Thao and Mr. Jones must have allegedly secured a fake job with Evolutionary Homes because ███████████████████████████████ ████████. That is precisely the inference Rule 404 was designed to prevent. <u>See, e.g.</u>, Fed. R. Evid. 404 Advisory Comm. Note ("Character evidence is of slight probative value and may be very prejudicial. . . . <u>It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened</u>.") (emphasis added); <u>Hill</u>, 953 F.2d at 457 ("[Rule 404(b)] is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment."). The jury should decide this case based on the government's evidence of the alleged bribery conspiracy and related charges, not on an unrelated inference about Ms. Thao's and Mr. Jones's character for truthfulness.

Third, even if the Court is to credit the government's reed-thin argument to support admission of such evidence, the evidence is substantially more prejudicial than probative—not only because it invites an impermissible character inference, but also because the government intends to present it through ███████████. Having ███████████ testify against her at trial on a collateral matter of, at best, marginal relevance would create a uniquely prejudicial spectacle for the jury. Indeed, the Department of Justice has long recognized the gravity of compelling testimony from a close family member. <u>See</u> U.S. Dep't of Justice, Justice Manual § 9-23.211 (2018) ("Absent specific justification, <u>the Department will ordinarily avoid seeking to compel the testimony of a witness who is a close family relative of the defendant on trial</u>[.]")

///

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR

(emphasis added).[3] Such testimony should not be presented on a collateral issue, particularly given the obvious and substantial risk of unfair prejudice to Ms. Thao.

For these reasons and those set forth in Mr. Jones's motion, Ms. Thao respectfully asks this Court to exclude evidence of the October 2021 rental application at trial.

**B.**     **Evidence of** ███████████████████████████████████ **Is Too Remote, Too Dissimilar, and Too Marginally Probative**

The government's explanation for introducing evidence of a ████████████ ████████████ fails to satisfy the Ninth Circuit's requirements for Rule 404(b) evidence. The government vaguely states that "████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████." Ex. 1 at 4. It then cites a portion of ████████████████████████████████████████████████████████████ █████████████████████. Id. The government claims the evidence shows "█████ ████████████████████████████████████" and "also shows their modus operandi of ██████████████████████████████." Id.

None of these justifications has factual or legal merit. At the outset, the 2019 conversation is not temporally proximate to the charged scheme—it occurred more than three years before the alleged "corrupt relationship" began in late 2022. See ECF No. 1 ¶ 1. Nor is the call similar to the later charged bribery scheme, apart from the government's observation that it involved two alleged participants in that later scheme. Critically, the government has not alleged that Ms. Thao did anything corrupt or illegal during the call. And while the government invokes the generic concept of modus operandi, it never explains why it is distinctive or noteworthy that Ms. Thao— then an Oakland City Councilmember—████████████████████████████████ ████████. It is hardly unusual for elected officials to be circumspect about appearing in public with ██████████████████████████████. A preference for privacy is not a distinctive criminal signature, which courts in the Ninth Circuit require for establishing modus

---

[3] This provision of the Justice Manual is available at https://www.justice.gov/jm/jm-9-23000-witness-immunity.

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR

operandi. See, e.g., United States v. Hill, No. 13-cr-00765-SI-1, 2015 U.S. Dist. LEXIS 30021, at *11-12 (N.D. Cal. Mar. 10, 2015) ("Courts in the Ninth Circuit 'have traditionally taken a narrow view' of what qualifies as modus operandi evidence. . . . The Court finds that the alleged similarities between the two crimes are 'not sufficiently distinctive enough' to qualify as modus operandi."); United States v. Luna, 21 F.3d 874, 879 (9th Cir. 1994) ("[I]f the characteristics of both the prior offense and the charged offense are not in any way distinctive, but are similar to numerous other crimes committed by persons other than the defendant, no inference of [modus operandi] can arise.'").

The phone call also does not show intent or knowledge of the charged conspiracy, which began more than three years later by the government's own allegations. Nor can it show absence of mistake or accident with respect to payments made to Mr. Jones because there is no evidence or allegation that such payments had begun by that time. The government's claim that ██████████ ██████████████████████████████████████████████████████████████████████ ████ (see Ex. 1 at 4) before any charged allegation of a criminal conspiracy is unfounded.

Even if the government could prove that ████████████████████████████ was part of a prior bribery or corruption scheme—which it cannot—the evidence still would not satisfy the Ninth Circuit's standard. Courts have repeatedly excluded evidence of prior alleged misconduct, even where the government claimed substantial similarity. See, e.g., United States v. Sleugh, No. 14-CR-00168-YGR-2, 2015 WL 3866270, at *5 (N.D. Cal. June 22, 2015) (evidence that the defendant committed a prior armed robbery was inadmissible to show "intent, plan, preparation, [or] knowledge"); United States v. Andrade, No. 20-CR-00249-RS-1, 2025 WL 267355 (N.D. Cal. Jan. 22, 2025) (evidence of prior cryptocurrency scheme was inadmissible to prove new scheme even despite the government's assertion that "the misstatements and misrepresentations about the charged scheme were 'merely new iterations of the same fraudulent playbook that [the defendant] employed'" in the prior scheme).

The ████████████ offers no probative value beyond the government's insinuation that, because ████████████████████████████████████████████ while Ms. Thao served in a different elected office, they must have done so again during the alleged bribery

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR

scheme. Put differently, the government seeks to use the call to tell the jury that Ms. Thao had a propensity ███████████████████████████████████████████████████████████ ██████, and therefore must have conspired with the Duongs to commit bribery in the charged case. See Ex. 1 at 4. That is precisely the kind of improper character evidence that Rule 404(b) prohibits despite the prejudicial value to the government. It proves nothing about the charged alleged bribery scheme that began years later, and whatever marginal probative value it has is substantially outweighed by the danger of unfair prejudice. Cf. Sleugh, 2015 WL 3866270, at *5 (excluding evidence of prior armed robbery from armed robbery trial because "any limited probative value to prove [intent, plan, preparation, or knowledge] is substantially outweighed by a danger of unfair prejudice").

**C.    Evidence That the ███████████████████████████████████ ████████ Is Not Inextricably Intertwined With the Charged Conduct**

Ms. Thao further joins Mr. Jones's motion to exclude evidence of █████████████ ████████████████████████ and incorporates his arguments by reference. The donation is not part of the charged criminal transaction, and the government does not need it to tell a coherent and comprehensible story of the alleged scheme. It should be excluded.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant Sheng Thao respectfully asks this Court to enter an order excluding (1) evidence of ███████████████████████████████████████████████ ██████████████████████████████████████████████████████████; (2) evidence of a ██████████████████████████████████████████████████████████; and (3) evidence of a █████████████████████████████████████████████████████ ██████.

Dated:  July 10, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ *Darryl Louis Tarver*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*

NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 404(B)
AND JOINDER OF DEFENDANT ANDRE JONES'S MOTION; MPA
CASE NO. 4:25-CR-3-YGR