CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov
Brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>UNITED STATES' MOTION *IN LIMINE* NO. 1 TO ADMIT CHRONOLOGICAL SUMMARY EXHIBIT UNDER FEDERAL RULE OF EVIDENCE 1006 |

## INTRODUCTION

The United States moves in limine to admit a chronological summary exhibit pursuant to Federal Rule of Evidence 1006. The timeline exhibit summarizes information contained in voluminous admissible records collected during the investigation, including text messages, emails, telephone records, financial records, and other documentary evidence.[1]

Rule 1006 permits a court to "admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence." Fed. R. Evid. 1006(a). Requiring the jury to instead examine and review the hundreds of individual records reflected in the timeline would be cumbersome, time-consuming, and substantially less comprehensible.

The government has attached the proposed timeline exhibit to this motion and identified the underlying records well in advance of trial. At trial, the government will establish the accuracy of the timeline though the federal agent who participated in its preparation, reviewed the underlying records, and confirmed that the entries accurately reflect those records.

The timeline therefore satisfies Rule 1006 and should be admitted as substantive evidence.

## LEGAL STANDARD

The Court "may admit as evidence a summary [or] chart . . . offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence." Fed. R. Evid. 1006(a). There is no requirement in Rule 1006 that it be literally impossible to examine the underlying records before a summary or a chart may be used. "All that is required for the rule to apply is that the underlying 'writings' be 'voluminous' and that in-court examination not be convenient." *United States v. Scales*, 594 F.2d 558, 562 (6th Cir. 1979). "The proponent must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Fed. R. Evid. 1006(b).

[1] The government also anticipates offering separate summary exhibits pursuant to Rule 1006 summarizing certain financial and telephone records. The government will provide those summary exhibits to defendants separately.

The Ninth Circuit has long recognized the admissibility of summary evidence under Rule 1006. *See United States v. Rizk*, 660 F.3d 1125, 1130–34 (9th Cir. 2011); *United States v. Anekwu*, 695 F.3d 967, 981–82 (9th Cir. 2012); *United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988). The purpose of the Rule is "to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury." *Rizk*, 660 F.3d at 1130 (quoting *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985)).

To admit a summary under Rule 1006, the proponent must establish that the underlying materials are admissible. *Rizk*, 660 F.3d at 1130. Rule 1006 was amended in 2024 to make clear that a qualifying summary is itself substantive evidence and that the underlying materials need not themselves be admitted into evidence. Fed. R. Evid. 1006 advisory committee's note to 2024 amendment. As the Advisory Committee explained, Rule 1006 provides "alternative proof" of the contents of voluminous writings, recordings, and photographs that cannot conveniently be examined in court. *Id.* A Rule 1006 summary therefore may be admitted in addition to, or instead of, the underlying records it summarizes. *Id.*

## ARGUMENT

### I. The Timeline Summarizes Voluminous Records That Cannot Be Conveniently Examined in Court

The government's proposed timeline summarizes voluminous evidence including emails, text messages, telephone records, financial records, calendar records, photographs, and videos generated by different individuals and entities at different points in time. *See* Priedeman Decl., Ex. A (Timeline Exhibit).

Courts, including the Ninth Circuit, have specifically approved the use of Rule 1006 summaries to organize voluminous evidence chronologically. In *Rizk*, the Ninth Circuit upheld the government's introduction of summary charts summarizing 96 real-estate transactions in chronological order. *Rizk*, 660 F.3d at 1131–34. The summary charts at issue in *Rizk* were based on records collected from multiple sources "including victim lenders, escrow companies, title companies, and real estate agencies." *United States v. Babajian*, No. 2:07-cr-00755-DDP, Dkt. 138, at 9-10 (C.D. Cal., December 15, 2008) (Motion to Admit Summary Evidence). And in *Meyers*, the Ninth Circuit upheld the

admission of a summary chart containing telephone logs and two different FBI surveillance logs concerning a critical period of the charged conduct, reasoning that the "sequence of events . . . was indeed confusing" and that the summary "arguably contributed to the clarity of the presentation." 847 F.2d at 1412. Other courts have likewise approved Rule 1006 timelines synthesizing communications and other evidence in a chronological timeline. *See United States v. Ho*, 984 F.3d 191, 209–10 (2d Cir. 2020) (affirming admission of timelines summarizing text messages, emails, and other documents in a complex fraud trial); *United States v. Menendez*, 759 F. Supp. 3d 460, 520–522 (S.D.N.Y. 2024) (holding that the admission of government's timeline summary charts in a public corruption case was not improper); *United States v. Claus*, No. CR 24-155, 2026 WL 63151, at *3 (E.D. La. Jan. 8, 2026) (holding that timeline summary exhibits were admissible under Rule 1006). The summary charts admitted in *Menendez* were similar to the timeline proposed here: they organized hundreds of communications, photographs, phone records, and other records chronologically and identified the date and time, participants, type and content of the communication, and underlying source for each entry. *Menendez*, 759 F. Supp. 3d at 520-21.

In this case, presenting each of the records underlying the timeline individually, without a summary connecting the dates and events reflected across the various sources, would consume substantial trial time and make it unnecessarily difficult for the jury to understand the chronological relationship among those events. That is particularly true because information concerning the same individuals and events is reflected across records from different devices, phone numbers, and accounts. For example, Andy Duong and Mario Juarez each used two different phone numbers and communicated with one another using both phone numbers and through both text messages and WhatsApp, often during the same time periods. Likewise, Andy Duong and Sheng Thao communicated through text messages, WhatsApp, and Signal. Moreover, some of those records identify the participants only by telephone number or account information, rather than by name, and some of the underlying records display timestamps in different time zones.

