MARK GOLDROSEN (CSBN 101731)
255 Kansas Street, Ste 340
San Francisco, CA 94103-5154
Tel: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT (CSBN 179023)
217 Leidesdorff Street
San Francisco, California 94111
Tel: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorneys for Defendant ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>vs.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG,<br><br>Defendants. | Case No. 25-cr-0003 YGR<br><br>DEFENDANTS' JOINT MOTION IN LIMINE NO.3 - TO EXCLUDE EVIDENCE OF ANDRE JONES'S FINANCIAL CONDITION; SUPPORTING DECLARATION; [PROPOSED] ORDER<br><br>DATE: September 11, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Yvonne Gonzalez Rogers |

The government intends to introduce evidence of defendant Andre Jones's financial condition, including cash flows, alleged debts, and alleged difficulties keeping up with expenses. This evidence will consist of witness testimony and a number of exhibits related to this topic, which are described in more detail below. As an initial matter, any testimony and financial records concerning a time period prior to October 2022 (the alleged start date of the conspiracy) are on their face irrelevant (as well as prejudicial), particularly because Jones was between jobs until July 2022, and his financial condition changed considerably after that date, when he began to receive an additional $6,000 per month in income. Further, the financial records from October 2022 to June 2024 should be excluded as irrelevant and more prejudicial than probative.

**1. Evidence of Jones's Financial Condition is Not "Other Act" Evidence.**

Evidence of Jones's general financial condition cannot be admitted under Federal Rule of Evidence 404(b) because it is not "other act" evidence. *United States v. Mitchell*, 172 F.3d

1104, 1107 (9th Cir. 1999). Evidence of character is not admissible to prove conduct, except in limited circumstances where evidence of other crimes, wrongs, or acts may be proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id*. But "[b]eing poor is not a crime, wrong, or act," which means that Rule 404(b) does not apply to evidence of a defendant's general financial condition. *Id*. Nor did the government seek to introduce this evidence under Rule 404(b).

**2. Evidence of Jones's Financial Condition is Irrelevant.**

The question then becomes whether the evidence has any relevance under Federal Rule of Evidence 401 and, if so, whether the "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The admission of evidence of poverty is traditionally disfavored because it is "of slight probative value and would be unfairly prejudicial to poor people charged with crimes." *Mitchell*, 172 F.3d at 1108. "That a person is feckless and poor, or greedy and rich, without more, has little tendency to establish that the person committed a crime to get more money, and its probative value is substantially outweighed by the danger of unfair prejudice." *Id*. at 1110.

*Mitchell* recognizes two limited circumstances where evidence of financial condition is relevant: (1) where the evidence demonstrates "a desperate need for money," not just a general financial interest in being richer (*Id*., at 1109 [evidence did not "establish desperation to keep a roof over his family's head]) and (2) to show "an unexplained and abrupt change in [financial] status for the better" (*Id*.). Another Ninth Circuit decision allowed "[e]vidence that tends to show that the defendant is living beyond his means." *United States v. Saniti*, 604 F.2d 603, 604 (9th Cir. 1979).

Here, none of the exceptions to the general rule excluding evidence of a defendant's financial condition is applicable. Jones did not have a desperate need for money either before or during the alleged bribery scheme. Indeed, Jones was employed from approximately July 2022 to July 2024. W-2 and bank records show that he earned $45,205.75 in 2022, $90,356,64 in 2023, and $45,631.80 in 2024. *See* Halbert Dec. at ¶ 2.

The evidence shows only that Jones did not balance his checkbook or manage his money well. There were six occasions (May 2022 [three times], June 2022, July 2022 and December 2022) when his electronic rent payment was returned for insufficient funds in his bank account. *See* U.S. Trial Exh. No. 1250, attached as Exh. A to Halbert Dec. On four of those occasions, the rent was paid on the same day he received notice or on the next day, and on one occasion it was paid five days later. *Id*. The one other occasion involved a May 17, 2022 electronic payment for $700. It appears, however, that Jones made this payment in error as there was no rent due at that time. *Id*.

