Jeffrey Tsai (SBN 226081)
*jeff.tsai@us.dlapiper.com*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 615-6055

Darryl Louis Tarver (*admitted pro hac vice)*
*darryl.tarver@us.dlapiper.com*
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

Defendants.

Case No. 4:25-CR-00003-YGR-1

**DEFENDANT SHENG THAO'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 (PRECLUDE EVIDENCE OF UNCHARGED ETHICS CONDUCT)**

Date: September 11, 2026
Time: 9:00 a.m.
Judge: The Hon. Yvonne Gonzalez Rogers

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 11, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7B of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, Defendant Sheng Thao, by and through her attorneys of record, will and hereby does respectfully move this Court for an order in limine excluding certain evidence at trial pursuant to Federal Rules of Evidence 401, 403, and 404(b). Specifically, Ms. Thao respectfully requests that the Court find inadmissible the evidence of alleged uncharged, unrelated ethics violations referenced in Government Exhibit List (Dkt. No. 253) Nos. 1141–1152 and anticipated testimony of government witness Jelani Killings, ethics analyst for the City of Oakland.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings filed in this action, and any other evidence and argument as may be properly before the Court at any hearing on the Motion.

Dated: August 27, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ Darryl Louis Tarver*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT BACKGROUND

### A. Overview of Arguments

This Motion specifically addresses **Government's Exhibit List Nos. 1141–1152** (Dkt. No. 266) and the anticipated testimony of **witness Jelani Killings (ethics analyst for the City of Oakland)** (Dkt. No. 253 ¶ 15).

The government's case hinges on whether it can prove beyond a reasonable doubt that Ms. Thao agreed to take certain official actions on behalf of Mario Juarez, David Duong and Andy Duong in exchange for benefits provided to Ms. Thao and Andre Jones. Other alleged conduct by Ms. Thao unrelated to the charged bribery is not on trial or otherwise at issue. Specifically, based on the government's exhibit list and witness list, Ms. Thao anticipates that the government will seek to introduce evidence of unrelated, unsubstantiated allegations that Ms. Thao supposedly violated non-bribery ethics rules while holding public office through **Government Exhibit Nos. 1141–1152**.

There are at least three problems with the government's strategy. First, this evidence is simply irrelevant, and any conceivable relevance would be far outweighed by the risk of unfair prejudice against Ms. Thao. Second, this evidence largely—if not exclusively—consists of inadmissible hearsay. Third, the government failed to properly notify Ms. Thao of its intent to introduce this evidence via notice pursuant to Federal Rule of Evidence 404(b), and the Court's deadline for such notice expired several months ago. Thus, the Court should preclude such evidence in the government's case-in-chief, cross-examination, or any rebuttal case.

### B. Charges and Procedural Background

The Indictment's central allegation that Ms. Thao engaged in a "corrupt relationship" revolves around a supposed agreement to take official actions as mayor of Oakland in exchange for various benefits promised by Mario Juarez and the Duongs to Ms. Thao. ECF No. 1 ¶ 1. The government alleges that Ms. Thao, while serving as mayor of Oakland, "took steps to carry out her end of the corrupt arrangement." Id. The government alleges that Ms. Thao "fail[ed] to disclose benefits received on California Form 700s" in that it supposedly concealed her

participation in the alleged scheme. Dkt. No. 1 ¶ 15. However, the government has never identified the supposed "benefits" that should have been (but were not) disclosed in any Form 700.

The Court imposed a deadline of May 19, 2026, for the government to provide defendants with notice of its intent to introduce other-acts evidence in accordance with Federal Rule of Evidence 404(b). See Dkt. No. 173. On or about May 19, the government served defendants with a letter setting forth several topics that it intended to introduce pursuant to Rule 404(b) (or that the government argues are intrinsic and therefore not subject to Rule 404(b)). See Ex. 1 to Declaration of Darryl L. Tarver ("Tarver Decl."). The government did not include in its Rule 404(b) notice any reference to allegations that Ms. Thao violated ethics rules or principles. See generally id. Defendants moved to exclude certain evidence referenced in the government's Rule 404(b) notice by July 10, 2026, and the Court heard argument on those defense motions on August 14, 2026. See Dkt. Nos. 216, 221, 233.

