Winston Y. Chan (SBN 214884)
Christine A. Bonomo (SBN 364178)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8362
Facsimile: (415) 393-8306
Email: wchan@gibsondunn.com

W. Douglas Sprague (SBN 202121)
Bryanna Walker (SBN 345454)
**COVINGTON & BURLING LLP**
415 Mission St., Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: dsprague@cov.com

Erik Babcock (SBN 172517)
**LAW OFFICES OF ERIK BABCOCK**
420 3rd Street, Suite 250
Oakland, California 94607
Telephone: (510) 452-8400
Facsimile: (510) 201-2084
Email: erik@babcocklawoffice.com

Attorneys for Defendant Andy Hung Duong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG,<br><br>Defendants. | Case No. 4:25-CR-00003-YGR<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO EVIDENCE HAVING BEEN OBTAINED BY "WARRANT" OR WITH "COURT-AUTHORIZATION"**<br><br>Hearing Date: September 11, 2026<br>Hearing Time: 9:00 a.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor |

## NOTICE

**PLEASE TAKE NOTICE** that on September 11, 2026, at 9:00 a.m., before the Honorable Yvonne Gonzalez Rogers, defendants will and hereby do move in limine to preclude the prosecution from referencing, or witnesses from testifying, that evidence in the case was obtained by "warrant" or after "court-authorization." This motion is based on the instant notice, the attached memorandum of points and authorities, the files and records in this matter, and such evidence and argument as may be presented at the hearing.

DATED: August 27, 2026

Respectfully submitted,

By: */s/ W. Douglas Sprague*

W. Douglas Sprague
Bryanna Walker
COVINGTON & BURLING LLP

Winston Y. Chan
Christine A. Bonomo
GIBSON, DUNN & CRUTCHER LLP

Erik Babcock
LAW OFFICES OF ERIK BABCOCK

Attorneys for Defendant Andy Hung Duong

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government executed approximately fifteen federal court-authorized searches in the investigation underlying the charged conspiracy.[1] The defendants anticipate that in addressing the jury or laying the foundation for admission of evidence, the prosecution will reference or elicit testimony related to the procedure underlying the searches and seizures in this case. Defendants anticipate the prosecution may also seek such testimony from law enforcement officers summarizing the investigation of the charged conspiracy. In so doing, the prosecution has not agreed to avoid describing the searches and seizures as pursuant to a "warrant" or "court-authorized."

Testimony about the lawfulness of the searches and seizures is inadmissible as impermissible vouching and bolstering of the evidence in the case. Testimony that a federal judge found the facts alleged in a search warrant application and affidavit sufficient to authorize a search is irrelevant and unduly prejudicial. Permitting this evidence would allow government witnesses to signal and insinuate to the jury that a court has already determined the guilt of the defendants in a prior related ruling. The Court should preclude questioning or testimony about the lawfulness of any searches or seizures in this case, including any reference to a "warrant" or "court-authorization." The government and its witnesses need not go beyond stating that evidence was seized during a search or that evidence was obtained from a third party.

## II. LEGAL STANDARD

This Court has broad authority in ruling on a motion in limine. "[A] ruling on a motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017); *see Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials."). Motions in limine serve as a useful "procedural

[1] *See* 4:24-mj-70911-KAW; 4:24-mj-70930-KAW; 4:24-mj-70932-KAW; 4:23-mj-71088-KAW; 4:24-mj-70247-KAW; 4:24-mj-70498-DMR; 4:24-mj-70636-KAW; 4:24-mj-70701-DMR; 4:24-mj-70700-DMR; 4:24-mj-70702-DMR; 4:24-mj-70776-DMR; 4:24-mj-71034-KAW; 4:24-mj-70921-KAW; 4:25-mj-70038-KAW; 4:25-mj-70673-KAW.

mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

In witness testimony, improper vouching occurs when "the prosecutor indicates that information not presented to the jury supports the witness's testimony." *United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002). Vouching may occur either through a prosecutor's own remarks "or when the prosecutor elicits vouching testimony from witnesses." *United States v. Stinson*, 647 F.3d 1196, 1212 (9th Cir. 2011) (quoting *Cheney v. Washington*, 614 F.3d 987, 996 n. 4 (9th Cir. 2010)).

Testimony must meet all standards for admissibility. Therefore, the Court should preclude irrelevant testimony (Federal Rule of Evidence 402) or testimony where the prejudicial effect substantially outweighs the probative value (Federal Rule of Evidence 403).

## III. ARGUMENT

The government seeks to elicit testimony regarding the searches and seizures in this case that amounts to improper vouching for the associated testimony and evidence. There is no probative value to testimony that a federal judge found probable cause in a warrant application. Rather, this testimony would have a prejudicial effect against the defendants and should be precluded pursuant to Federal Rule of Evidence 403.

First, testimony that insinuates to the jury that a federal judge made a credibility finding as to the evidence presented by a witness amounts to improper vouching. Improper vouching may occur when questioning or testimony indicates that government attorneys or a federal judge made a determination as to a defendant's guilt. *See United States v. Brooks*, 508 F.3d 1205, 1210–11 (9th Cir. 2007) (finding that detailed inquiry into the process underlying wiretap authorization amount to improper vouching). In *Brooks*, though the Court ultimately found no plain error in the direct examinations, the Court noted improper vouching had occurred and stated specifically, "the government does not have to prove that the electronic recording of the conversation was properly authorized by a judge to establish the recording was 'true, accurate and authentic.'" *Id*. at 1211 (quoting *United States v. Cunningham*, 462 F.3d 708, 713 (7th Cir. 2006).

The Ninth Circuit extended the reasoning from *Brooks* to search warrants in a subsequent case. *United States v. Wells*, 2022 WL 17668096, at *2 (9th Cir. Dec. 14, 2022). Though in that case, the

prosecutor's questions about search warrants "did not run afoul of this rule" because the defendant advanced a theory that the cause for the investigation was inadequate and elicited similar testimony on cross-examination. Here, absent challenge to the adequacy of the justification for initiating the investigation of the defendants or the related searches, any reference to the lawfulness of the searches would be improper vouching without justification. Like in *Brooks*, the government does not need to present evidence through witness testimony that the searches and seizures were properly authorized by a judge in order to establish a foundation for admission of evidence or general background of the investigation, especially absent any counterargument by the defense. *Brooks*, 508 F.3d at 1211.

Furthermore, the evidence is inadmissible as the prejudicial effect outweighs any probative value. Fed. R. Evid. 403. The government does not need to introduce evidence about the procedural background that led to the seizure of certain evidence in order to present such evidence to the jury. Such procedural background provides no probative value as to the guilt of the defendants. Rather, eliciting testimony that bolsters the credibility of law enforcement officers and introduces the opinion of a third-party, notably a federal judge, as to probable cause could only prejudice the jury against the defendants. This evidence will impermissibly suggest to the jury that materials not presented at trial further prove the guilt of the defendants and that they can rely upon these materials in coming to their own determination of guilt. Neither is permitted.

## IV. CONCLUSION

For the reasons stated above, the defendants respectfully request that this Court preclude the prosecution or witnesses from describing the evidence in the case as having been obtained by "warrant" or with "court-authorization."

DATED: August 27, 2026

Respectfully submitted,

By: */s/ W. Douglas Sprague*

W. Douglas Sprague
Bryanna Walker
COVINGTON & BURLING LLP

Winston Y. Chan
Christine A. Bonomo
GIBSON, DUNN & CRUTCHER LLP

Erik Babcock
LAW OFFICES OF ERIK BABCOCK

Attorneys for Defendant Andy Hung Duong