Jeffrey Tsai (SBN 226081)
*jeff.tsai@us.dlapiper.com*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 615-6055

Darryl Louis Tarver (*admitted pro hac vice)*
*darryl.tarver@us.dlapiper.com*
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

Defendants.

Case No. 4:25-CR-00003-YGR-1

**DEFENDANT SHENG THAO'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 (PRECLUDE EVIDENCE OF STAFF PAY ISSUES)**

Date: September 11, 2026
Time: 9:00 a.m.
Judge: The Hon. Yvonne Gonzalez Rogers

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 11, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7B of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, Defendant Sheng Thao, by and through her attorneys of record, will and hereby does respectfully move this Court for an order in limine excluding certain evidence at trial pursuant to Federal Rules of Evidence 401, 403, and 404(b). Specifically, Ms. Thao respectfully requests that the Court find inadmissible evidence of alleged pay disputes and discrepancies among Ms. Thao's campaign and/or mayoral staff, which the government may elicit through anticipated testimony of witnesses Harold Duffey, Julie Caskey and/or Noah Finneburgh.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings filed in this action, and any other evidence and argument as may be properly before the Court at any hearing on the Motion.

Dated: August 27, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ Darryl Louis Tarver*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT BACKGROUND

### A. Overview of Arguments

Ms. Thao anticipates the government may seek to introduce evidence of pay disputes and irregularities raised by Ms. Thao's campaign staffers and/or her mayoral staff. Throughout this pretrial process, the government has made clear its intent to make Ms. Thao's financial situation a point of emphasis at trial. Indeed, the government appears to view Ms. Thao's financial difficulties as a backdoor means of proving Ms. Thao's incentive to take part in a bribery scheme that (according to Mario Juarez) could have netted her hundreds of thousands, even millions of dollars.

But the government cannot prove any nexus whatsoever between Ms. Thao's alleged involvement in a bribery scheme and the compensation paid or owed to her staff. To be sure, this evidence is irrelevant to the charged crimes and inappropriate for the jury to consider while deliberating on Ms. Thao's guilt or innocence. Evidence related to pay disputes or discrepancies also risks significant unfair prejudice against Ms. Thao and provokes a side trial on these issues. Moreover, because the government failed to provide notice of its intent to introduce this evidence under Rule 404(b), this Court should not allow such evidence to be introduced through any of the government's potential witnesses or through any other means.

### B. Charges and Procedural Background

The Indictment alleges that, beginning in late 2022, Ms. Thao engaged in a "corrupt relationship" in which she promised to take official actions as mayor of Oakland in exchange for various benefits promised by Mario Juarez (pseudonymously referred to in the Indictment as "Co-Conspirator 1") and the Duongs to Ms. Thao and Mr. Jones. ECF No. 1 ¶ 1. The government alleges that Ms. Thao, while serving as mayor of Oakland, "took steps to carry out her end of the corrupt arrangement." Id. ¶ 2.

Jury selection in this case is set to begin on October 13, 2026, and trial is to begin thereafter. See Dkt. No. 281. The Court imposed a deadline of May 19, 2026, for the government to provide defendants with notice of its intent to introduce other-acts evidence in accordance with

Federal Rule of Evidence 404(b). See Dkt. No. 173. On or about May 19, the government served defendants with a letter setting forth several topics that it intended to introduce pursuant to Rule 404(b) (or that the government argues are intrinsic and therefore not subject to Rule 404(b)). See Ex. 1 to Declaration of Darryl L. Tarver ("Tarver Decl."). Defendants moved to exclude certain evidence referenced in the government's Rule 404(b) notice by July 10, 2026, and the Court heard argument on those defense motions on August 14, 2026. See Dkt. Nos. 216, 221, 233. Tellingly, the government failed to include in its Rule 404(b) notice any reference to allegations regarding staff pay disputes or discrepancies. See generally Tarver Decl. Ex. 1.

### C. Evidence Relevant to this Motion In Limine

The government provided notice via its witness list (Dkt. No. 253) that it may call **Julie Caskey**, **Leigh Hanson**, **Harold Duffey** and **Noah Finneburgh** to testify at trial. Ms. Thao anticipates that the government may introduce testimony from one or more of these witnesses concerning disputes about staff pay.

