CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
BRANDON K. MOORE (MDBN 1312180261)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov
Brandon.moore@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>UNITED STATES' OPPOSITION TO DEFENDANT ANDY DUONG'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AND NON-NOTICED EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS |

## INTRODUCTION

Defendant Andy Duong seeks to exclude portions of a January 19, 2024 recording in which he sought an Oakland City Councilmember's support for Evolutionary Homes, as well as evidence concerning his relationship with former San Leandro City Councilmember Bryan Azevedo. The challenged portions of the January 19 recording provide important context for Andy Duong's efforts to gain support for Evolutionary Homes and are direct evidence of the charged conspiracy. The government does not intend to introduce the separate COVID-era payments identified in Duong's motion. The motion should therefore be denied in part and denied as moot in part.

## ARGUMENT

### I. The January 19, 2024 Recording is Admissible

The government seeks to admit a recording of a January 19, 2024 call between Andy Duong and an Oakland City Councilmember. Priedeman Decl., Ex. A (Transcript for January 19, 2024 call). During the call, Andy Duong and the councilmember discussed the recall attempts against Thao, a local elected federal prosecutor, and another Oakland City Councilmember, as well as Evolutionary Homes.

At the beginning of the call, Andy Duong invites the councilmember to "party" on a "yacht." Ex. A at 2:18-3:6. When the councilmember says he could not attend, Andy Duong says he will keep him posted on the next one, and that next time they can do a "private one for us only." *Id.* at 3:8-9.

The Councilmember then asked about the status of the recalls against Thao and the others, and Andy Duong expressed that the Duongs would "put a stop" to the recalls, but described their support as contingent on the elected officials taking actions requested by the Duongs. With respect to the elected prosecutor, Andy Duong stated that he "confronted her" and was "giv[ing] her the opportunity to . . . take the lead on prosecuting" the individual who killed an Oakland Police Department (OPD) officer, and that if she didn't, Andy Duong indicated the recall would likely move forward. Ex. A at 3:21-6:6.

Andy Duong then went on to explain his frustration that Thao had not yet caused Oakland to purchase housing units from Evolutionary Homes and recounted telling Thao that if she wanted to "continue for another term, [she] better start acting right." *Id.* at 9:9-10. Andy Duong told the Councilmember that, following his conversation with Thao, she called the City Administrator Jestin

Johnson who subsequently toured Evolutionary Homes, as the Duongs had been requesting. *Id.* at 9:11-9:18. Immediately after recounting those conversations with the prosecutor and Thao, Andy Duong pitched Evolutionary Homes to the councilmember. He stated that he wanted "Oakland to be the first" to purchase the housing units and invited the Councilmember to tour the units. *Id.* at 9:19-11:14.

As described in more detail in the government's United States' Response to Defendants' Objection to Admission of Certain Coconspirator Statements, Andy Duong's statements during the call were made in furtherance of the conspiracy. The government anticipates that Mario Juarez will testify that Thao told the Duongs and Juarez that they should make Oakland's agreement to purchase Evolutionary Homes' units look more legitimate by gaining the support of the Oakland City Council. This call reflects Andy Duong's efforts to do just that.

The sequence of events is particularly probative. Andy Duong first discussed the benefits available to the Councilmember himself, i.e., an invitation to socialize privately on a yacht. He then explained, through concrete examples, involving other public officials, that the Duongs' support was contingent on those officials taking actions the Duongs wanted. With respect to Thao in particular, Andy Duong described threatening her political future because she had not acted as he wanted, explained that she responded by directing the City Administrator to visit Evolutionary Homes, and then immediately asked the Councilmember to support that same business venture. In context, the discussion conveyed an implicit but readily apparent message: the Duongs could provide political and personal benefits to public officials who "act[ed] right," and Andy Duong wanted the Councilmember to support Evolutionary Homes.

Andy Duong moves to exclude his statements regarding the local prosecutor and his invitation to the Councilmember to "party" on the "yacht" as irrelevant and prejudicial. The Court should deny the motion. Both portions of the motion provide important context for Andy Duong's effort to obtain the Councilmember's support. The prosecutor discussion demonstrates what Andy Duong meant when he told the Councilmember that the Duongs could stop the recalls: their political support was leverage that could be withheld unless a public official took the action they sought. The yacht invitation similarly provides context for the Andy Duong's relationship with the Councilmember and his efforts to curry favor and provide him with benefits. Removing those portions of the conversation would artificially

sever the Evolutionary Homes pitch from the circumstances in which Andy Duong made it and obscure the import of the message he conveyed to the Councilmember.

Nor is 404(b) implicated. The challenged statements are part of a conversation during which Andy Duong sought to advance an objective of the charged conspiracy, namely gaining support from Oakland City Councilmembers for Evolutionary Homes, and is therefore direct evidence of the charged scheme. *United States v. Cervantes*, 170 F. Supp.3d 1226, 1234 (N.D. Cal. 2016) ("acts allegedly carried out in furtherance of the conspiracy . . . need not be analyzed under Rule 404(b)").

## II. The Azevedo Bribery Scheme is Admissible

Andy Duong also seeks to exclude testimony that he allegedly paid cash to former San Leandro City Councilmember Bryan Azevedo during the COVID-19 pandemic shutdown. The government does not intend to elicit testimony or introduce evidence concerning that alleged cash payment.

As detailed in the government's Consolidated Opposition to Defendants' Motions to Exclude Evidence, the government intends to introduce evidence that Andy Duong and Juarez bribed Azevedo in 2023 in connection with Evolutionary Homes. Dkt. 235 at 16-20. Evidence generally describing the preexisting relationship between Andy Duong and Azevedo is relevant to explain and corroborate the later conduct.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Andy Duong's Motion *in Limine* No. 1 as to the January 19, 2024 recording and deny as moot the motion as to the COVID-era payment.

DATED: September 3, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
BRANDON MOORE
Assistant United States Attorneys