# EXHIBIT A

TRULY SUGHRUE, Counsel
State Bar No. 223266
Bureau of Real Estate
P.O. Box 137007
Sacramento, CA 95813-7007

Telephone: (916) 263-8672
(916) 263-8676 (Direct)

Fax: (916) 263-3767

FILED

JUL 22 2014

BUREAU OF REAL ESTATE

By Chaime

BEFORE THE BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

| | |
|---|---|
| In the Matter of the Accusation of<br><br>MARIO R. JUAREZ,<br><br>Respondent. | No. H-11739 SF<br><br><u>ACCUSATION</u> |

The Complainant, ROBIN S. TANNER, a Deputy Real Estate Commissioner of the State of California, for cause of Accusation against MARIO R. JUAREZ (Respondent), is informed and alleges as follows:

<u>PRELIMINARY ALLEGATIONS</u>

1

The Complainant, ROBIN S. TANNER, a Deputy Real Estate Commissioner of the State of California, makes this Accusation in her official capacity.

2

Respondent is presently licensed and/or has license rights under the Real Estate Law, Part 1 of Division 4 of the Business and Professions Code (Code).

///

///

3

At all times mentioned, Respondent was and is licensed by Bureau as a real estate broker.

4

At all times mentioned, Respondent engaged in the business of, acted in the capacity of, advertised, or assumed to act as a real estate broker within the State of California within the meaning of Sections 10131(b) of the Code, including the operation and conduct of a property management business with the public wherein, on behalf of others, for compensation or in expectation of compensation, Respondent leased or rented and offered to lease or rent, and solicited for prospective tenants of real property or improvements thereon, and collected rents from real property or improvements thereon.

FIRST CAUSE OF ACTION

5

Each and every allegation in Paragraphs 1 through 4, inclusive, is incorporated by this reference as if fully set forth herein.

6

On or about December 18, 2012, Respondent, acting as the listing and leasing agent in the leasing of the real property located at 3526 San Leandro Street, Oakland, California (property), requested owner, Marcello C. (Marcello), sign a Commercial Lease Agreement (agreement). The terms of the agreement called for the first month's rent of $3,500 and a security deposit of $7,000 to be collected. As compensation, Respondent was to be paid the first month's rent, approximately $3,500, as a commission.

///

///

///

///

///

7

On or about December 18, 2012, Respondent, acting as the listing and leasing agent in the leasing of the property, requested tenant, John B. (John), sign the agreement. However, the terms of the agreement presented to John differed significantly from the agreement Marcello signed in that it called for first month's rent of $3,500, security deposit of $21, 000, credit application fee of $70, and broker commission tenant of $10,000 to be collected.

8

On or about December 19, 2012, Respondent collected and received from John a cashier's check in the amount of $34,570, in connection with the leasing of the property. This $34,570 were trust funds, funds accepted or received from or on behalf of owners and tenants in connection with the leasing, renting, and collection of rents on real property or improvements thereon.

9

On or about December 20, 2012, Respondent deposited the $34,570 collected from John into account #XXXXXX6095, maintained at Wells Fargo Bank. This account was not designated as a trust account, as required by Section 10145 of the Code and Section 2832 of Title 10 of the California Code of Regulations (Regulations).

10

On or about December 20, 2012, Respondent gave Marcello a cashier's check in the amount of $7,000.

11

At no time did Marcello have knowledge or authorize Respondent to collect or keep any funds beyond the $7,000 deposit and $3,500 commission.

///

///

///

///

12

Respondent converted and/or comingled approximately $34,570 of trust funds in connection with the activities described in Paragraphs 5 through 11. Respondent converted and/or commingled said trust funds for Respondent's own use and benefit or to purposes not authorized by the rightful owners of said funds.

13

The facts in the First Cause of Action are grounds for the suspension or revocation of Respondent's licenses and license rights under Sections 10176(e), 10176(i), 10177(g), and/or 10177(j) of the Code.

14

The facts alleged in Paragraph 9 are grounds for the suspension or revocation of Respondent's licenses and license rights under Section 10177(d) of the Code in conjunction with Section 10145 of the Code and Section 2832 of the Regulations.

SECOND CAUSE OF ACTION

15

Each and every allegation in Paragraphs 1 through 14, inclusive, is incorporated by this reference as if fully set forth herein.

16

On or about July 22, 2013, through July 23, 2013, an audit was conducted of the records of Respondent. The auditor herein examined the records for the period of October 26, 2011, through May 31, 2013.

17

In connection with said audit, Respondent represented to the auditor that Respondent did not maintain a bank account used to handle trust funds during the audit period.

18

In truth and fact, Respondent collected the trust funds described in Paragraph 8 and deposited the funds into the account described in Paragraph 9.

19

The false statement and misrepresentation by Respondent are grounds for the suspension or revocation of Respondent's licenses and license rights under Section 10177(j) of the Code.

