# EXHIBIT C

*5282628*

JOHN A. RUSSO, City Attorney – State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
JANNIE L. WONG, Deputy City Attorney – State Bar #130029
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6513 Fax: (510) 238-6500
Email: jlwong@oaklandcityattorney.org
X02764/360432

Attorneys for Plaintiff
CITY OF OAKLAND

FILED
ALAMEDA COUNTY
NOV 16 2006
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA – UNLIMITED JURISDICTION**

| | |
|---|---|
| CITY OF OAKLAND,<br>Plaintiff,<br>v.<br>THE JUDICIAL GROUP, INC., MARIO R. JUAREZ and ROES 1- 10, inclusive,<br>Defendants. | Case No. RG06298582<br>**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, CONVERSION, COMMON COUNTS, FRAUD VIOLATION OF FALSE CLAIMS ACT AND FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff City of Oakland alleges:

1. Defendant The Judicial Group, Inc. at all times mentioned herein, was a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the City of Oakland, Alameda County, California.

2. Defendant Mario R. Juarez, and at all times mentioned herein was an adult resident of Alameda County, California.

3. The City of Oakland is a municipal corporation located in Alameda County organized under the laws of the State of California.

4. Plaintiff does not presently know the true names and capacities of defendants sued herein as Roes 1 through 10, inclusive. Plaintiff will seek leave of court to amend this complaint to alleged defendants' true names and capacities as soon as plaintiff ascertains them.

5. At all times mentioned herein, each defendant was the agent and employee of each and all of the other defendants and was acting in the course of such agency and employment.

6. On or about June 24, 2002, in the City of Oakland, Alameda County, California, plaintiff and defendants entered into a written agreement for the assignment of judgments ("Agreement"), a true copy of which is attached to this complaint as Exhibit A and is incorporated into the complaint by this reference.

7. The Agreement provided that plaintiff would assign to defendants all rights, interests in and title to certain judgment debts owed to plaintiff as set forth in Acknowledgement of Judgments. Defendants would have the right to collect, negotiate and/or settle the assigned judgments.

8. Pursuant to the terms of the Agreement, defendants would be paid an amount not to exceed $14,999 or the lesser of 49% of the total funds of the judgments collected under the Agreement. Upon collection of the judgments, including any interests by defendants, defendants were obligated to disburse 51% of the funds collected to plaintiff, net of any collection costs.

9. Pursuant to the Agreement, defendants were required to maintain a full set of accounting records in accordance with generally accepted accounting practice and procedures for all funds received under the Agreement; and full and complete

documentation of benchmarks and deliverable associated with the Agreement.

10. Pursuant to the Agreement, defendants were obligated to allow plaintiff to audit and inspect all records relating to the handling of any judgments assigned to defendants, upon reasonable notice.

11. On or around May 19, 2004, plaintiff sent defendants a letter terminating the Agreement.

**FIRST CAUSE OF ACTION**
**<u>Breach of Contract</u>**
**(Against all Defendants and Roes 1-10)**

12. Plaintiff realleges and incorporates by reference paragraphs 1-11 as if set forth fully herein.

13. Defendants entered into an Agreement as heretofore alleged whereby defendants expressly agreed to the terms and conditions set forth in the Agreement.

14. On or around February 25, 2004, and on dates thereafter, defendants breached the Agreement by failing to accurately report the amount of judgments that it collected under the Agreement, and by failing to disburse to plaintiff, 51% of the judgments, including interests that they collected under the Agreement, net of collection costs and expenses.

15. Defendant further breached the Agreement by failing to disburse to plaintiff all funds it received above the maximum amount allowed under the Agreement; by failing to maintain a full set of accounting records in accordance with generally accepted accounting principles relating to the Agreement; and by failing to allow plaintiff to inspect and audit records related to benchmarks and deliverables associated with the Agreement.

16. Plaintiffs have performed all of the conditions and obligations to be performed on their part under their Agreement with defendants.

17. Despite plaintiff's requests, defendants have refused to perform their obligations under the Agreement as described above.

18. As a proximate cause of defendants' breach of contract, plaintiff has been damaged in an amount to be established according to proof at trial.

**SECOND CAUSE OF ACTION**
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(Against all Defendants and Roes 1-10)**

19. Plaintiff realleges and incorporates by reference paragraphs 1-18 as if set forth fully herein.

20. There is implied in the Agreement a covenant of good faith and fair dealing in which each party agrees that it will not attempt to deprive the other party of the benefits of the agreement.

21. In undertaking the acts or omissions herein alleged, defendants acted to deprive plaintiff of the benefits of the Agreement and thereby breach their implied covenant of good faith and fair dealing.

