# EXHIBIT D

Dept No. 712
07/19/2021

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

FILED
ALAMEDA COUNTY
6/14/2021 2:38:00 PM
CLERK OF THE SUPERIOR COURT
BY Laura Conn
Signed: 6/14/2021 02:47 PM
DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA

v.

**MARIO ROBERTO JUAREZ**

Defendant(s)

NO. 21-CR-007063

COMPLAINT

PFN:BAS782/DTH040 CEN:1377224

The undersigned, being sworn says, on information and belief, that MARIO ROBERTO JUAREZ did, in the County of Alameda, on or about **July 19, 2010**, commit a FELONY, to wit: GRAND THEFT BY EMBEZZLEMENT, a violation of section 487(a) of the PENAL CODE of California, in that said defendant(s) on and between July 19, 2010 and July 20, 2010, and while said defendant(s) was an agent, servant, and employee of OAKLAND COMMUNITY FUND, did unlawfully take from said OAKLAND COMMUNITY FUND money and personal property of a value exceeding Nine Hundred Fifty Dollars ($950).

**SPEC ALLEG-STATUTE OF LIMITATIONS-LATE DISCOVERY AS TO DEFENDANT MARIO ROBERTO JUAREZ**

It is further alleged, that the statute of limitations has been extended within the meaning of Penal Code section 803(e), in that the crime described above was discovered on June 30, 2017. Additionally, on or about June 30, 2017, CEO Kathy Neal of Oakland Community Fund discovered that board member Mario Juarez had fraudulently stolen or embezzled $45,000 back in 2010. This money represented a payoff from a home loan issued to Roselia Prado from Oakland Community Fund. On or about June 6, 2017, CEO Kathy Neal sent a letter to Roselia Prado demanding repayment of the home loan. The fraudulent acts of Mario Prado were discovered because of a June 30, 2017 letter and documents sent by Roselia Prado to Oakland Community Fund. Said letter outlined that Prado previously paid the $45,000 loan debt directly to Mario Juarez. As Mario Juarez never surrendered or deposited the $45,000 in 2010, Kathy Neal suspected or discovered that Mario Juarez fraudulently stole or embezzled the $45,000 loan payoff owed to Oakland Community Fund. CEO Kathy Neal of Oakland Community Fund had no other means of knowledge or notice of the fraudulent acts by Mario Juarez until the Roselia Prado letter was received on or about June 30, 2017.

**SECOND COUNT**

The undersigned further deposes and says on information and belief, that said MARIO ROBERTO JUAREZ did, in the County of Alameda, on or about **October 22, 2010 through October 23, 2010**, commit a FELONY, to wit: GRAND THEFT BY EMBEZZLEMENT, a violation of section 487(a) of the PENAL CODE of California, in that said defendant(s) on and between October 22, 2010 and October 23, 2010, and while said defendant(s) was an agent, servant, and employee of OAKLAND COMMUNITY FUND, did unlawfully take from said OAKLAND COMMUNITY FUND money and personal property of a value exceeding Nine Hundred Fifty Dollars ($950).

**STATUTE OF LIMITATIONS-DATE OF DISCOVERY AS TO DEFENDANT MARIO ROBERTO JUAREZ**

It is further alleged that the above violation was not discovered until June 30, 2017, and that a material element of said violation is fraud and breach of a fiduciary obligation within the meaning of Penal Code Sections 801.5 and 803(c). Additionally, on or about June 30, 2017, CEO Kathy Neal of Oakland Community Fund discovered that board member Mario Juarez had fraudulently stolen or embezzled $45,000 back in 2010. This money represented a payoff from a home loan issued to Roselia Prado from Oakland Community Fund. On or about June 6, 2017, CEO Kathy Neal sent a letter to Roselia Prado demanding repayment of the home loan. The fraudulent acts of Mario Prado were discovered because of a June 30, 2017 letter and documents sent by Roselia Prado to Oakland Community Fund. Said letter outlined that Prado previously paid the $45,000 loan debt directly to Mario Juarez. As Mario Juarez never surrendered or deposited the $45,000 in 2010, Kathy Neal suspected or discovered that Mario Juarez fraudulently stole or embezzled the $45,000 loan payoff owed to Oakland Community Fund. CEO Kathy Neal of Oakland Community Fund had no other means of knowledge or notice of the fraudulent acts by Mario Juarez until the Roselia Prado letter was received on or about June 30, 2017.

