Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHENG THAO, et al.,**<br><br>**Defendant.** | Case No. 4:25-CR-0003-YGR<br><br>**DEFENDANT DAVID TRUNG DUONG'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE NO. 6 RE EXCLUSION OF GOOD CHARACTER AND ACTS EVIDENCE** |

## BACKGROUND

The government has charged David Duong with bribery and honest-services fraud, offenses that require proof of corrupt intent. ECF No. 1. The government now moves to exclude broad categories of evidence bearing directly on how the jury should understand Mr. Duong's conduct, including evidence of his personal history, business accomplishments, charitable donations, and community activities.[1] ECF No. 296 at 1.

The government's request to "preclude evidence, testimony, or argument regarding [Mr. Duong's] good character and acts," including "any evidence that [Mr. Duong] was a good businessman and a charitable person," sweeps far too broadly and could exclude both properly presented character testimony and specific conduct offered for an independent, non-propensity purpose. ECF No. 296. The Court should deny this categorical request and instead evaluate specific evidence according to its purpose and connection to the charged conduct and the government's and defense's theory of the case.

## ARGUMENT

### A. The government's request for a blanket prohibition on evidence of "good character and acts" should be denied.

The government argues that evidence concerning Mr. Duong's good character, including traits of good business acumen and charitable disposition, should be excluded under Rules 401 and 404(a)(2). ECF No. 296 at 3. This request is overbroad. Rule 401 sets a low threshold for relevance: evidence is relevant if it has "any tendency" to make a fact of consequence more or less probable. Fed. R. Evid. 401. In cases requiring proof of corrupt intent, evidence that "would undermine the underlying theory of prosecution" regarding the defendant's motive is relevant—even if it incidentally reflects positively on the defendant's character. *See United States v. Kaneshiro*, 2024 WL 1184153, at *5; *see also United States v. Velazquez*, 125 F.4th 1290, 1295 (9th Cir. 2025)

[1] The government also seeks to exclude testimony regarding ***The King of Trash***, a documentary film describing Mr. Duong's immigration from Vietnam and the development of his company, California Waste Solutions ("CWS"). The defense does not intend to offer evidence concerning this film.

(reaffirming that the relevance standard is liberal and that relevance turns on the substantive issues presented by the case). Unlike the defendant in *Kaneshiro*—who sought to introduce a catalogue of accolades, commendations, and letters of appreciation with no connection to the charged offenses—Mr. Duong seeks to introduce evidence directly tied to the government's and defense's theory of the case. *Id*.

Granting the government's request would exclude evidence that bears directly on the elements the government must prove. The following non-exhaustive examples illustrate how such evidence negates essential elements of the charged offenses: (1) other charitable donations to the Niagara Movement Foundation ("NMF") or charitable donations solicited by the former Mayor or other Oakland officials, to show that officials routinely solicit charitable contributions from CWS and to counter the government's allegation that the NMF donation was in furtherance of a conspiracy; (2) the business purposes of the trade delegation trip to Vietnam and the delegation's tangible achievements, to rebut the characterization of the trip as a vehicle for providing things of value to the former Mayor; and (3) Oakland's award of the recycling contract to CWS in 1992 and subsequent extensions in 1997, 2004, and 2015, for several purposes including to show Mr. Duong's familiarity with the extension process.

**B. Evidence of so-called "good acts" remains admissible for non-propensity purposes.**

Second, the government seeks to preclude "any specific instance where [Mr. Duong] was recognized for his business success or charitable work, [and] acts showing that he is a good businessman or citizen" as impermissible proof of character traits under Rule 405(b). ECF No. 296. The government erroneously assumes that the evidence it seeks to preclude could only be offered for propensity purposes, and its reliance on Rule 405 to bar "good acts" evidence is thus misplaced. Rule 405 does not preclude admission of evidence offered for an independently relevant, non-character purpose such as to prove intent, motive, knowledge, nature of a relationship, or the absence of a quid pro quo. Fed. R. Evid. 405; *see United States v. Marlinga*, 457 F. Supp. 2d 769, 775–77 (E.D. Mich. 2006) ("Although evidence of other specific acts is not admissible to show

character in order to prove conduct, such evidence is admissible to show other facts that may be at issue.") Such evidence remains subject to Rules 401–403 and, where treated as other-act evidence being offered for non-propensity purposes, Rule 404(b)(2).

