Jeffrey Tsai (SBN 226081)
*jeff.tsai@us.dlapiper.com*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 615-6055

Darryl Louis Tarver (*admitted pro hac vice)*
*darryl.tarver@us.dlapiper.com*
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

Defendants.

Case No. 4:25-CR-00003-YGR-1

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 5**

Date: September 11, 2026
Time: 9:00 a.m.
Judge: The Hon. Yvonne Gonzalez Rogers

## INTRODUCTION

Detaching political context from this bribery trial would be impossible. Yet the government makes a vague and overbroad motion to exclude "unsubstantiated claims of political bias or motivations." Dkt. No. 295 at 1. But the motion ignores Defendants' right to present evidence of the relevant facts—including facts directly related to the investigation and other events supplying context for the allegations that frame the government's case-in-chief. Indeed, the government itself has used some of these same events to argue that other evidence is relevant and admissible at trial.

In support of its motion, the government cites statements from Ms. Thao's counsel following the public announcement of charges against Ms. Thao as examples of improper "politiciz[ation]." Dkt. No. 295 at 1. But the government ignores its own politically charged statements, including the former First Assistant United States Attorney's statements to the media on the same day. The government may not have its proverbial cake—by announcing the political implications of this case to the public in a press conference—and eat it too—by precluding defense counsel from presenting any evidence of relevant events with political implications.

Defendants understand they may not argue any potential political bias or motive without a factual basis. But when politically charged facts and evidence are relevant to any potential defenses to the government's allegations, Defendants have every right to present such facts and evidence to the jury. The government's motion should therefore be denied.

## FACTUAL BACKGROUND

The political activities that occurred during the relevant time frame include (but are not limited to):

- On June 11, 2024, a recall petition entitled "Recall of Mayor Sheng Thao" was filed with the Alameda County Registrar of Voters. See Declaration of Darryl L. Tarver ("Tarver Decl.") Ex. 1.

- On June 14, 2024, the Registrar of Voters for Alameda County certified a petition entitled "Recall of Mayor Sheng Thao." Id.

- On June 20, 2024, the Office of the City Clerk issued a memorandum to the City Council recommending the Council adopt a resolution (1) accepting the certification of the results of the examination of the petition to recall Oakland

Mayor Sheng Thao; (2) calling the recall election on November 5, 2024; and (3) authorizing the City Clerk to take all actions necessary under law to submit this election to the voters. Tarver Decl. Ex. 2.

- On June 20, 2024—the very day the City Clerk recommended that the City Council take steps to push the recall effort forward—the FBI conducted a search warrant raid of Ms. Thao and Andre Jones's shared residence. See Dkt. No. 151 at 14. Law enforcement agents concurrently raided the residences of Andy Duong and David Duong. Id.

On July 2, 2024, the Oakland City Council voted to approve the recall measure's inclusion on the November 2024 ballot. Tarver Decl. Ex. 3. The voters supporting the recall measure included Councilmember Kevin Jenkins, who the government has included on its witness list. See id. at 2; Dkt. No. 253 at 7. Former Councilmember Nikki Fortunado Bas, who is also on the government's witness list, abstained from the vote to approve the recall measure. Tarver Decl. Ex. 3; Dkt. No. 253 at 7.

## DISCUSSION

Politically significant events such as the recall certification and approval—which occurred during the relevant time period between October 2022 and June 2024—are plainly admissible because they carry contextual relevance to the allegations at issue and are necessary to tell the full story. See, e.g., United States v. Blagojevich, 794 F.3d 729, 736-37 (7th Cir. 2015) (political context relevant to the sufficiency of honest services fraud convictions). To be sure, the government has cited the recall effort as a basis for arguing that evidence it seeks to admit is relevant. See Dkt. No. 237 at 17 (arguing that a January 20, 2024 call between Andy Duong and an unnamed Oakland City Councilmember is relevant in part because the participants discussed the recall efforts). So, too, may Defendants present evidence and argument related to these same events, notwithstanding any political implications.

Defendants may also impeach witnesses based on political associations and potential biases, such as their support (or non-support) of the recall efforts targeting Ms. Thao. See e.g., United States v. Ray, 731 F.2d 1361, 1364 (9th Cir. 1984) (defendants has "broad cross-examination rights" to inquire about potential biases and other issues). Indeed, the government has suggested that it will engage in similar politically charged lines of inquiry and argument as

those they seek to preclude from the defense. See, e.g., Dkt. No. 237 at 13-14 (seeking to admit statements Ms. Thao made in reference to her political rivals).

Defendants do not intend to argue, as the government accuses, that the "motive for the investigation or prosecution was to alter the outcome of the recall election in November 2024" or that "the government's prosecution was intended to affect the election" without a factual basis. Dkt. No. 295 at 1. However, the government's own case is inherently grounded in the political implications of Defendants' conduct. Indeed, then-First Assistant United States Attorney Patrick Robbins made this clear in a January 17, 2025 press conference held the day the Indictment was unsealed:

> Our communities depend on local government for critical services. The public needs to know it can trust those in charge of City Hall to work for the best interest of the people of Oakland. This public trust is broken when elected officials agree to a pay-to-play system to benefit themselves. This indictment reaffirms the commitment of this office to root out, investigate, and prosecute corruption in our local governments.

Press Conference Statement of Former First Assistant U.S. Attorney Patrick Robbins (Jan. 17, 2025) (accessible at https://www.youtube.com/watch?v=c197sggCYNc at 2:50-3:22) ("1/17/2025 Robbins Statement").

Defendants therefore agree that the trial should only involve "evidence and arguments grounded in that evidence, and that counsel not make improper appeals to jurors' sympathy or bias," (Dkt. No. 295 at 1) such as those statements made by the government in its January 17, 2025, press conference. The government's motion should be denied insofar as it seeks to limit Defendants' ability to present relevant facts and evidence—regardless of whether such facts and evidence have political implications.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, Ms. Thao respectfully asks the Court to deny the government's motion in limine and permit Defendants to introduce relevant facts—and arguments grounded in those facts—notwithstanding any political implications.

Dated: September 3, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ *Darryl Louis Tarver*
JEFFREY TSAI
DARRYL LOUIS TARVER

*Attorneys for Defendant Sheng Thao*