MARK GOLDROSEN
255 Kansas St Ste 340
San Francisco, CA 94103-5154
Phone: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT
California SBN 179023
217 Leidesdorff Street
San Francisco, California 94111
Telephone: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorney for Defendant
ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG<br><br>Defendant. | CASE NO. 25-CR-0003-YGR<br><br>DEFENDANTS' RENEWED AND ADDITIONAL OBJECTION TO OVERVIEW SUMMARY TESTIMONY OF AGENT BARCLAY<br><br>Courtroom: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Defendants Sheng Thao, Andre Jones, David Duong and Andy Duong hereby file their renewed objection to the overview summary testimony of Special Agent Katherine Barclay.

Faced with witnesses who do not support their narrative and a cooperator with extraordinary credibility issues, the government has chosen to present a lengthy overview summary of its entire case through its main case agent, Barclay, rather than through witnesses with percipient knowledge. At best, the government gets to present its evidence twice, the first time entirely through its own agent. At worst, the resulting prejudice denies defendants a fair trial. The government's method of presentation also violates principles of efficiency and judicial economy.

On October 21, 2026, the defense objected to the government's use of Barclay as an overview witness to present its case. Dkt. 431. The defense argued against allowing the government to present its case through an agent rather than witnesses with percipient knowledge of the facts:

> *See, e.g.*, *United States v. Bash*, 2025 WL 51210, at *9 (Jan. 8, 2025 E.D. Cal.) (identifying problems with overview evidence, including "the government's ability (1) to spin the evidence in its favor before it is admitted…, (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses (usually law enforcement) to testify on matters about which they have no personal knowledge or that are based on hearsay"); *United States v. Rodriguez-Adorno*, 695 F.3d 32, 37–38 (1st Cir. 2012) ("[O]verview testimony is problematic when it consists of declarations by a witness—commonly a law enforcement officer involved in the investigation at issue—presented early during trial to describe the government's general theory of the case." (internal quotation marks omitted)); *United States v. Flores-De-Jesus*, 569 F.3d 8, 26–27 (1st Cir. 2009) (A law enforcement officer's "testimony about the role of the defendants in the conspiracy that was based on information gathered from police reports, other documents not introduced into evidence, and interviews with . . . cooperating co-conspirator [], or other individuals, was hearsay and inappropriate overview testimony."); *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003) ("unequivocally condemn[ing]" the use of an overview witness "as a tool employed by the government to paint a picture of guilt before the evidence has been introduced"). As one court of appeals explained, the use of an overview witness "greatly increase[s] the danger that a jury 'might rely on the alleged facts in the [overview] as if [those] facts had already been proved,' or might use the overview 'as a substitute for assessing the credibility of witnesses' that have not yet testified." *Griffin*, 324 F.3d at 349 (quoting *United States v. Scales*, 594 F.2d 558, 564 (6th Cir. 1979)).

Dkt. 431 at pp. 1-2.

After a full day of testimony by SA Barclay on October 22, 2026, the unfair prejudice and violation of defendants' constitutional rights has become abundantly clear. For hours, Barclay has simply shown and read to the jury (or played for the jury in the case of audio exhibits) every single piece of evidence that the government is using to prove its case. Presumably Barclay will continue to do so for hours tomorrow. In so doing, the government has violated all of the precepts cited by the defense above – it has stripped the evidence of the taint of its main cooperator, Mario Juarez, so that it is not Juarez saying the words but Barclay, thus putting the "official imprimatur" of the agent on Juarez's words and allowing her to testify as to matters as to which she has no personal knowledge. *United States v. Bash*, 2025 WL 51210, at *9 (Jan. 8, 2025 E.D. Cal.). *See also* Federal Rule of Evidence 701 (requiring firsthand knowledge of the witness). The government's overview witness has "greatly increase[d] the danger" that the jury will "'rely on the alleged facts in the [overview] as if [those] facts had already been proved,'" or "use the overview 'as a substitute for assessing the credibility of witnesses' that have not yet testified." *Griffin*, 324 F.3d at 349 (quoting *Scales*, 594 F.2d at 564). This violates defendants' Sixth Amendment right to a fair trial.

Additionally, the government's presentation of its evidence through Barclay thus far violates defendant's Sixth Amendment rights under the Confrontation Clause, because it has presented the words

and communications of third party witnesses such as Samari Johnson, Larry Gallegos and Julie Wedge who have not yet testified at trial and who are not actually testifying while their words are being presented to the jury. While the defense may eventually have an opportunity to cross-examine some or all of these witnesses, that is by no means guaranteed, and even then it would be the second time the evidence is presented by the government. The defense cannot effectively cross-examination of Barclay the first time she reads the words of third parties because she is reading other people's words.

Further, the defense raises a Fifth Amendment Due Process objection because the overview testimony gives the government an additional opening/closing that the defense does not have – and it represents improper bolstering/vouching by having the agent front the evidence that Juarez should be presenting. *United States v. Moore,* 651 F.3d 30, 57 (DC Cir 2011); *United States v. Flores de Jesus*, 569 F. 3d 8, 17-18 (1st Cir. 2009); *United States v. Garcia*, 413 F.3d 201, 211-17 (2nd Cir. 2005); *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003).

Finally, the government's overview presentation comprising days of testimony by SA Barclay is extraordinarily prejudicial. Not only does the government get to present its evidence twice, but the defense cannot properly cross-examine SA Barclay on the content for which she is a mouthpiece because she has no personal knowledge. There is a very real danger that by the time the actual witnesses testify, the jury will have made up its mind.

The defense asks the Court to consider why the government is not presenting its case in a traditional way by calling to the stand witnesses with personal knowledge. The reality is that the government has severe credibility issues with its main cooperator, who is the *only witness* who should be permitted to point the jury to the words he used, and the other percipient witnesses do not support the narrative that the government is presenting with its sanitized agent witness.

For the foregoing reasons, the defense renews its request to prevent SA Barclay from presenting overview testimony. Her testimony should be restricted to presenting evidence that no other witness can present, such as communications between defendants where no other government witness is a party to the conversation. Allowing her to tell the government's tale from start to finish and to be the mouthpiece for the cooperator and third party witnesses alike violates defendants' rights under the Fifth Amendment

/ / /

Due Process Clause and the Sixth Amendment, and Federal Rules of Evidence 403 and 701.

Dated: October 23, 2026

Respectfully submitted,

/s/
MARK GOLDROSEN
SHAWN HALBERT
Counsel for Andre Jones