CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
FAX: (510) 637-3724
Abraham.fine@usdoj.gov
Molly.priedeman@usdoj.gov
Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, AND<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO. 4:25-cr-0003-YGR<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S FILING RE RULE OF COMPLETENESS** |

Defendants seek to introduce several portions of excerpts of recordings and text messages under the Rule of Completeness. The Ninth Circuit has made clear that "[t]he Rule does not, however, require the introduction of *any* unedited writing or statement merely because an adverse party has introduced an edited version. Rather, it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (internal citation omitted) (emphasis in original). "In other words, if the complete statement does not serve to correct a misleading impression in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement." *Id.*

Defendants should not be permitted to introduce their own hearsay statements under the guise of the Rule of Completeness. Here, most of the additions the defense seeks to introduce do not fit under the Rule. Rather, they are separate segments, often months removed from the text message at issue, or tens of transcript pages removed from the original statement from a recording, and the omission of those portions of the recording does create a misleading impression about the context of the original excerpts. The government discusses each excerpt the defense seeks to supplement in turn below.

**Government Exhibit 987A (Defense Exhibit 5)**: The government has agreed to shorten its proposed excerpt by removing lines 20:16-21:4 from the excerpt it will play (so the excerpt will run from 12:10 – 20:15 of the transcript). The government submits that revision resolves the Rule of Completeness concerns raised to that portion, as the government's excerpt will no longer reference the "$30 million" the defense objects to.

**Government Exhibit 987B (Defense Exhibit 6)**: The government's proposed excerpt is about David Duong asking about the status with the City of Oakland and the parties then discussing Larry Gallegos. The defense's proposed additions do not touch on these subject matters, but rather encompass David Duong and Mario Juarez arguing about money and reimbursements. The defense acknowledges their proposed additions relate to "Juarez's spending of company funds" (not Gallegos or the City of Oakland). Accordingly, the defense's proposed additions do not fall within the Rule of Completeness.

**Government Exhibit 990A (Defense Exhibit 7)**: The government's proposed excerpt discusses Andre Jones' request for money. The defense attempts to introduce portions from several pages earlier

in the transcript regarding Juarez's reimbursement requests, asserting that both excerpts relate broadly to Evolutionary Homes spending money. As with the previous excerpt, the defense's proposed additions are unrelated to Jones' request for additional money. Rather, the defense is attempting to use the Rule of Completeness as a backdoor to introduce hearsay testimony regarding Juarez's reimbursement requests.

**Government Exhibit 998A (Defense Exhibit 8)**: The government's proposed excerpt involves David Duong telling Mario Juarez that Evolutionary Homes should go through the competitive process because they still have a deal and it will make it look better for their co-conspirators. The defense attempts to introduce several segments that come approximately 100 pages later in the transcript, over an hour later than the government's proposed excerpt. Once again, the defense proposed additional excerpts contain discussion regarding Juarez's spending, and do not relate to the government's proposed excerpt.

**Government Exhibit 706A**: This exhibit is an excerpt of Larry Gallegos' and Juarez's text messages, beginning in December of 2022. The defense seeks to add two pages of text messages from January 2022 where Juarez and Gallegos discuss a topic separate from Evolutionary Homes, namely Juarez pitching an investment for luxury housing in the Oakland Hills and the various CEQA requirements for building. Nothing about the omission of this text message, from 11 months before the relevant text messages the government has introduced, creates a misleading impression. The defense is merely attempting to introduce hearsay statements on a separate topic.

**Government Exhibit 692A**: This exhibit is an excerpt from Andy Duong and Juarez's text messages, beginning in April of 2022. The defense seeks to add two pages of text messages from November 2021 where Juarez mentions the modular homes project. The defense suggests omitting this portion gives the misleading impression that "the venture initiated with Andy." The defense does not need to admit this hearsay statement, from five months before the relevant text messages start, to make this point. The defense is perfectly free to cross-examine Juarez on who initiated Evolutionary Homes and if Juarez says something inconsistent with that text message, then the defense can impeach him with that prior statement.

**Government Exhibit 699D**: This exhibit is an excerpt from the Evolutionary Homes group chat, and the defense seeks to also introduce Exhibit 699J (a separate excerpt from the Evolutionary

Homes group chat occurring approximately two months later). The government does not object to the defense introducing Exhibit 699J.

**Government Exhibits 730-733**: This request is now moot because the government agreed to and did introduce all of these exhibits through SA Barclay.

**Government Exhibit 1194**: This exhibit is an email containing the initial House in Box presentation from Mario Juarez. The government has no objection to the defense also introducing Exhibit 1197.

DATED: October 23, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys