CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
abraham.fine@usdoj.gov
molly.priedeman@usdoj.gov
lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br><br>Defendants. | No. 4:25-CR-00003-YGR<br><br>UNITED STATES' MOTION TO LIMIT IMPROPER CROSS EXAMINATION AND IMPROPER IMPEACHMENT |

## I. INTRODUCTION

The United States respectfully submits this motion to address several recurring lines of improper cross-examination. Because these issues risk continued prejudice and jury confusion, the government requests that the Court preclude the improper cross-examination by the defense to prevent further violations of the Federal Rules of Evidence.

During cross-examination of multiple witnesses, including Leigh Hanson, Noah Finneburgh, and Special Agent Barclay, defense counsel attempted to impeach witnesses using methods the Rules of Evidence do not permit. Counsel summarized anticipated testimony from a witness who has not yet testified, referenced prior statements from a witness who has not yet testified, inaccurately characterized statements that are neither in evidence nor admissible, and elicited character evidence wholly unrelated to truthfulness, including asking whether Mario Juarez has a "sick mind." These lines of questioning run afoul of Rules 401, 403, 404, and 613, and constitute improper impeachment.

The government does not seek to restrict proper impeachment concerning bias, motive, credibility, or prior inconsistent statements. Rather, the government requests that defense counsel be required to confine impeachment to methods authorized by the Rules, and refrain from argumentative questioning, hearsay-laden character attacks, and mischaracterizations of the evidence that risk misleading the jury.

## ANALYSIS

### a. The Defense May Not Elicit Through Special Agent Barclay the Substance of Interview Statements by a Witness Who Has Not Yet Testified

Defense counsel asked Special Agent Barclay what Mario Juarez will testify about, and about statements he purportedly made, even though he has not yet testified. *See* Tr. 1381:10-20; Tr. 1356:12-18. These inquiries violate several well-established evidentiary rules.

First, a witness's out-of-court statements are hearsay. Fed. R. Evid. 801(c). Because Mr. Juarez has not yet testified, Rule 801(d)(1) does not apply.

Second, defense counsel also inaccurately characterized Mario Juarez's statements made to law enforcement. Vaguely couched as a question, defense counsel stated that Mr. Juarez "walked in the door of the FBI" and told the FBI "I have a case that you can make against the Mayor and some

prominent local businessmen. It involves bribery. It involves corruption. It involves money." Tr. 1381:15-20. Even if Mr. Juarez had made that statement, it would be inadmissible hearsay. But it is also an inaccurate and inflammatory characterization of Mr. Juarez's statements, and such a statement does not appear in form or substance in any memorandum of interview. As defense counsel is well aware, the government's investigation began over a year before *federal agents* approached Mr. Juarez after he was assaulted and came forward to Oakland Police Department. The government is aware of no statement by Mr. Juarez to the government that he had "a case" for the government to prosecute.

To the extent that defense counsel wants to admit statements made by Mr. Juarez through Special Agent Barclay for impeachment purposes that too would be improper. Impeachment by a prior statement is directed at "the witness's prior statement," and extrinsic evidence of an inconsistency is admissible only if "the witness is given an opportunity to explain or deny it." Fed. R Evid. 613. Mr. Juarez has given no testimony with which any prior statement could be inconsistent, and has had no opportunity to explain or deny anything.

Defense counsel may contend that he intends to offer Mr. Juarez's statements not for their truth, but to show what information Special Agent Barclay had and how the investigation proceeded. The defense may legitimately explore what investigative steps Special Agent Barclay took as part of the FBI's investigation, but should do so without inaccurately characterizing statements made by Mr. Juarez or introducing hearsay statements.

**b. Defendants Should Not Be Permitted to Elicit Impermissible and Inadmissible Character Evidence**

Character-based impeachment is limited to truthfulness. A witness's credibility may be attacked by reputation or opinion testimony only as to the witness's "character for truthfulness or untruthfulness." Fed. R. Evid. 608(a). Evidence of other character traits is inadmissible. Fed. R. Evid. 404(a)(1). That limitation is deliberate. As the Advisory Committee explained, "the inquiry is strictly limited to character for veracity, rather than allowing evidence as to character generally." Fed. R. Evid. 608(a) Advisory Committee Note.

