Jeffrey Tsai (SBN 226081)
*jeff.tsai@us.dlapiper.com*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 615-6055

Darryl Louis Tarver (*Admitted pro hac vice*)
*darryl.tarver@us.dlapiper.com*
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4123

*Attorneys for Defendant Sheng Thao*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br><br>Defendants. | Case No. 4:25-CR-3-YGR<br><br>**DEFENDANT SHENG THAO'S JOINDER IN DEFENDANTS' MOTION TO DISMISS REGARDING NAPUE VIOLATIONS (DKT. NO. 499)** |

Defendant Sheng Thao, through her counsel, hereby respectfully joins, in its entirety, Defendants' Motion to Dismiss Regarding Napue Violations (ECF No. 499), and incorporates the facts and law cited therein. Ms. Thao moves to dismiss this case with prejudice for the same reasons set forth in that motion, including the arguments in Sections IV.A through IV.F. See ECF No. 499 at 7–23. Ms. Thao also joins in the alternative request to suppress the covert recordings of the Evolutionary Homes ("EH") board meetings and to strike all evidence derived from those recordings. See id. at 17, 24.

Specifically, the motion establishes that the government's cooperating witness, Mario Juarez, testified falsely regarding (1) the accuracy of the expense reports he submitted to EH for reimbursement; (2) his knowledge of Cecilia Mendez's covert recordings of the EH board meetings; (3) his claim that he "confessed it all" to the Oakland Police Department on May 5, 2024; and (4) the origin and value of his gold chain. See ECF No. 499 at 7–21. The government knew or should have known that this testimony was false, yet failed to correct it, and in some instances objected to defense efforts to expose it. Id. Under Napue v. Illinois, 360 U.S. 264 (1959), and Glossip v. Oklahoma, 604 U.S. 226 (2025), such false testimony is material because it bears directly on Mr. Juarez's credibility, and its cumulative effect violates the Fifth Amendment right to due process and the Sixth Amendment rights to confrontation and to present a complete defense. See ECF No. 499 at 4–7, 22–23. Ms. Thao also joins Section II of the motion, which describes how the government repeatedly declined to pursue impeachment material regarding Mr. Juarez, including his altered expense documents, his electronic devices, and his tax records. See id. at 2–4.

These arguments apply with equal force to Ms. Thao. Mr. Juarez was the government's central witness against Ms. Thao, and his false testimony infected the trial as to every defendant. Ms. Thao further joins Section III of Defendant Andre Jones's Joinder (ECF No. 505), which identifies additional uncorrected false testimony by Mr. Juarez directly concerning Ms. Thao, including his claims that he previously told the government that Ms. Thao was trailing her opponent by 11 percentage points in the fall of 2022, that Ms. Thao and Mr. Jones said they wanted to be millionaires, and that Ms. Thao lobbied City Council Members Carroll Fife and Nikki Fortunato Bas to buy Evolutionary Homes. See ECF No. 505 at 7–9.

Thus, for the same reasons articulated in Defendants' motion, Ms. Thao respectfully requests that the Court dismiss the indictment with prejudice and, in the alternative as to the false testimony concerning the covert EH board recordings, suppress those recordings and strike all evidence and testimony derived from them.

Dated: November 23, 2026

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ *Darryl Louis Tarver*

JEFFREY TSAI
DARRYL LOUIS TARVER (*Admitted pro hac vice*)

*Attorneys for Defendant Sheng Thao*