Edward W. Swanson (SBN 159859)
August P. Gugelmann (SBN 240544)
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9100
Email: ed@smllp.law
Email: august@smllp.law

Neal J. Stephens (SBN 152071)
Jeffrey B. Schenk (SBN 234355)
Thao Donnelly (SBN 355632)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: nstephens@jonesday.com
Email: jbschenk@jonesday.com
Email: tdonnelly@jonesday.com

Attorneys for Defendant
DAVID TRUNG DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, et al.,<br><br>Defendants. | Case No. CR 25-0003 YGR<br><br>**DEFENDANTS' PROPOSED REVISED GOOD FAITH INSTRUCTION** |

Based on the comments from the Court regarding Defendants' proposed good faith instruction, Defendants hereby submit the following revised instruction in both redline and clean copy for the Court's consideration.

DEFENSE'S PROPOSED REVISED JURY INSTRUCTION NO. 56

DISPUTED INSTRUCTION NO. 56

THEORY OF DEFENSE—GOOD FAITH

DEFENSE'S PROPOSED INSTRUCTION

REVISED REDLINE

Any defendant who acted in "good faith" has a complete defense to the charges contained in the indictment because good faith on the part of the defendant is, simply, inconsistent with the criminal intent alleged in the indictment.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statute at issue merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment ~~or an honest error in management~~ does not rise to the level of criminal conduct.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held~~, an absence of malice or ill will,~~ and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case. ~~It is the government's burden to prove to you, beyond a reasonable doubt, that each defendant acted with the required criminal intent, as defined elsewhere in these instructions.~~

~~If the evidence in the case leaves the jury with a reasonable doubt as to whether any defendant acted with the required criminal intent, the jury must acquit that defendant.~~

THEORY OF DEFENSE—GOOD FAITH

DEFENSE'S PROPOSED INSTRUCTION

REVISED CLEAN

Any defendant who acted in "good faith" has a complete defense to the charges contained in the indictment because good faith on the part of the defendant is, simply, inconsistent with the criminal intent alleged in the indictment.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statute at issue merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment does not rise to the level of criminal conduct.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case.

DEFENSE'S ARGUMENT AND AUTHORITY:

The Defendants have a constitutional right to present their theory of defense. In *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), the Court held that the Due Process Clause of the Fifth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment guarantee defendants a meaningful opportunity to present a complete defense. In the Ninth Circuit, defendants are entitled to a jury instruction on their theory of defense where "the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, or of doubtful credibility." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007); *Bradley v. Duncan*, 315 F.3d 1091, 1099 (9th Cir. 2002) (holding that the right to a complete defense extends to legal theories and provides a right to a jury instruction which allows the jury to consider the defense).

The defendants' proposed good faith instruction is taken from Devitt and Blackmar's model jury instructions, as referenced in the Court's Standing Order. See 1A Fed. Jury Prac. & Instr. § 19:06 (6th ed.) (The good faith defense—Explained); Judge Yvonne Gonzalez Rogers' Standing Order in Criminal Cases, ¶ 7 (Jury Instructions).

Good faith instructions have been upheld in the Second, Fourth, Fifth, Sixth, Eighth, and Tenth Circuits for honest services mail and wire fraud charges. See *United States v. Hamilton*, 3 F. App'x 7, 10 (2d Cir. 2001) ("The district court also properly charged the jury on the good faith defense to mail fraud and wire fraud."); *S. Atl. Ltd. P'ship of Tennessee, L.P. v. Riese*, 284 F.3d 518, 531–32 (4th Cir. 2002) (upholding the instruction "[g]ood faith means the defendant had a genuine belief that the information which was sent or given was true," because "good faith is an absolute defense to mail fraud"); *United States v. Beebe*, 792 F.2d 1363, 1368 (5th Cir. 1986) ("[A]n accused is ordinarily entitled to a good faith defense instruction when intent to defraud is an element of the offense charged and the defense is fairly raised by the evidence."); *United States v. Hawkins*, 787 F. App'x 870, 874 (6th Cir. 2019) (upholding the use of the Sixth Circuit's pattern good-faith instruction as a defense to mail fraud); *United States v. Casperson*, 773 F.2d 216, 222 (8th Cir. 1985) (holding that the failure to give a good faith instruction for mail and wire fraud was not harmless error because the court "fail[ed] to draw the jury's attention to appellants' theory of defense" given the complexity of the evidence, including multiple defendants and numerous charges); *Steiger v. United States*, 373 F.2d 133, 136 (10th Cir. 1967) (granting a new trial because the trial court had refused to give a good faith instruction for a mail fraud charge even though the court "did give general instructions" on the intent elements, because "none of the instructions … clearly and fully submitted the defense of good faith").

Though the Ninth Circuit does not require good faith instructions provided that the jury is clearly instructed on intent, it also does not prohibit them. See, e.g., *United States v. Frega*, 179 F.3d 793, 804 (9th Cir. 1999); *United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir. 1987).

Here, a good faith instruction is necessary to ensure that the jury fairly considers the theory of defense because good faith is a complete defense to the charges contained in the

indictment. *See Bradley*, 315 F.3d at 1099. Given the various intent definitions scattered across a large volume of instructions, there is a risk that the jury will not consider a good faith defense unless they are presented with a separate instruction. *Steiger*, 373 F.2d at 136 (granting a new trial where the court gave general instructions on intent but failed to "clearly and fully submit[] the defense of good faith"). Moreover, the volume and complexity of the evidence suggests that the jury's attention should be expressly drawn to the defendants' theory of defense through a standalone instruction. *Casperson*, 773 F.2d at 222 (reversing for failure to "draw the jury's attention to appellants' theory of defense"). Nearly every act the government charges in the indictment is the kind of conduct that politicians and businesspeople engage in lawfully every day, such as campaigning for political office, political appointments, and contracts with the city government. This is a case where the defendants' good-faith defense is "legally sound and the evidence … makes it applicable," necessitating a good-faith instruction. *See Kayser*, 488 F.3d at 1076.

GOVERNMENT'S ARGUMENT AND AUTHORITY:

Defendants' proposed good-faith instruction is unnecessary because the proposed instructions already require the government to prove the requisite intent for each charged offense. *See United States v. Frega*, 179 F.3d 793, 804 (9th Cir. 1999) (holding that good faith defense instruction was unnecessary where the jury is clearly instructed as to the "specific intent" of the crime."); *United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009) (holding no good faith instruction needed when jury properly instructed on the requisite intent in a fraud case).

Defendants' proposed instruction also risks confusing the jury by purporting to define good faith to include an "absence of malice or ill will" and an "intention to avoid taking unfair advantage of another." Neither is an element of the charged offenses, and these definitions are inconsistent with actual intent requirement, and veer into argument. Because the other proposed instructions adequately address the required criminal intent, Defendants' additional good-faith instruction should not be given.

Dated: November 23, 2026

Respectfully submitted,

By: *I/s/ Neal J. Stephens*

Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP

Neal J. Stephens
Jeffrey B. Schenk
Thao Donnelly
JONES DAY

Attorneys for David Trung Duong

NAI-5019993295v1