CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
Abraham.Fine@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG<br><br>Defendants. | Case No. 25-CR-00003 YGR<br><br>UNITED STATES RESPONSE TO DEFENDANT ANDRE JONES'S MOTION FOR JURY INSTRUCTION REGARDING REVIEW OF LAPTOP |

The government provides this response to Defendant Andre Jones's request for an unusual jury instruction regarding the testimony of Special Agent Katherine Barclay.

Jones's motion on this issue does not propose specific language, but asks that the Court order that the jury be instructed "that the laptop computer attributed to Mr. Jones by SA Barclay (that SA Barclay described searching and on which she reviewed materials relating to Kearns & West) was in fact the laptop computer issued to Andre Jones by Kearns & West in his capacity as Senior Director at Kearns & West." Dkt. 509. The government objects to this instruction as unsupported by any case law, as a recitation of facts that the defendant Jones did not adduce at trial, and as based on an unsupported

allegation that the search of these devices exceeded the warrant's authority.

Contrary to Jones's allegations, SA Barclay's testimony on this topic was brief, accurate, and appropriate. She testified that she reviewed reports from the search of Jones's laptop computer and phone, and that from those reports she saw evidence that Jones did work for a company called Kearns & West. Tr. Vol. 6, 1217-1219.

SA Barclay reviewed only the reports of privileged-screened and seized materials from the laptop and phone—contrary to the suggestions in Jones's motion that she performed an unauthorized review or search of the devices. Those reports, containing the materials lawfully seized from Jones's phone (identified in FBI records as 1B8) and laptop (1B13) pursuant to the valid search warrants, were produced to the defense during discovery in this case. Specifically, the reports SA Barclay reviewed were produced on Nov. 17, 2025 (for 1B13, with assigned Bates No. OAK-0156705) and Dec. 16, 2025 (for 1B8, with assigned Bates No. OAK-0159541).

As shown in the minimized reports already provided to Jones's counsel, there were a handful of instant messages on his phone (and possibly other documents) that reflected Jones reaching out to politicians in his capacity as a representative of Kearns & West. From the report of the seized materials from the laptop, there were about 47 emails to and from Jones's Kearns & West email account regarding issues of, among others, contact with local and state government bodies and public officials. SA Barclay was not aware that the laptop was "issued" to Jones by Kearns & West, but she was also not asked that question on cross examination by Jones's counsel.

Regardless of whether the laptop was Jones's Kearns & West laptop, agents were authorized by the warrant to seize and search it. Included in the Attachment B to the warrant (attached to Jones's motion Dkt. 509 and filed under seal) was the category "1. Evidence, records, or communications related to any state or local government body or public official." Exh. 2 to Dkt. 509 at 7. SA Barclay reviewed only seized and minimized reports from the search of this device (and the phone), and therefore her testimony on this topic was appropriate.[1] In any event, the fact that Jones was working for

[1] The June 24, 2024 email referenced in Jones's motion, regarding his termination and request for the return of a laptop, was not reviewed by agents conducting the search warrant review, as the laptop was seized on June 20, 2024, four days before the date of the referenced email.

Kearns & West during parts of 2022, 2023, and 2024 was not in dispute in the case.

For these reasons, the premise of Jones's request for an extraordinary instruction regarding the laptop, and an instruction that the laptop "was in fact issued to Andre Jones by Kearns & West in his capacity as Senior Director at Kearns & West," should be denied.

DATED: November 24, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorney