United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
SHENG THAO, ET AL.,
Defendants.

**TRIAL ORDER NO. 4 RE DISPUTED JURY INSTRUCTIONS**

Case No. 25-cr-003-YGR-1
Case No. 25-cr-003-YGR-2
Case No. 25-cr-003-YGR-3
Case No. 25-cr-003-YGR-4

The Court has reviewed and considered the parties' joint proposed jury instructions (Dkt. No. 318) and defendants' proposed supplemental instructions and related briefs. (Dkt. Nos. 449, 464, 481, 509,[1] 510, 513, 516.) Having carefully considered the briefings and arguments submitted, and for the reasons set forth below and more fully on the record at the charging conferences on October 30, 2026 and November 23, 2026, the Court rules as follows regarding the disputed instructions.[2]

The Court's decisions are reflected in the current version of the instructions, attached hereto as Exhibit A.[3] Parties are instructed to provide the Court with any minor corrections by

---

[1] Andre Jones's motion for a jury instruction re Special Agent Barclay's review of Jones's Kearns & West laptop computer (Dkt. No. 509) is **DENIED**. The Court will not instruct on a factual issue that Jones did not adduce at trial nor inquire into during his cross examination of Special Agent Barclay. That the laptop taken from Andre Jones was issued by Kearns & West does not necessarily mean, as Jones argues, that he did not have or could not have had personal information thereon. This is an issue of argument, not instruction.

[2] At the conference on November 23, 2026, the government **WITHDREW** its proposed modification to Stipulated Instruction No. 19. (Dkt. No. 471.) Defendants also did not submit alternative proposed instructions by the deadline the Court imposed. Accordingly, Stipulated Instruction No. 19 will not be given.

[3] During the November 23, 2026 conference, the parties emailed modified language for

Friday, **November 27, 2026 at 10:00 a.m**. The version presented to the jury will not contain headers. They are included in this version for the parties' convenience. All arguments on substantive topics have been preserved.

With respect to some of the defendants' requests, they are duplicative and unnecessary. "A defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told." *United States v. Shen Zhen New World I LLC*, 115 F.4th 1167, 1180 (9th Cir. 2024) (quoting *United States v. Kaplan*, 836 F.3d 1199, 1215 (9th Cir. 2016)).

**Disputed Instruction No. 18**

Defendants' request for an instruction regarding statements by defendant or codefendant is **DENIED**. This standard instruction relates to the voluntariness of a confession and/or statement which is not at issue in this case. Other instructions address the jury's consideration of a defendant's statements.

**Modified Instruction No. 20**

Defendants' proposed modified Instruction No. 20 filed at Dkt. No. 510 is **DENIED** as improperly argumentative. The comments to Ninth Circuit Model Jury Instruction 3.8 indicate that an instruction regarding impeachment evidence is appropriate to limit the use of Rule 608 and 609 evidence, not to highlight or endorse a party's view of evidence it believes undermines a witness's credibility.

**Disputed Instruction Nos. 36 and 52**

The Court **GRANTS** the government's proposed "on or about" language, and defendants' objections and proposal are **OVERRULED**.

The indictment alleges that certain offenses began "on an unknown date" that may have preceded October 7, 2022, but "no later than" that date, whereas the proposed instruction provides that the defendants are charged with offenses beginning "on or about October 7, 2022." This slight change does not constructively amend the indictment or expand the bases on which the jury may

---

Stipulated Instructions No. 21 to the Court, which is incorporated into Exhibit A.

convict, and the beginning and end dates are not material elements of the charged offenses. *See United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000) (finding that government need prove only that the charged conduct occurred reasonably near the date alleged in the indictment); *cf. United States v. Blessett*, 2022 WL 1078096, at *3 (9th Cir. 2022) (holding that jury instructions impermissibly amended indictment charges for possession of child porn by incorporating an additional means of proving an interstate commerce nexus that was not captured in the indictment.); *Stirone v. United States*, 361 U.S. 212, 218 (1960) (deciding a trial court erred in allowing jury to convict defendant on a charge the grand jury never made against him). Defendants have not provided the Court with any authority addressing the distinction in language. That it may be different than what is common does not itself create a variance.

