# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br>v.<br><br>**SHENG THAO, ET AL.,**<br><br>Defendants. | Case No. 4:25-cr-003-YGR-1<br>Case No. 4:25-cr-003-YGR-2<br>Case No. 4:25-cr-003-YGR-3<br>Case No. 4:25-cr-003-YGR-4<br><br>**JURY INSTRUCTIONS** |

The Court attaches hereto the jury instructions, which were used to instruct the jury orally on ____, 2026.

Dated:

______________________________

**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

[STIPULATED INSTRUCTION NO. 25]
[DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW]

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

[STIPULATED INSTRUCTION NO. 26]
[CHARGE AGAINST DEFENDANT NOT EVIDENCE—
PRESUMPTION OF INNOCENCE—BURDEN OF PROOF]

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

[STIPULATED INSTRUCTION NO. 27]
[DEFENDANT'S DECISION NOT TO TESTIFY]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

[STIPULATED INSTRUCTION NO. 29]
[REASONABLE DOUBT—DEFINED]

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendants are guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants not

DRAFT

guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants guilty.

[STIPULATED INSTRUCTION NO. 30]
[WHAT IS EVIDENCE]

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and
Second, the exhibits received in evidence; and
Third, any facts to which the parties have agreed.

[STIPULATED INSTRUCTION NO. 31]
[WHAT IS NOT EVIDENCE]

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[STIPULATED INSTRUCTION NO. 32]
[DIRECT AND CIRCUMSTANTIAL EVIDENCE]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

DRAFT

[STIPULATED INSTRUCTION NO. 33]
[CREDIBILITY OF WITNESSES]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;
Second, the witness's memory;
Third, the witness's manner while testifying;
Fourth, the witness's interest in the outcome of the case, if any;
Fifth, the witness's bias or prejudice, if any;
Sixth, whether other evidence contradicted the witness's testimony;
Seventh, the reasonableness of the witness's testimony in light of all the evidence; and
Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

[STIPULATED INSTRUCTION NO. 63]
[USE OF NOTES]

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.



DRAFT

[STIPULATED INSTRUCTION NO. 64]
[JURY CONSIDERATION OF PUNISHMENT]

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

[STIPULATED INSTRUCTION NO. 34]
[ACTIVITIES NOT CHARGED]

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged.

[STIPULATED INSTRUCTION NO. 21]
[TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA]

You have heard testimony from Mario Juarez and Bryan Azevedo, witnesses who pleaded guilty to crimes arising out of the same events for which the defendants are on trial. The guilty pleas are not evidence against the defendants, and you may consider them only in determining the witnesses' believability.

You have heard testimony from Cecelia Mendez, a witness who received immunity. That testimony was given after the government sought and the Court granted an order that her testimony will not be used in any case against her.

For this reason, in evaluating the testimony of Mr. Juarez, Mr. Azevedo, and Ms. Mendez, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine their testimony with greater caution than that of other witnesses.

[STIPULATED INSTRUCTION NO. 23]
[CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE]

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

[STIPULATED INSTRUCTION NO. 24]
[CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE]

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.



DRAFT

[STIPULATED INSTRUCTION NO. 35]
[SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS]

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or a specific count.

[DISPUTED INSTRUCTION NO. 36]
[ON OR ABOUT—DEFINED]

The defendants are charged with certain offenses alleging the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

[STIPULATED INSTRUCTION NO. 39]
[KNOWINGLY—DEFINED]

When the phrase "knowingly" appears in these instructions, it means that an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew his or her acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

DRAFT

[DISPUTED INSTRUCTION NO. 42]
[ACCEPTING A BRIBE—ELEMENTS (18 U.S.C. § 666(A)(1)(B))]
**COUNT TWO**

Defendants Sheng Thao and Andre Jones are charged in Count Two with accepting a bribe in violation of Section 666(a)(1)(B) of Title 18 of the United States Code.

For defendant Sheng Thao to be found guilty of Count Two, the government must prove each of the elements beyond a reasonable doubt:

First, the defendant was an agent of the City of Oakland; and

Second, the defendant, for the benefit of any person, corruptly solicited, demanded, accepted, or agreed to accept anything of value from another person; and

Third, the defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the City of Oakland; and

Fourth, the business, transaction, or series of transactions involved something valued at $5,000 or more; and

Fifth, the City of Oakland received more than $10,000 in federal funding during a one-year period.

The term "anything of value" in this case refers to, as alleged, payments made to Andre Jones or a negative mailer campaign in support of Sheng Thao's mayoral campaign.

For defendant Andre Jones to be found guilty of Count Two, the government must prove beyond a reasonable doubt that (i) Andre Jones aided and abetted the offense of accepting a bribe, as explained in the later instruction on Aiding and Abetting, or (ii) a member of the conspiracy committed the crime charged in Count Two and Andre Jones was a member of the conspiracy, as explained in the later instruction on *Pinkerton* Liability.