The government's proposed timeline summarizes the information in these underlying records by combining the contents of the separate underlying records into a single chronological summary and standardizing the timestamps to a common time zone. For communications, the timeline summarizes

the participants, date and time, and content reflected in the underlying records. The timeline also summarizes lengthy telephone toll records by identifying calls between participants and reflecting the date, time, and duration of those calls. For photographs and videos, it summarizes the date and time information reflected in the associated metadata that does not appear on the face of the photograph or video itself. The timeline therefore summarizes information contained across voluminous records that could not conveniently be examined in court.

## II. The Underlying Materials Are Admissible and Have Been Made Available to Defendants

The materials underlying the timeline are themselves admissible. They include business records, electronic communications and other records that are admissible pursuant to a stipulation or certification, and other admissible documentary evidence.

The government anticipates that it will seek to admit most of the underlying records reflected on the timeline. The entries that may not be separately introduced consist largely of voluminous telephone toll records and financial records. The fact that many of the underlying records may be independently admitted does not make the Rule 1006 summary inadmissible. *See* Fed. R. Evid. 1006 advisory committee's note to 2024 amendment ("Summaries that are otherwise admissible under Rule 1006 are not rendered inadmissible because the underlying documents have been admitted, in whole or in part, into evidence.").

The records underlying the timeline have been produced to defendants in discovery, and each entry in the timeline identifies the underlying source material supporting each entry. Defendants therefore have more than adequate opportunity to compare the entries on the timeline against the underlying records to challenge the accuracy of any particular entry.

## III. The Timeline is an Accurate Summary of the Underlying Evidence and is Not Argumentative

The timeline is a proper summary of the underlying evidence and does not become argumentative merely because it organizes that evidence chronologically. A chronology is simply one permissible method of summarizing voluminous evidence. Indeed, the summary charts approved in *Rizk* presented the transactions at issue "in chronological order," and the records summarized in *Meyers*

helped bring "clarity" to the otherwise confusing "sequence of events." *Rizk*, 660 F.3d at 1128; *Meyers*, 847 F.2d at 1412. Other courts have likewise approved timelines summarizing voluminous communications and documentary evidence under Rule 1006. *See Ho*, 984 F.3d at 209–10; *Menendez*, 759 F. Supp. 3d at 521; *Claus*, 2026 WL 63151, at *3.

The proposed timeline does precisely that. Its entries accurately reproduce the complete or excerpted contents of text messages, emails, photographs, and other records; identify the dates, times, and lengths of telephone calls; and reflect date, time, and location information contained in the metadata associated with the underlying records. Each entry is attributed to the underlying source material. Organizing that information chronologically and standardizing date and time information across different sources does not add argument to the underlying evidence, it summarizes information reflected across the separate underlying records in a common chronological format.

The fact that the timeline does not include every item of evidence does not render it inaccurate or argumentative. A Rule 1006 summary need not incorporate the opposing party's characterization of the evidence. *See Menendez*, 759 F. Supp. 3d at 521 ("The fact that the government omitted documents and communications that the defense preferred be added to the chart does not mean that the summary is inaccurate or argumentative."). Defendants remain free to cross examine the federal agent who created the summary exhibit concerning the contents of the timeline, identify additional evidence they contend provides relevant context, and introduce their own summary exhibits.

## IV. The Timeline Will Substantially Assist the Jury and Does Not Create a Danger of Unfair Prejudice

The timeline is also admissible under Rule 403. The chronology of the communications, payments, meetings, phone calls, and other events is highly probative of the existence of the charged conduct, as well as the defendants' knowledge, intent, and participation in the relevant conspiracies. *Rizk*, 660 F.3d at 1133 (noting that the Ninth Circuit has "rejected Rule 403 challenges to the admission of summary evidence that was relevant and not unfairly prejudicial.")

Without a chronological summary, the jury would be required to reconstruct that sequence itself from hundreds of separate records introduced through different witnesses over the course of trial. The timeline will substantially assist the jury by summarizing voluminous records and reducing the time

necessary to present the underlying evidence. That is precisely the function Rule 1006 is intended to serve. *See Rizk*, 660 F.3d at 1130; *Meyers*, 847 F.2d at 1412. Nor does presenting the evidence in chronological form create a danger of unfair prejudice. The timeline summarizes admissible underlying evidence, identifies the source material supporting its entries, and will be authenticated by an agent who reviewed the underlying records and confirmed the accuracy of the summary. Defendants have received both the timeline and the underlying records in advance of trial and may challenge the accuracy or completeness of any entry through cross-examination and their own evidence. *See United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004). The timeline therefore provides the jury with an efficient and comprehensible means of evaluating voluminous evidence without creating a danger of unfair prejudice.

**CONCLUSION**

For the reasons stated above, and as stated in the proposed order below, the government should be permitted to introduce the chronological summary exhibit.

DATED: August 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*Molly K. Priedeman*

ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys

**[PROPOSED] ORDER**

For the reasons set forth in the government's motion, the government shall be permitted to introduce its chronological summary exhibit pursuant to Federal Rule of Evidence 1006.

IT IS SO ORDERED.

DATED: ____________________

____________________________
YVONNE GONZALEZ ROGERS
Chief United States District Judge