The financial records thus show that Jones always had sufficient funds to pay the rent, just not always in his bank account at the time of his rent payments. And he was never in danger of being evicted or threatened with eviction by Toro Property. In December 2022, when the government alleges he first accepted bribes from Mario Juarez, a review of his bank account demonstrates that he was able to pay the rent for that month even without the checks from Juarez. *See* U.S. Trial Exh. No. 1346; s*ee also* Halbert Dec. at ¶ 4.

The records proffered by the government also prove the defense's point that Jones had sufficient funds, but did not manage his money well. Even after receiving checks from Juarez and Evolutionary Homes that the government alleges were bribes, Jones was repeatedly late by a number of days in paying his rent, incurring a completely unnecessary $125 late fee for February 2023, March 2023, April 2023 and June 2023 because he simply paid the rent a few days late. *See* U, S. Trial Exh. No. 1250, attached as Exh. A to Halbert Dec.

As for debts, the government seeks to introduce evidence that Jones owed $9,000 for a car loan in March 2023, that the P.G.E. bill was over $1,000 in April 2022 and $3,000 in November 2023, and that the water bill was $800 in April 2022. These amounts, however, were far short of being substantial. And again, Jones was not in "desperate" need for money to avoid financial ruin. There is no evidence that the auto loan default resulted in a collections action or judgment against Jones or that the P.G.E. and water bills resulted in a termination of service. Indeed, the P.G.E. and water bills were later paid.

There is also no evidence tending to show that Jones was living above his means. He did not make costly purchases, take expensive vacations, or spend excessive amounts of money. Likewise, there was no unexplained and sudden change in his financial status for the better. His income increased during the duration of the alleged bribery scheme, but it was not unexplained. Jones earned income from his part-time job and received loans and advances from Mario Juarez and Evolutionary Homes.

In addition to witness testimony concerning Jones's financial condition, this motion seeks to exclude the following Top 500 exhibits:

1. Exhibit Nos. 1344 (Andre Jones Acct 8848 Statements from 12/14/23 to 7/16/2024) and 1346 (Andre Jones Acct 8848 Statements from 04/27//2022 to 02/13/2024) - The records that precede the alleged commencement of the conspiracy on October 7, 2022 are too remote to have any relevance and are prejudicial because they show Jones being late on the rent (even though he had funds to pay it). In addition, the records that precede Jones's employment in July 2022 are irrelevant for the additional reason that they do not reflect his financial condition at the time of the alleged conspiracy. The records from December 2023 to June 2024 are irrelevant because they postdate the last alleged bribery payment in the conspiracy. Finally, the records from October 2022 to December 2023 are inadmissible because they are evidence of financial condition and, for the reasons stated above, are irrelevant and unduly prejudicial.
2. Exhibit No. 1507 (Andre Jones Acct 2306 Statements from 12/25/2019 to 4/25/2022) - These records are inadmissible because they are evidence of financial condition and the statements are also too remote to have any relevance to the conspiracy that allegedly commenced on October 7, 2022. They also include a period when Jones did not have a regular income, and as a result his financial condition differed from what it was at the time of the alleged bribery conspiracy.
3. Exhibit No. 1250 (Toro Property Tenant Statement for Sheng Thao and Andre

Jones from 10/15/2021-06/04/2024), attached as Exh. A to Halbert Dec. - These records are inadmissible because they do not show that Jones had a desperate need for money. They only show that on six occasions Jones's electronic rent payments were reversed for insufficient funds, but that Jones later paid the five rent payments which were actually due within a day. He thus had sufficient funds to pay the rent, just not in his bank account at the time of the payments. In addition, all but one of the reversals occurred between May 11, 2022 and July 11, 2022 (before Jones obtained his job that paid approximately $6,000 per month). These reversals were too remote from the alleged commencement of the conspiracy on October 7, 2022 to be relevant, and should also be excluded on that ground. The rent ledger is prejudicial because jurors may hold Jones's disorganization or sloppiness against him, may treat it as bad character evidence or indicative of some other unknown issue.