**C. Evidence Relevant to this Motion In Limine**

A table summarizing each of the government's exhibits addressed in this Motion is set forth below.

| Exhibit No. | Attachment | Description |
|---|---|---|
| **1141** | Exhibit 2 to Tarver Decl. | Memorandum purporting to establish mandatory training requirements for City of Oakland employees, including ethics trainings. |
| **1142** | Exhibit 3 to Tarver Decl. | Slide deck presentation entitled "Government Ethics Training for Form 700 Filers" presented by Jelani Killings, Ethics Analyst. The 47-slide presentation summarizes several topics, including the Government Ethics Act, Form 700 Statement of Economic Interests Reporting, Restrictions on Gifts from Others, Conflicts of Interests, Misuse of City Resources and Position, Bribery, Nepotism and Revolving Door Rules. |
| **1143** | Exhibit 4 to Tarver Decl. | Slide deck presentation entitled "Rules of the Road: Campaign Activity by Officeholders and City Staff." This presentation is ostensibly from the Public Ethics Commission and contains comments on the requirements |

| Exhibit No. | Attachment | Description |
|---|---|---|
| | | imposed on officeholders and city staff by the Government Ethics Act and the Oakland Campaign Reform Act, including restrictions on political activity, the use of city resources for campaign activities, soliciting campaign contributions from other public servants and ballot measure activities. |
| **1144** | Exhibit 5 to Tarver Decl. | Slide deck presentation entitled "Government Ethics Training for Form 700 Filers" presented by Jelani Killings, ethics analyst. |
| **1145** | Exhibit 6 to Tarver Decl. | Document purporting to show Ms. Thao's acceptance of a February 6, 2019, meeting invitation for "Ethics Check-In" with Jelani Killings. Attached to the meeting invitation is a 121-page document called "Public Ethics Commission: Ethics Resource Binder." The document includes check lists, guides, fact sheets and other policy statements related to several topics in the realm of public ethics. |
| **1146** | Exhibit 7 to Tarver Decl. | Email from a member of Ms. Thao's staff dated July 17, 2019, attaching a document entitled "Public Service Ethics Education Online Proof of Participation Certificate" listing Ms. Thao as the participant who completed the training. |
| **1147** | Exhibit 8 to Tarver Decl. | September 20, 2019, email from a City of Oakland employee to Jelani Killings, copying Ms. Thao, attaching then-councilmember Thao's certification of ethics training for Form 700 filers. Attached to the email are a certificate of completion for Ms. Thao dated September 12, 2019, and what appears to be a printout of the training module. |
| **1148** | Exhibit 9 to Tarver Decl. | December 2021 email thread between Jelani Killings, Ms. Thao and members of Ms. Thao's staff regarding mandatory ethics training. |
| **1149** | Exhibit 10 to Tarver Decl. | January 18, 2023 email from a City of Oakland employee to Jelani Killings and several others containing a chart with names of individuals who are Form 700 filers. Ms. Thao is on the list by virtue of undergoing a department change to the Mayor's Office. |
| **1150** | Exhibit 11 to Tarver Decl. | Email from a City of Oakland employee to "DL – Council Members" dated July 5, 2022 addressing the City of Oakland's new ticket policy and related training. Attached to the email is a City Council ordinance related to ticket distribution policy and a Public Ethics Commission slide deck entitled "City of Oakland Ticket Distribution Policy." |

| Exhibit No. | Attachment | Description |
|---|---|---|
| **1151** | See Tarver Decl. ¶ 13. | Extraction report from David Duong's laptop.[1] |
| **1152** | Exhibit 12 to Tarver Decl. | 119-page Ethics Resource Binder, which appears to be similar in content to the attachment to Exhibit No. 1145. |

The government provided notice via its witness list (Dkt. No. 253) that it may call Jelani Killings to testify at trial. The government describes Mr. Killings as "an ethics analyst for the City of Oakland, including the ethics requirements for City employees, ethics trainings given, Sheng Thao's Form 700 submissions, and his interactions with Sheng Thao and members of her staff." Dkt. No. 253 at 4.