**Ms. Caskey** is Ms. Thao's former campaign manager who may "testify about her experience working as Sheng Thao's campaign manager during the 2022 Oakland Mayoral campaign and her interactions with people involved in the campaign." Id. at 3. Ms. Thao anticipates Ms. Caskey may testify that she is still owed money from her work on Ms. Thao's campaign and that the campaign may have owed money to other consultants and/or staff. See Tarver Decl. Ex. 2.

**Ms. Hanson** is a former City of Oakland employee who "will testify about her experience working on Sheng Thao's mayoral campaign and on her staff, including her experience as Sheng Thao's Chief of Staff." Dkt. No. 253 at 4. Ms. Thao anticipates Ms. Hanson may testify that Ms. Thao's campaign owed money to Ms. Caskey well after Ms. Thao was sworn in as Mayor of Oakland. Tarver Decl. See Tarver Decl. Ex. 3 at 11-12.

**Mr. Duffey** is a former City of Oakland employee and served as Interim City Administrator in the Spring of 2023. The government states he may testify about (among other things) "his interactions with Sheng Thao, members of Sheng Thao's staff." Dkt. No. 253, at 4. Ms. Thao anticipates Mr. Duffey may testify regarding information he obtained about Ms. Thao's

alleged campaign debts. See Tarver Decl. Ex. 4.

**Mr. Finneburgh** is a former member of Ms. Thao's 2022 mayoral campaign who may testify about his experience working on Ms. Thao's 2022 Oakland Mayoral Campaign. Dkt. No. 253 at 5. Ms. Thao anticipates Mr. Finneburgh may testify that Ms. Thao's campaign owes him money for his services.

## II. ARGUMENT

### A. Evidence of staff pay issues is irrelevant and poses high risk of unfair prejudice and juror confusion.

Any alleged staff pay issues bear no relevance to the question of whether Ms. Thao agreed to perform official acts in exchange for benefits paid by Juarez and/or the Duongs. In fact, the government cannot point to any connection between the compensation paid or owed to Ms. Thao's staff and the charged bribery scheme in the Indictment or elsewhere.

Alternatively, testimony and other evidence on these topics should be excluded under Rule 403 because any potential relevance to Ms. Thao's finances (or any other fact in issue) is remote and far outweighed by the risk of unfair prejudice. See United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998). Testimony by any witnesses about campaign debts owed to Ms. Caskey, Mr. Finneburgh, and/or any other staff would only invite jurors to speculate that the allegedly unpaid campaign debts were the result of some misconduct on the part of Ms. Thao. Moreover, jurors may not appreciate the difference between Ms. Thao's personal finances and Ms. Thao's campaign accounts, which could cause confusion and prompt a side trial on this narrow issue. As a result, the Court should preclude evidence on this issue pursuant to Federal Rules of Evidence 401, 402, and 403.

### B. The government failed to give notice of its intention to introduce evidence of staff pay issues pursuant to Rule 404(b) or articulate a non-propensity purpose for such evidence.

To the extent the government intends to introduce pay disputes in evidence, the government was required to give defendants notice of its intent to introduce that evidence by May 19, 2026. The government failed to do so, thereby waiving its ability to introduce evidence on these topics at trial. See Fed. R. Evid. 404(b)(3)(A) (the prosecutor must "provide reasonable

notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"). In addition, the government has failed to set forth any non-propensity purpose for admitting this evidence. See id. at (b)(3)(B) (the prosecutor must "articulate in the [Rule 404(b)] notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose"). If the government intends to introduce evidence on these topics at trial, the government's failure to give notice has prejudiced Ms. Thao's defense by delaying the opportunity to conduct investigation on these allegations and develop any rebutting or mitigating evidence. See, e.g., United States v. Vega, 188 F.3d 1150, 1153 (9th Cir. 1999) ("Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues.").[1]

For these additional reasons, pay issues concerning Ms. Thao's staff—including testimony on these topics from Ms. Caskey, Ms. Hanson, Mr. Duffey, Mr. Finneburgh, or any other witnesses—should be excluded from trial.

## III. CONCLUSION

For the foregoing reasons, Defendant Sheng Thao respectfully asks this Court to enter an in limine order excluding evidence of staff pay issues, including but not limited to testimony by Julie Caskey, Leigh Hanson, Harold Duffey, and Noah Finneburgh on these topics.

Dated: August 27, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ Darryl Louis Tarver*
JEFFREY TSAI
DARRYL LOUIS TARVER
*Attorneys for Defendant Sheng Thao*

[1] Notably, "[f]ailure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." Id.