COST RECOVERY

20

Section 10106 of the Code provides, in pertinent part, that in any order issued in resolution of a disciplinary proceeding before the Bureau, the Commissioner may request the Administrative Law Judge to direct a licensee found to have committed a violation of this part to pay a sum not to exceed the reasonable costs of the investigation and enforcement of the case.

WHEREFORE, Complainant prays that a hearing be conducted on the allegations of this Accusation and that upon proof thereof, a decision be rendered imposing disciplinary action against all licenses and license rights of Respondents under the Code, for the cost of investigation and enforcement as permitted by law, and for such other and further relief as may be proper under the provisions of law.

ROBIN S. TANNER
Deputy Real Estate Commissioner

Dated at Fresno, California,
this 18th day of July, 2014

DISCOVERY DEMAND

Pursuant to Sections 11507.6, *et seq.* of the *Administrative Procedure Act*, the Bureau of Real Estate hereby makes demand for discovery pursuant to the guidelines set forth in the *Administrative Procedure Act*. Failure to provide Discovery to the Bureau of Real Estate may result in the exclusion of witnesses and documents at the hearing or other sanctions that the Office of Administrative Hearings deems appropriate.

FILED
MAR 16 2015
BUREAU OF REAL ESTATE
By [signature]

BEFORE THE BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

| | |
|---|---|
| In the Matter of the Accusation of<br><br>MARIO R. JUAREZ,<br><br>Respondent. | NO. H-11739 SF<br><br>OAH NO. 2014090773 |

ORDER ACCEPTING VOLUNTARY SURRENDER OF REAL ESTATE LICENSE

On July 22, 2014, an Accusation was filed in this matter against Respondent MARIO R. JUAREZ.

On February 11, 2015, Respondent petitioned the Commissioner to voluntarily surrender his real estate broker license pursuant to Section 10100.2 of the Business and Professions Code.

IT IS HEREBY ORDERED that Respondent MARIO R. JUAREZ 's petition for voluntary surrender of his real estate broker license is accepted as of the effective date of this Order as set forth below, based upon the understanding and agreement expressed in Respondent's Declaration dated February 11, 2015 (attached as Exhibit "A" hereto).

///

///

Respondent's license certificate(s), pocket card(s) and any branch office license certificate(s) shall be sent to the below listed address so that they reach the Bureau on or before the effective date of this Order:

BUREAU OF REAL ESTATE
Attn: Licensing Flag Section
P. O. Box 137013
Sacramento, CA 95813-7013

This Order shall become effective at 12 o'clock noon on APR 06 2015.

DATED: MARCH 13, 2015

REAL ESTATE COMMISSIONER

By: JEFFREY MASON
Chief Deputy Commissioner

BEFORE THE

BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

In the Matter of the Accusation of:

MARIO R. JUAREZ

Respondent.

NO. H-11739 SF

DECLARATION

My name is MARIO R. JUAREZ and I am currently licensed as a real estate broker and/or have license rights with respect to said license.

In lieu of proceeding in this matter in accordance with the provisions of the Administrative Procedure Act (sections 11400 et seq., of the Government Code), I wish to voluntarily surrender my real estate license(s) issued by the California Bureau of Real Estate ("the Bureau"), pursuant to Business and Professions Code section 10100.2.

I understand that by voluntarily surrendering my license(s), I may be re-licensed as a salesperson or as a broker only by petitioning for reinstatement pursuant to section 11522 of the Government Code. I also understand that by voluntarily surrendering my license(s), I agree to the following:

EXHIBIT A

1. The filing of this Declaration shall be deemed as my petition for voluntary surrender.

2. It shall also be deemed to be an understanding and agreement by me that I waive all rights I have to require the Commissioner to prove the allegations contained in the Accusation filed in this matter at a hearing held in accordance with the provisions of the Administrative Procedure Act (Government Code sections 11400 et seq.), and that I also waive other rights afforded to me in connection with the hearing such as the right to discovery, the right to present evidence in defense of the allegations in the Accusation and the right to cross-examine witnesses.

3. I further agree that upon acceptance by the Commissioner, as evidenced by an appropriate order, all affidavits and all relevant evidence obtained by the Bureau in this matter prior to the Commissioner's acceptance, and all allegations contained in the Accusation filed in the Bureau Case No. H-11739 SF may be considered by the Bureau to be true and correct for the purpose of deciding whether to grant re-licensure or reinstatement pursuant to Government Code section 11522.

4. I freely and voluntarily surrender all my licenses and license rights under the Real Estate Law.

5. If and when a petition application is made for reinstatement of a surrendered license, the Real Estate Commissioner will consider as one of the criteria of rehabilitation, whether or not restitution has been made to any person who has suffered monetary losses through "substantially related" acts or omissions of Respondent, whether or not such persons are named in the Accusations filed in Bureau Case No. H-11739 SF.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on 02/11, 2015, at ODKLAND, California.
(City)

MARIO R. JUAREZ, Respondent