22. As a proximate result of defendant's actions, plaintiff has sustained general and special damages, including loss of benefits under the Agreement, in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**Conversion**
**(Against all Defendants and Roes 1-10)**

23. Plaintiff realleges and incorporates by reference paragraphs 1-22 as if set forth fully herein.

24. On or around November 19, 2003, plaintiff mistakenly paid defendants $20,051.

25. Plaintiffs discovered the mistake and on or around June 27, 2006 and sent a letter to defendants requesting payment of monies that defendants received in excess of the maximum amount allowed to be paid to defendants for services rendered pursuant to the Agreement.

26. Plaintiffs allege that defendants wrongfully exercised control over its personal property in that defendants were paid more than $14,999, the maximum amount allowed, for their services rendered under the Agreement and have refused to disburse to plaintiff all monies above $14,999 that it received for its services rendered under the Agreement.

27. Defendants intentionally took possession of the monies and/or prevented plaintiff from having access to the monies in excess of the maximum amount it was entitled to under the Agreement for a significant period of time.

28. Plaintiffs did not consent to defendants' possession of the monies and was harmed by defendants' action.

29. Defendants' conduct was a substantial factor in causing plaintiff's harm.

**FOURTH CAUSE OF ACTION**
**Common Counts**
**(Against all defendants and Roes 1-10)**

30. Plaintiff realleges and incorporates by reference paragraphs 1-29 as if set forth fully herein.

31. Plaintiff alleges that defendant became indebted to plaintiff within the

last four years on an open book account for money due and/or because an account stated in writing by and between plaintiff and defendants in which it was agreed that defendants was indebted to plaintiffs.

32. Plaintiff further alleges that within the last four years defendants received money that was intended to be used for the benefit of plaintiff.

33. The money was not used for the benefit of plaintiff.

34. Defendants have failed to disburse and/or return the money to plaintiff.

**FIFTH CAUSE OF ACTION**
**Fraud**
**(Against all defendants and Roes 1-10)**

35. Plaintiff realleges and incorporates by reference paragraphs 1-34 as if set forth fully herein.

36. Defendants defrauded plaintiff on or about February 25, 2004 and on subsequent dates thereafter.

37. Defendants made intentional and/or negligent misrepresentations of material fact by representing to plaintiff that $19,346.29 was the total amount of judgments, including interests that it collected under the Agreement; and that $3,866.53 represented 51% of the total judgments, including interests that plaintiffs collected pursuant to the Agreement, net of collection costs and expenses.

38. These misrepresentations were in fact false. The truth was that defendants collected judgments and interests in excess of $19,346.29 under the Agreement; and $3,866.53 was less than 51% of the total judgments, including interests that plaintiffs collected pursuant to the Agreement, net of collection costs and expenses.

39. When defendants made the representations, defendants knew they were false, or defendant had no reasonable ground for believing the representations were true.

40. Defendants made the representations with the intent to defraud and induce plaintiff to accept $3,866.53 as the total amount of monies that it was entitled to under the Agreement. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

41. Defendant concealed or suppressed material facts by failing to advise plaintiff that it collected judgments and interests in excess of $19,346.29 under the Agreement; and that $3,866.53 was less than 51% of the total judgments, including interests that plaintiffs collected pursuant to the Agreement, net of collection costs and expenses.

42. Defendants concealed or suppressed material facts defendants were bound to disclose and/or by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

43. Defendants concealed or suppressed these facts with the intent to defraud and induce plaintiff to accept $3,866.53 as its total share of monies that it was entitled to under the Agreement. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

44. Defendant made a promise about a material matter without any intention of performing it by failing to accurately report the amount of judgments that it

collected under the Agreement, by failing to disburse to plaintiff, 51% of the total funds of the judgments it collected under the Agreement; by failing to return all funds it received above the maximum amount allowed under the Agreement to plaintiff; by failing to maintain a full set of accounting records in accordance with generally accepted accounting principles relating to the Agreement; and by failing to allow plaintiff to inspect and audit records related to benchmarks and deliverables associated with the Agreement.

45. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to accept $3,866.53 as the full share of monies that it was entitled to under the Agreement. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

46. In justifiable reliance upon defendants' conduct, plaintiff was induced to act by accepting $3,866.53 as the full share of monies that it was entitled to under the Agreement.

47. Because of plaintiff's reliance upon defendants' conduct, plaintiff has been damaged in amount to be established according to proof at trial.

48. Plaintiff is informed and believes and herein alleges that each fictitiously named defendants ROES 1-10, is responsible in some manner for the occurrences herein alleged, an that plaintiff's damages as herein alleged were proximately caused by their conduct.

49. As additional damages against defendants, plaintiff alleged defendant was guilty of fraud as defined in Civil Code section 3294, and plaintiff should recover, in additional to actual damages, damages to make an example of and to punish defendants.