---

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by Penal Code Section 1054.3.

Subscribed and sworn to before me,
Monday, June 14, 2021

This document was filed electronically in
compliance with Penal Code section 959.1

KEN MCCORMICK
DEPUTY DISTRICT ATTORNEY
State Bar #136448
Alameda County, California

DA 18FRE0419

# County of Alameda

CRIMS

## Request for Out of Custody Complaint
## Declaration of Probable Cause

| Arrestee/Suspect | | DOB | Sex | PFN | |
|---|---|---|---|---|---|
| MARIO JUAREZ | | 05/20/1977 | M | BAS782 | |
| Race | | CDL | | Agency Report # | |
| HISPANIC | | B3503524 CA | | 18FRE0419 | |
| Arresting Agency | | Declarant | | Agency Phone | Agency Fax |
| ALAMEDA COUNTY DISTRICT ATTORNEY | | Jeff Israel | | (510) 383-8600 | (510) 383-8615 |
| Arrest Date | Arrest Time | Arrest Location | | | |
| | | | | | |
| Holds | | Arrestee Home Address | | | |
| | | CA | | | |
| Charges/Violations | | | | | |
| PC 487(A) F(2 Counts), PC 530.5(A) F(1 Counts) | | | | | |

Defendant Mario R. Juarez misrepresented to Rosalia Prado that he owned 1607 89th Avenue Oakland CA and that he would sell it to her and personally finance a $45,000 loan to her to help her with the purchase. At the time he made these misrepresentations Defendant Juarez was a board member of California non-profit corporation Oakland Community Fund (OCF).

On November 3, 2009, Rosalia Prado purchased 1607 89th Avenue Oakland CA from Deutsche Bank (true owner) and borrowed $45,000 from a California non-profit corporation Oakland Community Fund (OCF)(true lender). Prado relied on Defendant Juarez to explain the documents she signed (i.e. Deed of Trust and loan documents) because she did not read English well. Prado believed, based on Defendant Juarez' misrepresentations, that she purchased the property from Defendant Juarez and that she borrowed $45,000 from Defendant Juarez (not OCF). Prado signed a Promissory Note and agreed to pay OCF $45,000 with interest (10% per year) by October 30, 2010. Prado pre-paid one year's interest ($4500) out of escrow at the time of the purchase; however, she never understood the true lender was actually OCF and not Defendant Juarez.

On July 15, 2010, Prado delivered a $25,000 cashier's check (#0472803157) to Defendant Juarez as partial payment of her $45,000 loan, reducing her debt to $20,000. Defendant Juarez told Prado to make the check payable to "Oakland Community Fund." Defendant Juarez accepted the check from Prado. Prado believed Defendant Juarez was the lender and did not understand why he directed her to make the check payable to Oakland Community Fund. Washington Mutual Bank (now Chase Bank) records obtained pursuant to a search warrant show a deposit of a $25,000 check on 7/19/2010, four days after Prado handed the check to Defendant Juarez. Cecilia Mendez, the mother of Defendant Juarez' daughter, was the account holder. OCF CEO Kathy Neal confirmed that these funds were not paid to OCF and that Juarez, although a board member of OCF at the time he accepted the $25,000 check, was not authorized to keep the funds for his own personal use. Bank records provided details of transactions after the $25,000 deposit and there were no transactions (checks, wires or fund transfers) involving OCF.

On October 21, 2010, Prado purchased a second and final cashier's check (#0472803218) for $20,000 and made payable to Fireside Escrow Services. Defendant Juarez provided the name of the payee to Prado and told her Fireside Escrow Services (Fireside) was his company. Fireside is a fictitious business name (file #367593) listing owner Cecilia Mendez. Prado handed the cashier's check to Juarez and believed the payment reduced her debt to zero.