For example, in *United States v. Hayes*, 219 F. App'x 114, 117 (3d Cir. 2007), after the government introduced specific instances in which defendant Hayes purportedly directed employees to falsify test results, Hayes sought to introduce directives he made to employees to report accurate results during the same period. The trial court excluded these directives as "forbidden" character evidence. *Id*. at 116. The Third Circuit rejected that finding and reasoned that: "The trial court's focus on character evidence was misplaced. The issue here is not Hayes' good character. Rather, it is his conduct. "Evidence that he conducted himself in a manner that was consistent with [the company's] announced policy, and inconsistent with a conspiracy to fabricate test results, was clearly relevant to the charges he had to defend against." *Id.* at 117.

To be sure, evidence concerning Mr. Duong's support of charitable organizations cannot be offered merely to show that he is a charitable person and therefore acted in conformity with that character. However, since the government plans to use select donations—*e.g.,* a $5,000 donation from CWS to NMF allegedly made at the request of Ms. Sheng Thao—to invite the inference that a conspiracy existed, comparable donations should be admitted to rebut that inference. Letter of Disclosures Pursuant to Federal Rule of Evidence 404(b) from Craig H. Missakian, U.S. Att'y, to Defense Counsel, *United States v. Sheng Thao et al.*, No.4:25-CR-00003-YGR (May 19, 2026); Exhibit 1513, ECF No. 284 (Government's August 20, 2026, Exhibit List) at 44. Evidence that Mr. Duong made additional donations to NMF as well as evidence that Mr. Duong made donations at the request of Ms. Thao before the charged conspiracy are relevant to show that the government's selectively chosen donation is not proof of a conspiracy, but instead conformed with a longstanding pattern of giving. *See United States v. Suhl*, 885 F.3d 1106, 1116 (8th Cir. 2018) (agreeing that the defendant's philanthropy was relevant to the issue of intent where the government characterized donations to a church as bribes). Additionally, the defense should be entitled to show that Mr. Duong's intent and motive underlying certain charged conduct (*e.g.,* organizing the trade delegation

trip to Vietnam) was not corrupt but stemmed from Mr. Duong's longstanding commitment to supporting the Vietnamese and Asian American communities—a commitment demonstrated through evidence the government now seeks to preclude, such as Mr. Duong's "personal history," "commendations for community projects and donations to community causes." ECF No. 296 at 1.

Likewise, Mr. Duong should not be precluded from offering evidence that provides an alternative explanation for allegedly corrupt conduct merely because that evidence may incidentally showcase his business acumen. For example, to rebut the government's characterization of the Vietnam trip as a vehicle to gift luxury accommodations, Mr. Duong would need some latitude to explain the business reasons that motivated him to organize the trip and to present the delegation's tangible achievements. ECF No. 1. Likewise, evidence of Mr. Duong working to and succeeding in making CWS a thriving business is relevant, because a jury may conclude that Mr. Duong was focused on CWS instead of Evolutionary Homes ("EH"), thereby undermining a core factual allegation that Mr. Duong entered a bribery conspiracy to benefit EH. And evidence demonstrating how the Oakland City Council awarded CWS the recycling contract in 1992, 1997, 2004 and 2015, while implicitly casting Mr. Duong as a good businessman, is necessary to show his knowledge and experience in bidding for public contracts in Oakland. More specifically, it is relevant to show that Mr. Duong knew CWS contract extensions required approval from the Oakland City Council rather than the mayor, which undermines the theory that he would bribe the mayor to obtain an extension to the CWS contract.