Evidence of any other trait is barred. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or

trait." Fed. R. Evid. 404(a)(1). Evidence of a witness's character may only be admitted as provided in Rule 607, 608, and 609. Fed. R. Evid. 404(a)(3).

During cross-examination, defense counsel has elicited character evidence for Mario Juarez that goes well beyond what is permitted by the Rules of Evidence. For example, during cross-examination of Mr. Finneburgh, defense counsel for Sheng Thao repeatedly asked whether the individual who created the negative mailer, Mario Juarez, had a "sick mind." Tr. 777:7-10; 777:16-18. Whether a person has "sick mind" says nothing about whether that person has a character for truthfulness, rather it asks the jury to infer that Mr. Juarez is a disturbed or bad person, which is precisely the type of general character evidence that rule 608(a) excludes the propensity inference Rule 404(a) forbids.[1] Defense counsel also asked Mr. Finneburgh what his "opinion" was of Mr. Juarez, to which Mr. Finneburgh responded he has been "accused of financial improprieties, and there's just a lot of legal – he's been tied up in a lot of legal cases throughout the years." Tr. 801:17-22. None of that questioning comported with the Rules.

The government requests that defense counsel be precluded from asking any witness to characterize another witness's mental state or character, or their "opinion" of another witness, other than as it relates to character for truthfulness under Rule 608(a), assuming the requisite foundation has been laid.

**c. Defendants Cannot Impeach Witnesses with Agent's Notes or Reports**

Because the witnesses did not read, write, sign, or adopt interview reports written by federal agents, they are not verbatim transcripts of the witness's words and should not be used to impeach witnesses.

Impeachment by prior inconsistent statement requires a prior statement of the *witness*. Fed. R. Evid. 613. An agent's report of an interview is the agent's account, not the witness's statement, unless the witness signed, adopted, or approved the statement. *See Palermo v. United* States, 360 U.S. 343, 350 (1959) (it would be "grossly unfair to allow the defense to use statements to impeach a witness

[1] Defense counsel's questioning was also argumentative and improper because it called for a lay assessment of another person's mental state that was not rationally based on the witness's own perception. Fed. R. Evid. 602, 701.

which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations"); *United States v. Almonte*, 956 F.2d 27, 29 (2nd Cir. 1992)("[I]n the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as prior inconsistent statement unless they are a verbatim transcript of a witness's own words."); *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) ("a witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own."). The issue is one of relevance. As the Second Circuit has explained, if notes reflect only the "summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible." *See Almonte*, 956 F.2d at 29. An apparent inconsistency between a witness's testimony and an agent's summary of their statement may reflect nothing more than the agent's word choice, emphasis, or omissions. Permitting impeachment on that basis would mislead the jury into attributing the agent's words to the witness.

The defendants are not precluded from pursuing proper avenues of impeachment, but they should be required to follow the rules of evidence in doing so. The defense may ask a witness whether they told agents a particular fact. If the witness denies it, the defense may call the agent who prepared the report to testify, from personal knowledge, what the witness said during the interview, subject to the requirements of Rule 613(b). *See Saget*, 991 F.2d at 710 (noting that defendant was able to effectively impeach a witness's statement by questioning the FBI agent about inconsistencies between the witness' testimony at trial and prior oral statements he made to the agent). What the defense may not do is read the agent's report to the jury, or characterize it to the witness, as though it were the witness's own statement. The government therefore requests that the Court preclude the defense from impeaching witnesses with, reading from, or characterizing the agent's notes or reports, as witnesses' statements.

//

//

## II. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court direct defense counsel to comply with the Federal Rules of Evidence and preclude the improper impeachment and cross-examination described above.

DATED: October 24, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

___/s/______________________
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys

**[PROPOSED] ORDER**

For the reasons set forth in the government's motion, defense counsel is ordered to comply with the Federal Rules of Evidence and is ordered not to elicit improper character evidence or engage in improper impeachment.

IT IS SO ORDERED.

DATED: ___________________ ____________________________

YVONNE GONZALEZ ROGERS
Chief United States District Judge