**Disputed Instruction No. 42**

*First*, defendants' request to add unanimity to the instruction to the elements for accepting a bribe is **Denied**. Generally, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Richardson v. United States*, 526 U.S. 813, 817 (1999). A specific unanimity instruction is required when there is a "potential of jury confusion when the facts could permit multiple ways of satisfying not only a single element of a charged crime, but could permit finding entirely separate offenses directed at different victims, different times, etc." *United States v. Hofus*, 598 F.3d 1171, 1177 n.3 (9th Cir. 2010). A specific unanimity instruction is also required when there is "a discrepancy between the evidence and the indictment." *United States v. Castro*, 887 F.2d 988, 993 (9th Cir. 1989). Neither are the case here. In the context of bribery or theft, "[w]hen the government argues that the defendant employed several means to accomplish a criminal act . . . a general unanimity instruction may be sufficient." *United States v. Morsette*, 653 F.App'x 499, 503 (9th Cir. 2016). Jurors do not need to "agree upon a single means of commission" of the bribery if the government "did not charge each improper transaction as a separate crime." *Id.*

*Second*, defendants' request for an "official act" instruction is **Denied**. Convictions under Section 666 do not require the defendant to be engaged in an "official act." *See United States v.*

*Garrido*, 713 F.3d 985, 989 (9th Cir. 2013) ("We affirm Robles's bribery convictions under 18 U.S.C. § 666 because such convictions do not require the defendant to be engaged in an official act."); *see also U.S. v. Donovan* 126 F.4th 17, 39 (1st Cir. 2025) ("The Supreme Court has not squarely addressed whether § 666 bribery requires an official act, but every court of appeals to have considered the issue has determined that it does not.").

*Third*, defendants' request to define "anything of value" is **GRANTED.** The separate definition of "anything of value" ensures jurors are not confused as to the thing(s) of value at issue here. *See United States v. Choi*, 309 F.3d 602, 607 (9th Cir. 2002) ("It is recommended that the instruction specifically describe the thing of value just as it is described in the indictment to avoid a variance."). The government's request to remove the dollar amount of the "payments made to Andre Jones" and "negative mailer campaign" and remove "the promise of additional payments" language is **GRANTED**. Removing this language will avoid incorrectly imposing a requirement that the jury must find the exact dollar amount of the "thing of value" or exclusively all three items of value.

*Fourth*, the government's request for instruction of liability under a theory of aiding and abetting is **GRANTED.** Such language is necessary to make clear to the jury the basis on which the jury can find Jones guilty of Count Two and avoids incorrectly suggesting that they must find that Jones himself was a City agent or personally committed each element.

**<u>Disputed Instruction No. 43</u>**

For the reasons given under Disputed Instruction No. 42 regarding unanimity, the government's requested instruction regarding the elements of paying a bribe is **GRANTED** and defendants' requested instruction is **DENIED**.

**<u>Disputed Instruction No. 40</u>**

The Court **GRANTS IN PART** defendants' request to separately define "corruptly." The instruction itself defines the necessary act. That said, Ninth Circuit law has provided more clarity which will be useful to the jury. The Court disagrees that the government is required to prove that to act "corruptly" under Section 666 is to act with "evil or wicked purpose," as that language is too subjective and argumentative to be useful to a jury. *See Garrido*, 713 F.3d at 1001-02 (9th Cir.

United States District Court
Northern District of California

2013); *Martinez de Ryan v. Whitaker*, 909 F.3d 247, 250 (9th Cir. 2018); *see also United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013).