DRAFT

[DISPUTED INSTRUCTION NO. 43]
[PAYING A BRIBE—ELEMENTS (18 U.S.C. § 666(A)(2))]
**COUNT THREE**

Defendants David Duong and Andy Duong are charged in Count Three with paying, offering, or agreeing to pay a bribe in a violation of Section 666 (a)(2) of Title 18 of the United States Code.

For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant gave, offered, or agreed to give a thing of value to another person; and

Second, the defendant did so corruptly with the intent to influence or reward an agent of the City of Oakland or agency of the City of Oakland in connection with some business, transaction, or series of transactions of the government or government agency; and

Third, this business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

Fourth, the City of Oakland received more than $10,000 in federal funding during a one-year period.

[DISPUTED SUPPLEMENTAL INSTRUCTION NO. 1
[EXPLICIT *QUID PRO QUO* REQUIREMENT]

With respect to the negative mailers specifically, the government has alleged that David Duong and Andy Duong paid for those negative mailers targeting Sheng Thao's opponents in the mayoral election. Campaign-related political spending is constitutionally protected under the First Amendment. Citizens have a constitutional right to fund both positive and negative campaign advertisements on behalf of a candidate, including if they believe that candidate or her policies will benefit them in the future. Spending on these mailers can become an unlawful bribe only if the payments are made in return for a clear and unambiguous promise or undertaking by the official to perform or not perform an official act, though the understanding need not be verbally explicit.

DRAFT

As used in Counts Two and Three:

[STIPULATED INSTRUCTION NO. 44]
[DEFINITION OF "AGENT" (18 U.S.C. § 666)]

1. An "agent" is a person who is authorized to act on behalf of a local government including an employee, officer, or representative.

[STIPULATED INSTRUCTION NO. 45]
[DEFINITION OF "IN ANY ONE-YEAR PERIOD" (18 U.S.C. § 666)]

2. The phrase "in any one-year period,", means a continuous period that commences no earlier than 12 months before the commission of the offense or that ends no later than 12 months after the commission of the offense. Such period may include time both before and after the commission of the offense.

   The government need not prove that any of the Federal benefits in excess of $10,00 received by the local government were misappropriated or otherwise connected to the commission of the offense.

3. The term "corruptly" means the act is performed voluntarily, deliberately, and dishonestly, for the purpose of either accomplishing (i) an unlawful end or result *or* (ii) some otherwise lawful end or lawful result by an unlawful method or means.

DRAFT

DRAFT

[DISPUTED INSTRUCTION NO. 47]
[CONSPIRACY TO COMMIT BRIBERY—ELEMENTS (18 U.S.C. § 371)]
**COUNT ONE**

All defendants are charged in Count One with conspiring to commit bribery in violation of Section 371 of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about October 7, 2022, and continuing through on or about June 20, 2024, there was an agreement between two or more persons to commit the crime of bribery as described in Section 666 (a)(2) of Title 18 the United States Code, paying a bribe, or in Section 666(a)(1)(B) of Title 18 of the United States Code, accepting a bribe;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after about October 7, 2022, for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators.

On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists…
……or merely being present at the place where a crime takes place or is discussed.[1]

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

---

[1] DISPUTED INSTRUCTION NO. 57] [THEORY OF DEFENSE—MERE ASSOCIATION]: <u>DEFENSE'S PROPOSED INSTRUCTION</u>

[DISPUTED INSTRUCTION NO. 48]
[HONEST SERVICES FRAUD—ELEMENTS (18 U.S.C. §§ 1341, 1343)]
**COUNTS FIVE, SIX AND SEVEN**

All defendants are charged in Counts Five, Six and Seven. Count Five alleges mail fraud in violation of Section 1341 of Title 18 of the United States Code. Counts Six and Seven allege wire fraud in violation of Section 1343 of Title 18 of the United States Code. Each alleges a scheme to defraud the City of Oakland or their residents of their right to the honest services.

For the defendants to be found guilty of the mail fraud or wire fraud charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant devised or knowingly participated in a scheme or plan to deprive the City of Oakland or its the residents of their right of honest services;

Second, the scheme or plan consisted of a bribe in exchange for at least one official act by a public official. The "exchange" may be express or may be implied from all the surrounding circumstances;

Third, the public official owed a fiduciary duty to the City of Oakland or its residents;

Fourth, the defendant acted with the intent to defraud by depriving the City of Oakland or its residents of their right of honest services;

Fifth, the public official's act was material; that is, it had a natural tendency to influence, or was capable of influencing, a person's or an entity's acts; and

Sixth, in the case of mail fraud, the defendant used, or caused someone to use, the mails to carry out or to attempt to carry out the scheme or plan; or in the case of wire fraud, that an interstate wire transmission was used in furtherance of the scheme.

Bribery involves an agreement to the exchange of a thing or things of value for one or more official acts by a public official. This is called a "*quid pro quo*" (a Latin phrase meaning "this for that" or "these for those"). Bribery also includes offers and solicitations of things of value in exchange for official acts.