4. Exhibit No. 30, page 2258 (Text Message from Sheng Thao to Andre Jones), attached as Exh. B to Halbert Dec. - The April 3, 2022 text message from Thao to Jones that she does not have enough money to cover rent herself, that the P.G.E. bill was over $1,000 and that the water bill was $800 should be excluded because it does not show a desperate need for money and because it is too remote to be relevant to the charged crimes.

.5. Exhibit No. 30, pages 2845-2847 (Text Messages from Sheng Thao to Andre Jones), attached as Exh. C to Halbert Dec. - The March 23, 2023 text messages from Thao to Jones, including those stating that Jones had not made any payments for the automobile loan in a year, and that the balance owed for the automobile loan was $9,000 should be excluded because they do not show Jones had a desperate need for money sufficient to overcome the prejudice of such communications.

6. Exhibit No. 30, page 3239 (Text Message from Sheng Thao to Andre Jones),

attached as Exhibit D to Halbert Dec. - The November 14, 2023 text message from Thao to Jones asking that he not turn on the heater and turn off the lights and electricity because the P.G.E. bill was $3,000 should be excluded because it does not show Jones had a desperate need for money. It is normal for people to encourage other family members to conserve energy when bills have been large.

For the foregoing reasons, the defense requests that the Court exclude the above-referenced testimony and exhibits.

DATED: August 27, 2026

/s/ Mark Goldrosen
MARK GOLDROSEN
SHAWN HALBERT
Attorneys for Defendant
ANDRE JONES

DECLARATION OF SHAWN HALBERT

I, Shawn Halbert, declare as follows:

1. I and Mark Goldrosen represent defendant Andre Jones in this matter.

2. I have reviewed material produced by the government in discovery and obtained through independent investigation confirming that Jones was employed from approximately July 2022 to July 2024. His W-2 and bank records show that he earned $45,205.75 in 2022, $90,356,64 in 2023, and $45,631.80 in 2024.

3. Attached hereto as Exhibit A is a true and correct copy of United State Trial Exhibit 1250.

4. The government alleges Jones first accepted bribes from Mario Juarez on December 14, 2022. One of the six reversals of rent payments by Jones occurred on December 12, 2022. Ex. 1250. My review of Jones's bank account statement for that month, U.S. Trial Exh. No. 1346 at 51-56, demonstrates that Jones's bank account reflects a return of the $2,925 check to Toro Property on December 12, 2022; the following day, December 13, 2022, a deposit cleared Jones's bank account that would have provided sufficient funds to cover the full rent check he had provided to Toro Property that had been returned the previous day.

5. Submitted under seal as Exhibit B is a true and correct copy of p. 2258 of United States Trial Exhibit No. 30, a text message from Thao to Jones.

6. Submitted under seal as Exhibit C is a true and correct copy of pp. 2845-2847 of United States Trial Exhibit No. 30.

7. Submitted under seal as Exhibit D is a true and correct copy of p. 3239 of United States Trial Exhibit No. 30.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 27th day of August, 2026, at San Francisco, California.

/s/ Shawn Halbert
SHAWN HALBERT
MARK GOLDROSEN
Counsel for Andre Jones

# [PROPOSED] ORDER

For the reasons set forth in the defendants' motion, the government is not permitted to introduce witness testimony or other evidence regarding Defendant Andre Jones's financial condition. The government's trial exhibits that may not be admitted include the following:

1. Exhibit Nos. 1344 (Andre Jones Acct 8848 Statements from 12/14/23 to 7/16/2024) and 1346 (Andre Jones Acct 8848 Statements from 04/27//2022 to 02/13/2024).
2. Exhibit No. 1507 (Andre Jones Acct 2306 Statements from 12/25/2019 to 4/25/2022).
3. Exhibit No. 1250 (Toro Property Tenant Statement for Sheng Thao and Andre Jones from 10/15/2021-06/04/2024).
4. Exhibit No. 30, page 2258 (Text Message from Sheng Thao to Andre Jones).

.5. Exhibit No. 30, pages 2845-2847 (Text Messages from Sheng Thao to Andre Jones).

6. Exhibit No. 30, page 3239 (Text Message from Sheng Thao to Andre Jones).

IT IS SO ORDERED.

DATED: __________

______________________________
YVONNE GONZALEZ ROGERS
Chief United States District Judge