## II. ARGUMENT

### A. Evidence of uncharged, unrelated allegations that Ms. Thao violated ethics rules or mandates is irrelevant and risks unfair prejudice

Given the above-described government exhibits and witness testimony, Ms. Thao expects the government to focus a significant portion of its trial presentation on Ms. Thao's conduct relative to the relevant ethics mandates to which she was subject as an Oakland City Councilmember and as Mayor of Oakland. See Tarver Decl. Exs. 2–12. This evidence is irrelevant and therefore inadmissible under Rule 402.

The Indictment contains just a single generic reference to Form 700s as a means of concealing the scheme, but it does not specify the "benefits" allegedly concealed. See Dkt. No. 1 ¶ 15. Nor does it allege that any Form 700 reporting violations related to the underlying quid pro quo that was the crux of the alleged scheme. By contrast, the Government Exhibit List contains

[1] The connection between Government Exhibit 1151 and the proffered ethics testimony of Mr. Killings is unclear, but the government describes this exhibit as simply, "Killings Documents." See Tarver Decl. ¶ 13. In addition to the objections set forth in this Motion, Ms. Thao additionally objects to Government Exhibit 1151 on the ground that the government has not specified which portion(s) of this 10,000+ page exhibit, if any, it believes may be relevant. Id. In the interest of conserving judicial resources, counsel has not attached Government Exhibit 1151 because its contents are not relevant to this Motion, and the 300MB document is roughly six times the 50MB size limit for exhibits filed through ECF. See Preparing Your CM/ECF Filing, U.S. District Court for the Northern District of California, https://cand.uscourts.gov/cases-e-filing/cmecf-information/preparing-your-cmecf-filing (last visited Aug. 27, 2026).

over a dozen entries concerning ethics rules and policies and Ms. Thao's training related to the same. Some of these policies are far afield from the conduct that is charged. For example, Exhibit 1150 specifically refers to the City's "Ticket Distribution Policy," though the Indictment contains no allegations relating to Ms. Thao's receipt or use of tickets during her term as Mayor of Oakland or at any other time. See Tarver Decl. Ex. 11. Similarly, Exhibit 1143 states that use of City of Oakland resources for campaign activities is prohibited, but there are no allegations in the Indictment suggesting Ms. Thao used (or misused) City resources for her campaign in furtherance of the alleged scheme. See Tarver Decl. Ex. 4. Instead of proving any fact-in-issue, these exhibits may be used only to suggest that Ms. Thao violated ethics rules or policies on occasions during her public service to the City of Oakland. Setting aside that any such allegations are entirely unsubstantiated, they are in no way probative on the issue of whether Ms. Thao promised to take official acts in exchange for benefits provided by Juarez and the Duongs as charged in the Indictment.

Ms. Thao expects that the government will call Mr. Killings (the Oakland ethics analyst) as its sponsor for Exhibits 1141-1152. See Dkt. 253 at 4 ("United States' Witness List") (describing Killings' testimony as "including the ethics requirements for City employees, ethics trainings given, Sheng Thao's Form 700 submissions, and his interactions with Sheng Thao and members of her staff"). Testimony from Mr. Killings touching on any of the topics described above that are not facts-in-issue in the case (i.e., Exhibits 1141-1152) should be precluded.