50. The facts supporting plaintiff's claim are as follows: Plaintiff is informed and believes that all times herein mentioned, defendants knew that it collected judgments and interests in excess of $19,346.29 under the Agreement; and that $3,866.53 did not represent 51% of the total judgments, including interests that plaintiffs collected pursuant to the Agreement, net of collection costs and expenses. Despite defendants' knowledge of this, defendants failed to disclose the true facts to plaintiff, made material misrepresentations to plaintiff and concealed these facts from plaintiff. Defendants fraudulently concealed these facts from plaintiff with the intent to induce plaintiff to accept $3,866.53 as its full share of monies that it was entitled to under the Agreement.

51. The amount of exemplary damages sought is not shown, pursuant to Civil Code Section 3295(e).

**SIXTH CAUSE OF ACTION**
**Violation of False Claims Act, Gov. Code § 12650 et. seq.)**
**(Against all Defendants and Roes 1-10)**

52. Plaintiff realleges and incorporates by reference paragraphs 1-51 as if set forth fully herein.

53. Defendants' representation to plaintiff that the amount of judgments that it collected under the Agreement totaled $19,346.29 was a false statement within the meaning of Government Code § 12651.

54. Defendants' representation that $3,866.53 represented plaintiff's 51% share of the funds collected under the Agreement, net of collections costs was a false statement within the meaning of Government Code § 12651.

55. As a proximate result of defendants' representations and actions, plaintiff accepted $3,866.53 as its 51% share of the funds collected under the Agreement.

Plaintiff has been damaged in an amount to be proven at trial and is entitled to treble damages plus a $10,000 penalty for each false claim.

**SEVENTH CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
**Preliminary and Permanent Injunctions**
**(Against all Defendants and Roes 1-10)**

56. Plaintiff realleges and incorporates by reference paragraphs 1-55 as if set forth fully herein.

57. Although the Agreement terminated on or around June 24, 2004, defendants continued to unlawfully collect judgments entered in favor of plaintiff, concealed this fact, and failed to report to plaintiff the monies that it received from plaintiff's judgment debtors.

58. Unless and until enjoined and restrained by order of this court, defendants' actions will cause great harm and irreparable injury to the plaintiff's interest.

59. Unless and until enjoined by this Court, defendants' continued collection of judgments entered in favor of plaintiff will cause substantial, irreparable and immediate harm to plaintiff.

60. Plaintiff has no adequate remedy at law for the injuries suffered or that are likely to be suffered in the future as a result of defendants' unauthorized collection of judgments. Defendants' continued collection of judgments after termination of the Agreement is a clear and present danger that requires swift resolution that cannot be had were this matter to be disposed of at trial in the general course of things.

61. As a proximate result of defendants' interference with plaintiff's interest, plaintiff will be irreparably damaged.

**EIGHTH CAUSE OF ACTION**
**Declaratory Relief**
**(Against All Defendants and Roes 1-10)**

62. Plaintiff realleges and incorporates by reference paragraphs 1-61 as if set forth fully herein.

63. An actual controversy exists relating to the rights and duties of the parties.

64. Plaintiff desires a declaration of its rights with regard to its rights and interests under the Agreement, and as to whether defendants are authorized to collect judgments on plaintiff's behalf pursuant to the Agreement.

WHEREFORE, plaintiff prays judgment against defendants as follows:

**On the First Cause of Action (Breach of Contract); Second Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing); the Third Cause of Action (Conversion) and the Fourth Cause of Action (Common Counts):**

1. For judgment in favor of plaintiff;
2. For compensatory damages in the amount to be proven at trial; and
3. For interests.

**On the Fifth Cause of Action (Fraud):**

1. For judgment in favor of plaintiff;
2. For general and special damages in the amount to be proven at trial; and
3. For exemplary damages.

**On the Sixth Cause of Action (Violation of False Claims Act, Gov. Code § 12650 et. seq.):**

1. For judgment in favor of plaintiff;

2. For general and special treble damages in the amount to be proven at trial; and

3. A $10,000 penalty for each false claim.

**On the Seventh Cause of Action (Injunctive Relief):**

1. For an order requiring defendants to show cause, if any, why defendants should not be enjoined, as hereinafter set forth, during the pendency of this action;

a. From collecting judgments entered in favor of plaintiff without plaintiff's consent;

2. For a preliminary injunction, and a permanent injunction, all enjoining defendants and their agents, servants, and employees, and all persons acting under, in concert, with or for them:

a. From collecting judgments entered in favor of plaintiff without plaintiff's consent;

**On the Eighth Cause of Action (Declaratory Relief):**

1. That this Court declare that defendants are prohibited from collecting judgments entered in favor of plaintiffs pursuant to the Agreement.

**On all Causes of Action:**

1. For attorney fees as may be allowed by statute or under contract;

2. For cost of suit incurred herein; and

3. For such other and further relief as the Court may deem proper and necessary.

Dated: November 16 2006

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
JANNIE L. WONG, Deputy City Attorney

By: ______________________
Attorneys for Plaintiff
CITY OF OAKLAND