Defendant Juarez prepared and signed a handwritten receipt dated October 21, 2010 for the payment and gave it to Prado. The receipt is a pre-printed receipt from American First Financial Corp. and states "cancellation of debt of total $35,000 on October 25, 2010 by Oakland Community Fund."

Defendant Juarez also provided Prado a letter dated October 21, 2010 with letterhead from American First Financial Corp. regarding "loan from our client The Oakland Community Fund, loan amount $45,000" and documenting both of Prado's payments ($25,000 and $20,000) stating:

"Dear Mrs. Prado, having received your final payment in the sum of $20,000 today via your certified check #0472803218 on a Wells Fargo Bank Instrument. We will begin the process of requesting the necessary documents from our client to cancel the debt incurred on October 25, 2009 for a total of $45,000. Pursuant to your instructions we will request The Oakland Community Fund a full reconveyance in exchange for the final payment."

No Deed of Reconveyance was ever recorded or provided to Prado cancelling her debt which was now paid in full. Defendant Juarez signed the letter as the branch manager of American First Financial Corp. According to one of the owners of American First Financial Corp., Rameil Eyvaznejad, Defendant Juarez was employed as a loan broker by American First Financial Corp. and should not have collected any funds from anyone in his capacity as a loan broker.

Eyvaznejad also reviewed the receipt and letter Defendant Juarez gave to Prado and said both documents were not from his company and that Juarez fabricated both without his permission or authorization. He told me he has never seen either document before and he never provided Defendant Juarez with any such receipts and that he never received the $45,000 documented in the October 21, 2010 letter purportedly from American First Financial Corp. and signed by Juarez.

Below Defendant Juarez' signature on the letter is Department of Real Estate license number #0145164. I queried the Department of Real Estate on-line records and discovered this number (00145164) does not belong to Defendant Juarez. This number belongs to a former real estate agent named Sidney Davis from Anaheim whose license expired in 10/15/1982. I attempted to locate Davis but was not successful. Based on recorded documents I believe he is deceased (his wife is described as a widow).

Washington Mutual Bank (now Chase Bank) records obtained pursuant to a search warrant show a deposit of $20,000 on October 22, 2010, one day after Prado handed the $20,000 check to Defendant Juarez. Cecilia Mendez, the mother of Defendant Juarez' daughter, was the account holder. Also, Wells Fargo Bank, Prado's bank, provided her a copy of the $20,000 cashiers' check showing both the front and back of the deposited cashier's check. The back of the check clearly shows the check was deposited to Cecilia Mendez' Washington Mutual account for Fireside Escrow Services. OCF CEO Kathy Neal confirmed that these funds were not paid to OCF and that Defendant Juarez, although a board member of OCF at the time he accepted the check, was not authorized to keep the funds for his own personal use. Bank records provided details of transactions after the $20,000 deposit and there were no transactions (checks, wires or fund transfers) involving OCF.

OCF CEO Kathy Neal told me Defendant Juarez made cash payments to OCF in 2011 and 2012 totaling $5400, purportedly from Prado to cover interest on her outstanding debt. Defendant Juarez led Neal to believe Prado, although unable to make the required balloon payment in 2010, was making interest payments; however, defendant Juarez had already embezzled the funds Prado paid to Defendant Juarez to pay the loan in full as she promised.

On June 30, 2017 Prado responded to a demand letter from OCF to pay the principle and interest in full. Prado sent OCF copies of the receipt and letter Defendant Juarez produced and gave to Prado when she paid the loan in full to Defendant Juarez. Prado also provided copies of the two cashier's checks she gave to Defendant Juarez. On or about June 30, 2017, and upon receipt of Prado's response, OCF Kathy Neal learned of Prado's allegations and suspected Defendant Juarez embezzled the funds.

In January 2018, OCF demanded payment from Defendant Juarez who has not returned any of the $45,000 or additional interest to OCF.

I declare under penalty of perjury that the above information was obtained through official police channels and is contained in the above-mentioned police report. Executed in the County of Alameda, State of California. Identity and signature of declarant verified by CRIMS.

Date: 06/14/2021 14:07:12 Declarant: Jeff Israel Badge: 297

Reviewed and approved.

Date: 06/14/2021 14:07:24 Supervisor: Jeff Israel Badge: 297