The government further asserts that "good acts" evidence is inadmissible under Rule 404(b), "including with respect to proof of his intent in this case." ECF No. 296. That argument contradicts the text of Rule 404(b)(2), which permits such evidence to be offered for purposes such as proving motive and intent. The government then cites two cases where "other acts" evidence was excluded because it was irrelevant to the issue of intent and thus would only invite a propensity chain of inference if admitted. *See United States v. Dawkins*, 999 F.3d 767, 792–93 (2d Cir. 2021); *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014). Unlike the defendants in *Dawkins* and *Dimora*, Mr. Duong does not seek to "establish his innocence through proof of" unrelated good deeds or to

show that he acted in conformity with some general disposition. ECF No. 296. Rather, he seeks to introduce evidence directly relevant to the charged transactions—evidence that provides context for, and an innocent explanation of, the specific conduct the government characterizes as corrupt. The government's motion ignores these legitimate non-propensity purposes.

*Marlinga* is illustrative of this distinction. There, the government alleged that the defendant took favorable prosecutorial actions in exchange for contributions to his Congressional campaign. In his defense, Marlinga sought to introduce two types of specific acts: 1) evidence showing he took similar favorable actions without receiving contributions as part of his established practice, and 2) past instances where he was offered but ultimately refused to accept bribes. 457 F. Supp. 2d at 769. The court admitted the former since it "evidences Defendant's innocent state of mind and lack of criminal intent," but rejected the latter because they showed only a propensity not to accept bribes. *Id*.; *see also United States v. Thomas*, 32 F.3d 418, 420-21 (9th Cir. 1994) (holding that trial court erred in precluding testimony of individuals who, despite having a similar relationship to the defendant as those named as victims of alleged fraud, were not defrauded); *United States v. Garvin*, 565 F.2d 519, 521-22 (8th Cir. 1977) (trial court erred in precluding defendant, accused of "a criminal purpose to defraud and a scheme to defraud," from introducing evidence that he acted properly with regard to similar transactions to those relied on by the government to prove fraud). As stated above, Mr. Duong seeks to introduce evidence falling into the first category to negate the government's contentions regarding his intent to commit fraud or engage in a bribery scheme.

In short, the Court should decline to issue the blanket ruling sought by the government. Mr. Duong should be allowed to admit evidence of his personal history, charitable donations, commendations for community involvement, and business accomplishments where necessary to rebut the government's quid pro quo theory.

### C. The probative value of evidence concerning Mr. Duong's good character and acts is not substantially outweighed by any speculative risk of jury confusion.

Finally, the government seeks to exclude Mr. Duong's "good character and acts" evidence under Rule 403, which permits trial courts to exclude relevant evidence when its probative value is

substantially outweighed by a danger of unfair prejudice. Rule 403 "favors admissibility" and is an "extraordinary remedy to be used sparingly." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987). Here, the evidence the government seeks to exclude carries substantial probative value on the core factual disputes in this case. Mr. Duong does not intend to offer every charitable act or business achievement to demonstrate general benevolence or competence. He does, however, intend to introduce evidence that is probative of his lack of a corrupt intent or otherwise negates an essential element of the charged offenses.

Probative value aside, the government offers no explanation for why admitting this evidence in the defense's case would cause any more juror confusion than admitting similar evidence in its own case. For example, the government plans to introduce certain donations as inculpatory while seeking to exclude other donations that support the opposite inference. *Marlinga* is directly on point. There, in a bribery and honest-services-fraud prosecution, the court admitted comparable prior conduct offered by the defense because it provided "a plausible alternative to the Government's suggestion that he had criminal intentions." 457 F. Supp. 2d at 776. In rejecting exclusion under Rule 403, the court reasoned that because the government intended to introduce collateral evidence to support its theory, there was "no apparent reason" to believe the jury would have greater difficulty evaluating the defendant's evidence supporting the opposing theory. *Id.* The court therefore held that "[t]he probative value of the evidence offered by Defendant to disprove an element of the bribery and wire fraud charges far outweighs potential jury confusion." *Id.* The same logic applies here.

Ultimately, evidence that incidentally showcases Mr. Duong's good character carries significant probative value on the core issues in this case—value that is not substantially outweighed by the speculative risks the government identifies. The government's request for this extraordinary remedy should be denied.

## CONCLUSION

For the reasons set forth above, the government's motion should be denied.

Dated: September 3, 2026

Respectfully submitted,

/s/

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Attorneys for David Duong