**Disputed Instruction No. 46**

The Court **Denies** defendants' request to add an "official act" requirement to the Court's *quid pro quo* instruction. As indicated above, Section 666 does not impose an "official act" requirement. Additionally, Instruction No. 42 already contains the "essential elements of a quid pro quo." *See U.S. v. Ridley-Thomas*, Case No. 23-2200, 2026 WL 3385673, at *11 (9th Cir. 2026); *see also United States v. Shen Zhen*, 115 F.4th at 1179 (noting that Section 666 "does not require a jury to find a specific *quid pro quo*") (quoting *Garrido*, 713 F.3d at 996).

**Disputed Instruction No. 47**

For the reasons given under Disputed Instruction No. 42 regarding unanimity, the government's requested instruction regarding the elements of conspiracy to commit bribery is **Granted** and defendants' requested instruction is **Denied**. In the context of conspiracy, jurors "need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy." *United States v. Gonzalez*, 786 F.3d 714, 718–19 (9th Cir. 2015); *accord United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015).

**Disputed Instruction No. 48**

*First*, for the reasons given under Disputed Instruction No. 42 regarding unanimity, defendants' request for a unanimity instruction as to the particular official act is **Denied**.

*Second,* defendants' request for an instruction regarding a defendant's act being material to influencing another person's or entity's acts is **Granted**. The government's cited case, *United States v. Ridley-Thomas*, does not suggest that the scheme itself is material to influencing another person's or entity's acts. Instead, *Ridley-Thomas* holds that "the Government was required to prove that [defendant] devised or knowingly participated in a scheme or plan to deprive the residents . . . of their right of honest services" and "Defendant acted with the intent to defraud." 2026 WL 3385673, at *7, *10. Defendants' actions are material to influencing others, not the scheme itself.

*Third,* defendants' request for an instruction regarding fiduciary duty is **Denied**. *See* the

United States District Court
Northern District of California

Court's decision on Disputed Instruction No. 50.

*Fourth*, the government's request for an instruction regarding the definition of bribery is **GRANTED**, while defendants' proposed instruction on the same topic is **DENIED**. The government is correct that "bribery requires the specific intent to give or receive something of value *in exchange* for an official act." *Shen Zhen*, 115 F.4th at 1177. However, the "jury may consider both direct and circumstantial evidence, including the context in which a conversation took place, to determine if there was a meeting of the minds on a *quid pro quo*." *United States v. Inunza*, 638 F.3d 1006, 1013–14 (9th Cir. 2011) (citing *United States v. Carpenter*, 961 F.2d 824, 829 (9th Cir. 1992)). Specifically, an agreement to commit honest services fraud "need not be explicit, and the public official need not specify the means that [s]he will use to perform [her] end of the bargain." *Shen Zhen*, 115 F.4th at 1177 (quoting directly from *McDonnell v. United States*, 579 U.S. 550, 572 (2016)).[4] "The bribe-taking official need not [even] 'intend to perform the "official act," so long as [s]he *agrees* to do so." *Shen Zhen*, 115 F.4th at 1177 (quoting another case) (emphasis supplied). The government's requested instruction properly incorporates and matches all of these key rules. In contrast, defendants' proposed instruction does not cover the scenario where an official merely *agrees* to perform an official act.

*Fifth*, the government's request for an instruction regarding proof of participants' personal benefit in a bribery scheme is **GRANTED**. If the government only needs to prove that defendants agreed to perform an official act, it follows logically that the government does not need to prove that the defendants benefited from their participation in the scheme.

**<u>Disputed Instruction No. 50</u>**

The government's request for an instruction regarding public officials' fiduciary duty is **GRANTED**. "Honest services mail and wire fraud cases rely on the idea that a public official acts as trustee for the citizens and the State . . . and thus owes the normal fiduciary duties of a trustee, e.g., honesty and loyalty to them." *Garrido*, 713 F.3d at 992 (citing *United States v. Kincaid-*

---

[4] *See* the Court's analysis of Supplemental Instruction No. 1 on page 11 of this Order for specific directions regarding the alleged *quid pro quo* agreement for the negative mailers.