For the payor, bribery includes providing, offering, or agreeing to provide a thing of value to a public official in exchange for an official act. For the public official, bribery includes soliciting, accepting, or agreeing to accept a thing of value in exchange for an official act. The government does not need to prove that the public official performed the official act that was the object of the exchange or genuinely intended to perform it.

The public official and the payor need not state the *quid pro quo* in express terms. Rather, the intent to exchange may be established by circumstantial evidence, including the defendant's words and conduct, and all the surrounding circumstances and the rationale or logical inferences that may be drawn from the evidence.

DRAFT

The government is not required to prove that each participant in the scheme personally benefited.

[STIPULATED INSTRUCTION NO. 49]
[OFFICIAL ACT—DEFINED]

"Official act" means any decision or action on a question, matter, cause, proceeding, or controversy involving the formal exercise of governmental power. The question, matter, cause, proceeding, or controversy must be pending, or be able by law to be brought, before a public official, and the question, matter, cause, proceeding, or controversy must be something specific and focused, rather than a broad policy objective.

The official's decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. The bribe recipient need not be the final decisionmaker.

The government does not need to prove that the official ever actually intended to perform an official act or that the official ever did, in fact, perform an official act, provided that he or she agreed to do so.

Merely arranging a meeting, hosting an event, or giving a speech, do not qualify as the taking of official action.

[DISPUTED INSTRUCTION NO. 50]
[PUBLIC OFFICIAL AND FIDUCIARY DUTY—DEFINED]

A public official, which includes an agent of a local government, or any agency thereof, serves as a trustee for the residents and the local government, and thus owes a fiduciary duty to the residents and the local government.

[STIPULATED INSTRUCTION NO. 51]
[USE OF THE MAILS AND WIRE]

<u>Use of the Mails</u>

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

<u>Use of Wires</u>

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.



DRAFT

[DISPUTED INSTRUCTION NO. 52]
[CONSPIRACY TO COMMIT HONEST SERVICES
MAIL AND WIRE FRAUD—ELEMENTS (18 U.S.C. § 1349)]
**COUNT FOUR**

All defendants are charged in Count Four with conspiring to commit honest services mail fraud and wire fraud in violation of Section 1349 of Title 18 of the United States Code.

For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about October 7, 2022, and continuing through on or about June 20, 2024, there was an agreement between two or more persons to commit honest services mail fraud or wire fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators.

On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists …

…or merely being present at the place where a crime takes place or is discussed.[2]

---

[2] DISPUTED INSTRUCTION NO. 57] [THEORY OF DEFENSE—MERE ASSOCIATION]: DEFENSE'S PROPOSED INSTRUCTION



DRAFT

[DISPUTED INSTRUCTION NO. 37]
[CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS]

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

DRAFT

[STIPULATED INSTRUCTION NO. 53]
[AIDING AND ABETTING (18 U.S.C. § 2(A))]

Under an aiding and abetting theory, a defendant may be found guilty of a crime he or she is charged with, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of a charged crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime charged;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

[DISPUTED INSTRUCTION NO. 58]
[CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (PINKERTON CHARGE)]

Under a *Pinkerton* theory, each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, for the crimes charged in Counts Two, Three, Five, Six, and Seven, you can find any defendant named in the count guilty of the crime charged if the government has proved each of the following elements beyond a reasonable doubt:

First, another person named in the count committed the crime alleged in the count;
Second, the person was a member of the conspiracy charged in Count One or Count Four;
Third, the other person committed the crime in the count in furtherance of the conspiracy;
Fourth, the defendant was a member of the same conspiracy at the time the offense charged in the count was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

[DISPUTED INSTRUCTION NO. 59]
[SCHEME TO DEFRAUD—VICARIOUS LIABILITY]

Under a vicarious liability theory, if you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense charged in Counts Five, Six, or Seven committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

[DISPUTED INSTRUCTION NO. 54]

Further, as used throughout these instructions, a bribe is not a gratuity. Rather a gratuity may be given as a token of appreciation after the official act or after the decision on an official act.

DRAFT

[DISPUTED INSTRUCTION NO. 60]
[FALSE STATEMENT TO GOVERNMENT AGENCY—ELEMENTS (18 U.S.C. § 1001)]
COUNT EIGHT

Defendant Andy Duong is charged in Count Eight with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001(a)(2) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation;

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Fourth, the statement was material to the decisions or activities of the Federal Bureau of Investigation; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

DRAFT

**STOP**

DRAFT

[STIPULATED INSTRUCTION NO. 61]
[DUTY TO DELIBERATE]

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

[STIPULATED INSTRUCTION NO. 62]
[CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

DRAFT

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings , and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

[STIPULATED INSTRUCTION NO. 65]
[VERDICT FORM]

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

[STIPULATED INSTRUCTION NO. 66]
[COMMUNICATION WITH COURT]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

DRAFT