In contrast with any minimal probative value, these exhibits and related testimony pose a major risk of Rule 403 dangers. Indeed, evidence should be excluded "if its probative value is outweighed by unfair prejudice." United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998). Uncharged, unrelated alleged ethics violations risk unfair prejudice against Ms. Thao because they could lead the jury to believe that Ms. Thao disregarded ethics rules and policies, and therefore she was likely to have engaged in the large-scale corruption that the government alleges. "Unfair prejudice refers to an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one' or 'evidence designed to elicit a response from the jurors that is not justified by the evidence.'" Id. (quoting Weinstein's Federal

Evidence § 403.04 (2d ed. 1997).)

Moreover, admitting this evidence creates the risk of a trial within a trial insofar as Ms. Thao will need an opportunity to rebut any perception that she acted unethically while in office by introducing evidence of the numerous occasions on which she closely followed ethics rules. Rather than expend the jury's and the Court's time on such tangential allegations, this evidence should be excluded in the first instance.

**B. Exhibits 1141–1152 constitute hearsay without an applicable exclusion or exception and are therefore inadmissible for their truth**

To the extent the government seeks to introduce the portions of Exhibits 1141–1152 for the purpose of establishing that certain ethical rules and policies governed Ms. Thao while in office, the government would necessarily be introducing the statements in these documents for their truth. "Each type of statement must satisfy an exception to the rule against hearsay in order to be admitted for its truth." United States v. Morales, 720 F.3d 1194, 1201 (9th Cir. 2013). Here, however, there is no applicable exception covering these exhibits, and they are therefore inadmissible hearsay. See, e.g., Destacamento Gonzalez v. City of Garden Grove, No. CV 05-1506 CAS (JTLx), 2006 U.S. Dist. LEXIS 97148, at *17 (C.D. Cal. Dec. 4, 2006) (training manuals were excluded as inadmissible hearsay not meeting any exception).

Exhibits 1141–1152 are not records of regularly conducted activity that can be admitted via Rule 803(6) because there is no indication that they were made at or near the time of any act, event, condition, opinion or diagnosis. They are also not public records that can be admitted under Rule 803(8) because they do not set out the office's activities, any matter observed while under a legal duty to report, or factual findings from a legally authorized investigation. They are not learned treatises, and thus do not satisfy Rule 803(18), because they are not being introduced through an expert witness's testimony. There is no exception applicable to these out-of-court statements and therefore they cannot be admitted for their truth.

/ / /

/ / /

### C. The government failed to give notice of its intention to introduce evidence of uncharged, unrelated allegations about Ms. Thao's ethics violations pursuant to Rule 404(b)

To the extent the government intends to introduce evidence that Ms. Thao failed to comply with any ethics rules or policies that are not described in the Indictment, the government was required to give defendants notice of its intent to introduce that evidence by May 19, 2026. Tellingly, the government failed to give the requisite notice regarding any alleged ethics violations by Ms. Thao, and it failed to identify a non-propensity purpose for admitting these alleged other acts. Cf. Fed. R. Evid. 404(b)(3)(A) & (B) (requiring the government to provide reasonable notice of other-acts evidence and articulate the permitted purpose and reasoning). For that additional reason, evidence of ethics violations by Ms. Thao—including but not limited to the policies described in Exhibits 1141–1152 and any testimony Mr. Killings may offer regarding Ms. Thao's conduct relative to those policies—was not timely disclosed and should be precluded. See, e.g., United States v. Vega, 188 F.3d 1150, 1153 (9th Cir. 1999) ("Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues.").[2]

## III. CONCLUSION

For the foregoing reasons, Defendant Sheng Thao respectfully asks this Court to enter an in-limine order excluding evidence of uncharged ethics conduct, including but not limited to Government Exhibits Nos. 1141–1152 and the potential testimony of Jelani Killings.

Dated: August 27, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ Darryl Louis Tarver*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*

[2] Notably, "[f]ailure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." Id.