*Chauncey*, 556 F.3d 923, 939 (9th Cir. 2009)) (internal punctuation omitted).

In this case, the government alleges that Sheng Thao violated her fiduciary duty as Mayor of Oakland by agreeing to a bribe in return for actions favorable to defendants David Duong and Andy Duong. Instruction No. 50 is therefore relevant to this allegation.

**Disputed Instruction No. 37**

The government's request to add instructions regarding knowledge of and association with other conspirators is **GRANTED**. The government's requested instruction adds important, relevant guidelines for jurors to consider regarding conspiracy charges that, contrary to defendants' argument, are not found in Instruction No. 47.

*First*, a person may be a member of a conspiracy even though the person does not know all of the purposes of or participants in the conspiracy. *United States v. Escalante*, 637 F.2d 1197, 1200 (9th Cir. 1980); *United States v. Kearney*, 560 F.2d 1358, 1362 (9th Cir. 1977).

*Second*, a single conspiracy can be established even though it took place during a long period of time during which new members joined and old members dropped out. *United States v. Green,* 523 F.2d 229, 233 (2d Cir. 1975); *see also United States v. Perry*, 550 F.2d 524, 533 (9th Cir. 1997) (holding that the law of conspiracy does not require the government "to prove that all of the defendants met together at the same time and ratified the illegal scheme"); *United States v. Thomas*, 586 F.2d 123, 132 (9th Cir. 1978) (finding that proof that defendant "knew he was plotting in concert with others to violate the law was sufficient to raise the necessary inference that he joined in the overall agreement").

*Third*, to prove a conspiracy, "the evidence must show that 'each defendant knew, or had reason to know, that [their] benefits were probably dependent upon the success of the entire operation.'" *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999) (quoting *Kearney*, 560 F.2d at 1362).

**Disputed Instruction No. 41**

Defendants' request for an instruction regarding intent to defraud is **DENIED**. "In the context of traditional wire fraud, the jury must be instructed on defendant's intent 'to deceive *and* cheat,' rather than an intent 'to deceive *or* cheat,'" or, in other words, "'to deprive the victim of



United States District Court
Northern District of California

money or property by means of deception.'" *Ridley-Thomas*, 2026 WL 3385673, at *10 (quoting another case) (emphasis in original). However, "[w]hen an official [acts] with the intent to defraud . . . the public is deprived of its right to honest services," not money or property. *Kincaid-Chauncey*, 556 F.3d at 944–45. Here, the typical wire fraud instruction is not applicable. *Ridley-Thomas*, 2026 WL 3385673, at *11.

**Disputed Instruction No. 53**

As indicated on the record, defendants withdrew their objection to the government's requested instruction on aiding and abetting. (*See* Trial Tr. at 2536:17–2537:5.) The government's requested instruction is therefore **GRANTED**.

**Disputed Instruction No. 54**

Defendants' request for a mere ingratiation instruction is largely **DENIED** as duplicative but granted in limited measure. The Ninth Circuit has repeatedly affirmed that such instruction is unnecessary where the instructions already require the jury to find that the defendant acted corruptly and with the requisite intent. See *Ridley-Thomas*, 2026 WL 3385673, at *11 (gratuity instruction unnecessary because the district court "directed the jury to find *quid pro quo* bribery as an element of honest services fraud"); *Shen Zhen*, 115 F.4th at 1181 (defendant "not entitled to further instruction on ingratiation" because the "jury was already instructed on each substantive count that it had to find the requisite intent to influence an official action through the exchange of benefits, beyond general goodwill-building or ingratiation").

Nonetheless, here in defining bribery, the Court will add the contrast with a gratuity by including the following: "Further, as used throughout these instructions, a bribe is not a gratuity. Rather a gratuity may be given as a token of appreciation after the official act or after the decision on an official act."

**Disputed Instruction No. 55**

Defendants' request for a non-disclosure of conflict of interest instruction is **DENIED.** The instruction is not necessary. The evidence on this topic only relates to notice and knowledge and is circumstantial evidence on intent. The government has not pursued an undisclosed self-dealing theory of honest services fraud, which is prohibited by *Skilling v. United States*, 561 U.S. 358, 409

(2010). Thus, this case is distinguishable from *Garrido*, where the "indictment, the jury instructions, and the closing arguments at trial were permeated with the prohibited failure to disclose theory." 713 F.3d at 998. There is no risk that the jury will convict on the prohibited theory here. If arguments change the circumstances, the Court can always provide a supplemental instruction.

**Disputed Instruction No. 56**

Defendants' request and supplemental request for a good-faith instruction is **DENIED**. The Ninth Circuit has repeatedly held that such an instruction is not required "when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged," as the Court intends to instruct here. *See United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009) (quoting *United States v. Shipsey,* 363 F.3d 962, 967 (9th Cir. 2004)); *United States v. Frega*, 179 F.3d 793, 804 (9th Cir. 1999) ("However, since the district court provided adequate instructions on the specific intent element of mail fraud, no good faith defense instruction was required."); *United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir. 1987) ("We have held that the failure to give an instruction on a 'good faith' defense is not fatal so long as the court clearly instructed the jury as to the necessity of 'specific intent' as an element of a crime."). The evidence presented at trial also has not clearly established a theory of good faith that would warrant this instruction over and above the substantive instructions which are already being given. Rather, the instructions as drafted create confusion, and defendants' revised proposal filed at Dkt. No. 513 does not resolve that issue.

**Disputed Instruction No. 57**

Defendants' request for a mere association instruction is **GRANTED IN PART**. The request is largely duplicative of instructions that will be given. *See* Instruction Nos. 47, 52 ("It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. . . . [O]ne who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator."). However, the Court will add a clause regarding mere presence at the place where the crime occurs, which is not otherwise reflected.

**Disputed Instruction No. 58**

The government's requested instruction on liability for substantive offenses committed by co-conspirators is GRANTED. Under *Pinkerton*, "all co-conspirators" are "criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy they have joined, whether they were aware of them or not." *United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2008). Additionally, conspirators "may be convicted on the Pinkerton theory without a specific allegation that a coconspirator committed the offense in furtherance of the conspiracy." *United States v. Roselli*, 432 F.2d 879, 895 (9th Cir. 1970); *accord United States v. Murray*, 492 F.2d 178, 187 (9th Cir. 1973) (same). In such cases, "implying a *Pinkerton* theory" in a *Pinkerton* "jury instruction" does not "broaden[] the indictment or adversely affect[]" a defendant's rights. *United States v. Armstrong*, 909 F.2d 1238, 1242 (9th Cir. 1990). This is because "defendants . . . charged with conspiracy . . . were on notice that a *Pinkerton* theory of liability could be used for substantive offenses," regardless of whether the indictment "include[s] a specific *Pinkerton* allegation to provide adequate notice." *United States v. Walton*, Case No. 17-50254, 2021 WL 3615426, at *2 (9th Cir. 2021); *accord United States v. Bozarth*, 736 F.App'x 161, 162 (9th Cir. 2018) (same).

Thus, the government's proposed instruction, which is identical to Ninth Circuit Model Jury Instruction No. 11.6, is approved.

**Disputed Instruction No. 59**

The government's request to instruct on vicarious liability in a scheme to defraud is GRANTED. The Ninth Circuit has held that there is no error in giving this instruction where the trial court also correctly instructs on a scheme to defraud under 18 U.S.C. Sections 1341 and 1343, as is the case here. *See United States v. Stapleton*, 293 F.3d 1111, 1115-18 (9th Cir. 2002). This instruction is necessary and distinct from *Pinkerton* liability because it "does not require proof of a conspiracy." *See id.* at 1120.

**Disputed Instruction No. 60**

For the reasons given under Disputed Instruction No. 42 regarding unanimity, the government's requested instruction regarding the elements of making a false statement to a

government agency is **GRANTED** and defendants' requested instruction is **DENIED**.

**Disputed Instruction No. 38**

Defendants **WITHDREW** their request for a separate instruction on the definition of "willfully" at the conference. (*See* Trial Tr. at 2539:4–5.)

**Defense's Disputed Supplemental Instruction No. 1**

The Court **GRANTS IN PART** and **DENIES IN PART** defendants' request to add an explicit *quid pro quo* requirement for the negative mailers. *McCormick v. United States*, 500 U.S. 257 (1991) applies to the mailers at issue here. The government has consistently characterized the financing of the mailers as contributions in support of Thao's mayoral campaign. Whether the financing was concealed or not does not bear on the applicability of *McCormick*, which sought to distinguish legal and illegal political campaign contributions.

*McCormick* held a jury may convict an elected official for receipt of campaign contributions "only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act." *Id.* at 272. Accordingly, the Ninth Circuit has held that an illegal *quid pro quo* in the political contribution context must be "clear and unambiguous, leaving no uncertainty about the terms of the bargain." *Carpenter*, 961 F.2d at 827. However, the understanding "need not be verbally explicit," and the "jury may consider both direct and circumstantial evidence." *Id.*; *see also Evans v. United States*, 504 U.S. 255, 274 (1992) (Kennedy, J., concurring) ("The official and the payor need not state the *quid pro quo* in express terms . . . .").

Accordingly, the Court will instruct the jury as follows:

> With respect to the negative mailers specifically, t~~T~~he government has alleged that David Duong and Andy Duong paid for those negative mailers targeting Sheng Thao's opponents in the mayoral election. Campaign-related political spending is constitutionally protected under the First Amendment. Citizens have a constitutional right to fund both positive and negative campaign advertisements on behalf of a candidate, including if they believe that candidate or her policies will benefit them in the future. ~~That spending~~ Spending on these mailers can become an unlawful bribe only if the payments are made in return for a clear and unambiguous ~~an explicit~~ promise or undertaking by the official to perform or not perform an official act, though the understanding need not be verbally explicit. ~~In other words, the donor~~



United States District Court
Northern District of California

United States District Court
Northern District of California

> ~~must act with the intent to effect a *quid pro quo*. A generalized expectation of future favorable action is not sufficient for a *quid pro quo*; rather, there must be an explicit promise or undertaking by the official.~~

**<u>Defense's Disputed Supplemental Instruction No. 2</u>**

Defendants' request for an instruction that the jury cannot infer consciousness of guilt from use of Signal is **DENIED**. Flight instructions are typically given to permit inference of consciousness of guilt from flight or concealment where there is a clear evidentiary basis for that chain of reasoning. *United States v. Silverman*, 861 F.2d 571, 581 (9th Cir. 1988). However, Ninth Circuit Model Jury Instruction 3.18 "generally recommends against giving specific inference instructions in areas such as flight or concealment of identity because the general instruction on direct and circumstantial evidence is sufficient." Moreover, none of defendants' authorities endorse an affirmative instruction that use of Signal or similar applications can be consistent with innocence.

**<u>Defense's Disputed Supplemental Instruction No. 3</u>**

As explained more fully on the record at the conference on November 23, 2026, defendants' proposed *Napue* and *Brady* instructions are **DENIED**. The Court has deferred ruling on defendants' motion to dismiss filed at Dkt. No. 499 until after trial, if necessary.[5] Accordingly, the Court will not effectively decide the motion in defendants' favor via its jury instruction.

**IT IS SO ORDERED.**

Dated: November 24, 2026

**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] However, the Court notes here that defendants' perfunctory request to suppress the tape recordings of the Evolutionary Homes board meetings and strike any evidence and testimony derived from or related to those recordings is **DENIED**.